**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; DAYLIN VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; LUSSY VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; OSCAR VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; K.V., by and through her guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; A.V., by and through his guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; and JOSE VASQUEZ LOPEZ, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:24-cv-02421-FLA-JDE<br><br>*Hon. Fernando L. Aenlle-Rocha*<br>*Hon. Mag. Judge John D. Early*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br>Date:   March 7, 2025<br>Time:   1:00 p.m.<br>Crtrm: 6B<br><br>**Complaint (with Demand for Jury Trial) Filed**: November 6, 2024<br>**Responsive Pleading Filed**: December 27, 2024<br>**Trial (Proposed)**: July 13, 2026 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's October 24, 2024 Order setting the Scheduling Conference (Dkt. 14), the early meeting of counsel has been conducted between counsel for Plaintiffs and counsel for Defendant City of Los Angeles. The early meeting of counsel took place via telephone on February 12, 2025, and was attended by Benjamin Levine of the Law Offices of Dale K. Galipo, counsel for Plaintiffs, and Christian Bojorquez of the Office of the Los Angeles City Attorney, counsel for Defendant.

During the Conference of Counsel identified above, Defense Counsel discussed the issues that once individual Doe Officers are served, the expectation is that additional Legal Counsel will be appearing in this case. On that basis, it is unknown what, if any, these additional Counsel may have to add to the Rule 26 Conference of Counsel and this Joint Rule 26 Report. This also includes Trial and related dates, as the dates provided herein obviously did not include such expected Counsel's schedules and availability.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**(a)     Statement of the Case**

Plaintiffs' Summary: Plaintiffs allege that, on October 7, 2023, Plaintiffs' decedent, Oscar Vasquez Lopez ("Decedent"), was with his brother, Plaintiff Jose Vasquez Lopez, while both were asleep while seated in Decedent's pickup truck, which was parked in a parking lot in the City of Los Angeles and was not running. Decedent was seated in the driver's seat and Jose Vasquez Lopez was seated in the front passenger seat. Officers from the Los Angeles Police Department, whose identities are currently unknown to Plaintiffs, approached the parked vehicle with guns drawn, opened the front passenger-side door, and forcibly removed Jose

1  Vasquez Lopez from the vehicle while aiming their weapons at Decedent. Decedent
2  raised his hands to the level of the steering wheel so that they were clearly visible.
3  Then, when Decedent slightly moved his hands slowly, one of the officers
4  immediately fired at Decedent with a shotgun, striking Decedent in the head/neck
5  area. Decedent was not holding a weapon, had not aimed any weapon toward
6  officers, had made no aggressive movements, had not made any furtive movement
7  that would suggest to a reasonable officer that he was attempting or intending to
8  inflict harm on anyone, and had not verbally threatened to harm anyone, and officers
9  had no prior information about Decedent. Accordingly, Plaintiffs allege that
10 Decedent posed no immediate threat justifying the use of any force, let alone deadly
11 force. Plaintiffs further allege that officers failed to promptly and appropriately
12 provide or secure the provision of medical care to Decedent after Decedent was shot.
13 Decedent died of his injuries caused by the officer(s).
14     As a result of these allegations, Plaintiffs bring causes of action under 42
15 U.S.C. § 1983 against the individual Defendants, whose names are currently
16 unknown to Plaintiffs and who are identified in Plaintiffs' Complaint as Does, for
17 excessive force, unlawful detention and arrest, denial of medical care, and
18 interference with familial relationship. Plaintiffs also bring *Monell* claims against
19 Defendant City of Los Angeles for unconstitutional custom, practice, or policy,
20 failure to train, and ratification. Plaintiffs also bring causes of action under state law
21 against all Defendants for battery, negligence, and violation of the Bane Act, Cal.
22 Civ. Code § 52.1.
23     The named Defendant City of Los Angeles has been served and has answered
24 the operative complaint.
25     <u>Defendant's Summary</u>:   On October 7, 2023, Plaintiff decedent, Oscar
26 Vasquez Lopez ("Decedent"), was sleeping while seated in Decedent's vehicle which
27 was parked in a parking lot in the City of Los Angeles. The vehicle was not
28 operating and the Decedent was seated in the vehicle with another passenger.

LAPD Topanga Division Patrol Officers received a radio call of a male holding a handgun while seated inside a grey pick-up truck in the parking lot of a shopping center located in the 21000 block of Sherman Way. When officers arrived at scene, they located the truck parked and positioned themselves behind it. Due to the truck's tinted windows, it was unclear if the vehicle was occupied. The officers approached the truck on the passenger side and observed the suspect, later identified as Oscar Lopez, seated in the driver seat, and a second individual in the front passenger seat. Both individuals appeared to be intoxicated and did not respond to verbal commands to exit the truck. After opening the passenger side door, an officer saw a handgun in Lopez's waistband and ordered him multiple times not to reach for the handgun. Moments later, Lopez lowered his right hand toward his waistband and an OIS occurred. Lopez was struck with gunfire. LAFD pronounced Lopez deceased at scene.

**(b)    Subject Matter Jurisdiction**

Plaintiffs have filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiffs' claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

**(c)    Legal Issues**

1. Whether the Defendant Officers stopped and detained Decedent without reasonable suspicion;
2. Whether the scope and manner of Defendant Officers' detention of Decedent was reasonable;
3. Whether the Defendant Officers arrested Decedent without probable cause;
4. Whether the Defendant Officers used excessive force against Decedent;

5. Whether the Defendant Officers denied timely medical care to Decedent;
6. Whether the Defendant Officers unlawfully interfered with Plaintiffs' familial relationships with Decedent;
7. Whether the City of Los Angeles maintained one or more unlawful customs, practices, or policies that were a moving force behind the constitutional violation(s) alleged;
8. Whether the City of Los Angeles improperly failed to train its officers, and whether that failure to train was a moving force behind the constitutional violation(s) alleged;
9. Whether one or more City of Los Angeles officials who possessed final policymaking authority ratified the Defendant Officers' actions and the reasons for them;
10. Whether the Defendant Officers were negligent toward Decedent;
11. The nature and scope of Plaintiffs' damages; and
12. Whether Plaintiffs are entitled to punitive damages.

**(d)   Parties, Evidence, etc.**

*Parties*: The parties are Plaintiffs Nelson Vasquez, Daylin Vasquez, Lussy Vasquez, Oscar Vasquez, K.V., A.V., and Jose Vasquez Lopez, and Defendants City of Los Angeles and Does 1-10.

*Witnesses*: The percipient witnesses include Plaintiff Jose Vasquez Lopez, City of Los Angeles Police Department officials and personnel present at the scene of the incident, investigative personnel and other possible civilian witnesses. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiffs' damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

*Key Documents Plaintiffs May Use*: The key documents will include City of Los Angeles Police Department records regarding the incident, including but not

limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

<u>Key Documents Defendant May Use</u>: Generally agree with documents identified above, but discovery will elicit documents that would be considered "key documents."

**(e)  Damages**

Plaintiffs claim general and special compensatory damages, according to proof at trial under federal and state law for their individual damages for the wrongful death of Decedent, and Decedent's survival damages, including his pre-death pain and suffering, loss of enjoyment of life, and loss of life. Plaintiffs also seek punitive and exemplary damages against the individual Defendant Officers only. Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. § 1988 and under state law, costs and interests incurred.

**(f)  Insurance**

City is self-insured.

**(g)  Motions**

a.  *Procedural Motions*

There are no pending motions. Plaintiffs anticipate filing either a stipulation to name the currently unidentified individual deputies who are alleged to have liability, currently named in the Complaint as Doe defendants, once such identities become available through initial discovery, or a motion to amend if a stipulation cannot be reached. Plaintiffs are hopeful that such amendment may be accomplished through stipulation. Aside from this, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue. The parties expect to file discovery motions as needed or to seek assistance from the Magistrate Judge via informal discovery conference.

Defendant currently has no pending motions and have not contemplated any at

this moment.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial.

**(h)** **Dispositive Motions**

The parties have discussed potential motions and propose a deadline of April 3, 2026, to hear dispositive motions. This proposed date is also set forth in Exhibit A attached hereto.

After a period of discovery, Plaintiffs may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, Plaintiffs will adhere to the Court's requirements for motions for summary judgment.

Defendant agrees with Plaintiffs in that Defendants may bring a Motion for Summary Judgment or Partial Adjudication of the Issues.

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers and that the moving party shall have two weeks to prepare and file their reply papers.

**(i)** **Manual for Complex Litigation**

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

**(j)** **Status of Discovery**

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties agree to exchange initial disclosures on or before February 26, 2025. As of the time of the drafting of this report, written discovery requests have not yet been propounded and deposition dates have not yet been set.

**(k)** **Discovery Plan**

The parties have discussed the anticipated discovery and propose a discovery schedule set forth in "Exhibit A" attached hereto. This schedule was compiled based

upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiffs anticipate serving written discovery regarding City records regarding the incident and taking the depositions of City of Los Angeles and LAPD personnel who were involved in the detention of, use of force against, and arrest of Decedent. Plaintiffs may also depose EMTs, paramedics, and/or fire department personnel who arrived to provide medical attention to Decedent. Plaintiffs also plan to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiffs anticipate serving written interrogatories, requests for admission, and requests for production of documents.

Defendant Agrees with similar discovery and Defendant also anticipates serving written discovery regarding records regarding the incident, including the decedent and Plaintiffs and taking the depositions of such witnesses, including witnesses and issues relating to the relationship with the Decedent. Defendant also plans to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Defendant anticipates serving written interrogatories, requests for admission, and requests for production of documents.

The parties will also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiffs may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiffs learn through discovery that there were more City of Los Angeles personnel who were present during relevant events and may be material witnesses than Plaintiffs would otherwise be able to depose.

8
JOINT RULE 26(f) REPORT

**(l)     Discovery Cut-off**

The parties propose a fact discovery cut-off of January 16, 2026, which is also as set forth in Exhibit A hereto.

**(m)    Expert Discovery**

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on February 6, 2026; Rebuttal Expert Disclosure on February 20, 2026; and Expert Discovery Cut-off of March 6, 2026. The dates for Initial and Rebuttal Expert Disclosure are also set forth in Exhibit A attached hereto.

The parties will simultaneously exchange their expert reports.

**(n)    Settlement Conference / Alternative Dispute Resolution (ADR)**

    a.    *Prior Discussions*

The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

    b.    *ADR Selection*

The parties are agreeable to participating in ADR Procedure No. 2 (appearance before neutral selected from Court's Mediation Panel). If mediation is unsuccessful, the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge.

**(o)    Trial**

    a.    *Proposed Trial Date*

The parties propose a trial start date of July 13, 2026. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or both parties; and lead trial counsel's current trial calendars for early 2026.

During the Conference of Counsel identified above, Defense Counsel discussed the issues that once individual Doe Officers are served, the expectation is that additional Legal Counsel will be appearing in this case. On that basis, it is

unknown what, if any, these additional Counsel may have to add to the Rule 26 Conference of Counsel and this Joint Rule 26 Report. This also includes Trial and related dates, as the dates provided herein obviously did not include such expected Counsel's schedules and availability.

        b.    *Time Estimate*

The parties estimate the trial will take approximately five to seven court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

        c.    *Jury or Court Trial*

The parties request a trial by jury.

        d.    *Magistrate Judge*

The parties are not requesting to try the case before a magistrate judge.

**(p)    Trial Counsel**

Dale K. Galipo will be lead trial counsel for Plaintiffs. Christian Bojorquez will be trial counsel for Defendant. During the Conference of Counsel identified above, Defense Counsel discussed the issues that once individual Doe Officers are served, the expectation is that additional Legal Counsel will be appearing in this case. On that basis, it is unknown what, if any, these additional Counsel may have to add to the Rule 26 Conference of Counsel and this Joint Rule 26 Report. This also includes Trial and related dates, as the dates provided herein obviously did not include such expected Counsel's schedules and availability.

**(q)    Independent Expert or Master**

The parties agree that this case does not require an independent expert or master.

**(r)    Schedule Worksheet**

The required Schedule of Pretrial and Trial Dates Worksheet is attached hereto as Exhibit A.

**(s)** **Other Issues**

The parties stipulate to electronic service of discovery.

The parties may seek entry of a stipulated protective order governing use of sensitive materials produced in discovery in this action.

Respectfully submitted,

Dated: February 20, 2025          LAW OFFICES OF DALE K. GALIPO

By  /s/ Benjamin S. Levine
      DALE K. GALIPO
      BENJAMIN S. LEVINE
      *Attorneys for Plaintiffs*

Dated: February 20, 2025          HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN KENEALY, Chief Assist. City Attorney
CORY M. BRENTE, Sr. Assistant City Attorney

*Counsel for Defendant approves & authorizes the e-filing, with his e-signature, of this document*

By  /s/ Christian Bojorquez   on behalf of Christian Bojorquez

CHRISTIAN R. BOJORQUEZ, DCA
*Attorneys for Defendant* City of Los Angeles

**STANDARD SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. 8:24-cv-02421-FLA-JDE | Case Name: Nelson Vasquez, et al. v. City of Los Angeles, et al. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy |
| Check one:  ☒ Jury Trial   or   ☐ Bench Trial<br>[Monday at 8:15 a.m. within 13–16 months of Scheduling Conference]<br>Estimated Duration: 5-7 Days | | 07/13/2026 | 07/13/2026 |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine<br>[Friday at 1:30 p.m. at least 17 days before trial] | | 06/26/2026 | 06/26/2026 |
| **Event**<br>Note: Hearings shall be on Fridays at 1:30 p.m.<br>Other dates can be any day of the week. | **Time Computation** | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | 91 days after scheduling conference | 07/11/2025 | 07/11/2025 |
| Fact Discovery Cut-Off [Friday]<br>(no later than deadline for filing dispositive motion) | 21 weeks before FPTC | 01/16/2026 | 01/16/2026 |
| Expert Disclosure (Initial) | 20 weeks before FPTC | 02/06/2026 | 02/06/2026 |
| Expert Disclosure (Rebuttal) | 18 weeks before FPTC | 02/20/2026 | 02/20/2026 |
| Expert Discovery Cut-Off | 16 weeks before FPTC | 03/06/2026 | 03/06/2026 |
| Last Date to Hear Motions [Friday]<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 weeks before FPTC | 04/03/2026 | 04/03/2026 |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one:  ☐ 1. Magistrate Judge (with Court approval)<br>☒ 2. Court Mediation Panel<br>☐ 3. Private Mediation | 5 weeks before FPTC | 05/22/2026 | 05/22/2026 |
| Trial Filings (first round) [Friday]<br>• Motions *in Limine*<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations Containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 05/29/2026 | 05/29/2026 |
| Trial Filings (second round) [Friday]<br>• Oppositions to Motions *in Limine*<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed *Voir Dire* Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 06/12/2026 | 06/12/2026 |