1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11   NELSON VASQUEZ, *et al.*,              Case No. 8:24-cv-02421-FLA (JDEx)
12                        Plaintiffs,
                                            **SCHEDULING AND TRIAL ORDER**
13            v.
14
     CITY OF LOS ANGELES, *et al.*,
15                        Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

Rev. 10/1/24                        1

1

## **<u>CONTENTS</u>**

**I.    SCHEDULE** .................................................................................................... **3**

    A.  Deadlines for Motions ......................................................................... 5

    B.  Discovery Cut-Off and Discovery Disputes ........................................ 5

    C.  Law and Motion and Local Rule 7-3 .................................................. 6

    D.  Settlement Conference/Alternative Dispute Resolution Procedures ............ 6

    E.  Final Pretrial Conference/Proposed Final Pretrial Conference Order ........... 7

**II.   TRIAL REQUIREMENTS** ............................................................................ **8**

    A.  Schedule for Filing Pretrial Documents for Jury and Bench Trials ............... 8

        1.  Motions *in Limine* ..................................................................... 9

        2.  Witness Lists ........................................................................... 10

        3.  Joint Exhibit List .................................................................... 10

        4.  Jury Instructions (Jury Trial Only) .......................................... 10

        5.  Joint Verdict Forms (Jury Trial Only) ..................................... 12

        6.  Joint Statement of the Case (Jury Trial Only) .......................... 13

        7.  *Voir Dire* (Jury Trial Only) ...................................................... 13

        8.  Proposed Findings of Fact and Conclusions of Law (Bench Trial Only) 13

        9.  Declarations of Direct Testimony (Bench Trial Only) ................ 14

    B.  Trial Exhibits ..................................................................................... 14

    C.  Materials to Present on First Day of Trial .......................................... 16

    D.  Court Reporter ................................................................................... 16

    E.  Jury Trial ........................................................................................... 16

**III.  CONDUCT OF ATTORNEYS AND PARTIES** ...................................... **17**

    A.  Meeting and Conferring Throughout Trial ......................................... 17

    B.  Opening Statements, Witness Examinations, and Summation ................ 17

    C.  Objections to Questions ...................................................................... 17

    D.  Closing Arguments and Post-Trial Briefs (Bench Trial) .................... 17

    E.  General Decorum While in Session .................................................... 18

    F.  Promptness ......................................................................................... 19

    G.  Exhibits .............................................................................................. 19

    H.  Depositions ........................................................................................ 20

    I.  Using Numerous Answers to Interrogatories and Requests for Admission .. 21

    J.  Advance Notice of Unusual or Difficult Issues ................................. 21

    K.  Continuances of Pretrial and Trial Dates .......................................... 21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    SCHEDULE

The Scheduling Order governing this action is set forth in the Schedule of Pretrial and Trial Dates chart below.  The box in the upper right-hand corner of the chart states whether the trial will be by jury or court.  If the parties[1] seek to set additional dates, they may file a request or, if they are in agreement, a Stipulation and a Proposed Order.

The parties should refer to the court's Standing Order for requirements regarding specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to chambers, alternative dispute resolution, and other matters pertaining to all cases.  A copy of the court's Standing Order is available at: http://www.cacd.uscourts.gov/honorable-fernando-l-aenlle-rocha.

---

[1] The term "parties" includes unrepresented parties as well as counsel for represented parties.

Rev. 10/1/24                                3

### DISTRICT JUDGE FERNANDO L. AENLLE-ROCHA
<u>SCHEDULE OF PRETRIAL AND TRIAL DATES</u>

| Trial and Final Pretrial Conference Dates | Court Order |
|---|---|
| Trial | 7/13/26 at 8:15 a.m.<br>☒ Jury Trial<br>☐ Bench Trial<br>Est. 5–7 Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions *in Limine* | 6/26/26 at 1:30 p.m. |

| Event<br><u>Note</u>: Hearings shall be on Fridays at 1:30 p.m. | Court Order |
|---|---|
| Last Date to <u>Hear</u> Motion to Amend Pleadings or Add Parties [Friday] | 7/11/25 |
| Fact Discovery Cut-Off [Friday] | 1/16/26 |
| Expert Disclosure (Initial) | 2/6/26 |
| Expert Disclosure (Rebuttal) | 2/20/26 |
| Expert Discovery Cut-Off | 3/6/26 |
| Last Date to <u>Hear</u> Motions [Friday]<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 4/3/26 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | 5/22/26<br>☐ 1. Magistrate Judge<br>☒ 2. Court Mediation Panel<br>☐ 3. Private Mediation |
| <u>Trial Filings</u> (first round)<br>• Motions *in Limine*<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 5/29/26 |
| <u>Trial Filings</u> (second round)<br>• Oppositions to Motions *in Limine*<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed *Voir Dire* Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 6/12/26 |

1    **A.    Deadlines for Motions**

2    All motions must be noticed to be heard on or before their respective

3    deadlines.  All unserved parties will be dismissed at the time of the Final Pretrial

4    Conference ("FPTC") pursuant to Local Rule 16-8.1.

5    **B.    Discovery Cut-Off and Discovery Disputes**

6    1.    <u>Discovery Cut-off</u>: The cut-off date for discovery is not the date

7    by which discovery requests must be served; it is the date by which <u>all</u> discovery,

8    including <u>all hearings</u> on any related motions, must be completed.  Thus, written

9    discovery must be served and depositions must begin sufficiently in advance of the

10   discovery cut-off date to permit the propounding party enough time to challenge

11   responses deemed to be deficient via motion practice.  Given the requirements to

12   meet and confer and to give notice, a planned motion to compel must ordinarily be

13   discussed with the opposing party at least six (6) weeks before the cut-off.

14   2.    <u>Expert Discovery</u>: All expert disclosures must be made in writing.

15   The parties should begin expert discovery shortly after the initial designation of

16   experts.  The FPTC and trial dates will not be continued merely because expert

17   discovery is not completed.  Failure to comply with these or any other orders

18   concerning expert discovery may result in the expert being excluded as a witness.

19   3.    <u>Discovery Disputes</u>: The parties must make every effort to resolve

20   discovery disputes in a courteous, reasonable, and professional manner.  Counsel

21   must adhere to the court's Civility and Professionalism Guidelines at:

22   http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-

23   guidelines.

24   4.    <u>Discovery Motions</u>: Discovery motions are handled by the

25   Magistrate Judge assigned to the case.  Any motion challenging the adequacy of

26   discovery responses must be filed, served, and calendared sufficiently in advance of

27   the discovery cut-off date to permit the responses to be obtained before that date if

28   the motion is granted.

Rev. 10/1/24

1  **C.    Law and Motion and Local Rule 7-3**

2      The parties are required under Local Rule 7-3 to meet and confer to attempt to

3  resolve disputes before filing a motion.  In addition, this court requires the parties to

4  meet and confer regarding any other request for relief except those identified as

5  exempt in Local Rules 7-3 and 16-12.

6      The parties should review the court's Standing Order for instructions regarding

7  motions to dismiss, motions to amend, motions for summary judgment, and other

8  forms of relief.

9  **D.    Settlement Conference/Alternative Dispute Resolution Procedures**

10      Pursuant to Local Rule 16-15, the parties must participate in a Settlement

11  Conference or Alternative Dispute Resolution ("ADR") procedure.  The Scheduling

12  Order indicates the procedure the parties shall use.  If the parties prefer an ADR

13  procedure other than the one ordered by the court, they shall file a Stipulation and

14  Proposed Order.  The parties' request may not necessarily be granted.  No case will

15  proceed to trial unless all parties, including the principals of all corporate parties,

16  have appeared personally at a settlement conference.  In the event the settlement

17  conference is before a Magistrate Judge, the latter shall determine the form, manner,

18  and content of the conference.

19      The parties shall file a Joint Status Report regarding the outcome of settlement

20  negotiations, the likelihood of possible further negotiations, and any assistance the

21  court may provide concerning settlement negotiations.  The Joint Status Report shall

22  not disclose the parties' settlement positions, *i.e.*, the terms of any offers or demands.

23  If the parties were unable to reach a settlement, the Status Report shall describe the

24  efforts made by the parties to resolve the dispute informally, *i.e.*, the occasions and

25  dates when the parties participated in mediation or settlement conferences.  The

26  Status Report shall also include the name of the mediator who assisted the parties

27  with their settlement conference.

28  / / /

### E.     Final Pretrial Conference/Proposed Final Pretrial Conference Order

The court has set a FPTC pursuant to Fed. R. Civ. P. 16 and Local Rule 16-8. The court requires strict compliance with Fed. R. Civ. P. 16 and 26, and Local Rule 16.  Each party appearing in this action must be represented at the FPTC by <u>lead trial counsel</u>.  The parties must be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, and stipulations to undisputed facts.

The parties must file a proposed Final Pretrial Conference Order ("Proposed FPTCO") at least fourteen (14) days before the FPTC.  A template for the Proposed FPTCO is available on Judge Aenlle-Rocha's webpage.  The parties <u>must</u> use this template.

In specifying the surviving pleadings under section 1, state which claims or counterclaims have been dismissed or abandoned, *e.g.*, "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed."  Also, in multiple-party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, state to which party or parties each claim or counterclaim is directed.

The parties must attempt to agree on and set forth as many uncontested facts as possible.  The court will read the uncontested facts to the jury at the start of trial.  A carefully drafted and comprehensively stated stipulation of facts will shorten the trial and increase jury understanding of the case.

In drafting the factual issues in dispute, the parties must state issues as ultimate facts, rather than evidentiary facts.  The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

Issues of law should state legal issues on which the court will be required to rule during the trial and should not list ultimate fact issues to be submitted to the trier of fact.

/ / /

The parties shall email the Proposed FPTCO in Microsoft Word format to chambers at FLA_Chambers@cacd.uscourts.gov.

## II.    TRIAL REQUIREMENTS

The parties must comply with Local Rule 16.  Pursuant to Local Rule 16-2, lead trial counsel for each party are required to meet and confer in person forty (40) days in advance to prepare for the FPTC.  The parties must comply with Local Rule 16-2, except where the requirements set forth in this Order differ from or supplement those contained in Local Rule 16.  The court may take the FPTC off calendar, continue the trial, and/or impose other sanctions for failure to comply with these requirements.

### A.    Schedule for Filing Pretrial Documents for Jury and Bench Trials

The schedule for filing pretrial documents is as follows:

♦ At least twenty-eight (28) days before the FPTC:

- Motions *in Limine*
- Memoranda of Contentions of Fact and Law
- Witness Lists
- Joint Exhibit List
- Joint Status Report Regarding Settlement
- Proposed Findings of Fact and Conclusions of Law (bench trial only)
- Declarations containing Direct Testimony (bench trial only)

♦ At least fourteen (14) days before the FPTC:

- Oppositions to Motions *in Limine*
- Joint Proposed FPTCO
- Joint Agreed Upon Proposed Jury Instructions (jury trial only)
- Disputed Proposed Jury Instructions (jury trial only)
- Joint Proposed Verdict Forms (jury trial only)
- Joint Proposed Statement of the Case (jury trial only)
- Proposed *Voir Dire* Questions, if any (jury trial only)

- Evidentiary Objections to Declarations of Direct Testimony (bench trial only)

The parties shall email copies of: (1) the Witness Lists, (2) the Joint Exhibit List, (3) the Joint Proposed FPTCO, (4) the Joint Agreed Upon Proposed Jury Instructions, (5) the Disputed Proposed Jury Instructions, (6) Joint Proposed Verdict Forms, and (7) Proposed *Voir Dire* Questions, including any amended documents, in Microsoft Word format to chambers the day they are due at:

FLA_Chambers@cacd.uscourts.gov.

## 1.    Motions *in Limine*

Motions *in limine* shall address only the admission or exclusion of evidence at trial. Motions *in limine* will be heard and ruled on at the FPTC. The court may rule orally instead of in writing. Each side is limited to five (5) motions *in limine* unless the court grants leave to file additional motions. All motions *in limine* must be filed at least twenty-eight (28) days before the FPTC. Oppositions must be filed at least fourteen (14) days before the FPTC. There shall be no replies. Motions *in limine* and oppositions must not exceed 2,800 words in length, or ten (10) pages for handwritten briefs and briefs prepared using a typewriter. Challenges to expert testimony and/or reports should be brought as motions *in limine* and are subject to the aforementioned schedule and limit. Any challenges to expert testimony or reports brought as separate motions shall be stricken.

Before filing a motion *in limine*, the parties must meet and confer to determine whether the opposing party intends to introduce the disputed evidence and attempt to reach an agreement that would obviate the need for the motion. Motions *in limine* should address specific issues (*e.g.*, not "to exclude all hearsay"). Motions *in limine* should not be disguised motions for summary adjudication of issues. The court may strike excessive or unvetted motions *in limine*.

/ / /

/ / /

### 2.    Witness Lists

Witness lists must be filed twenty-eight (28) days before the FPTC.  They must be in the format specified in Local Rule 16-5, and must include for each witness (i) a brief description of the testimony, (ii) the reasons the testimony is unique and not redundant, and (iii) a time estimate in hours for direct and cross-examination.  The parties should use the template posted to Judge Aenlle-Rocha's webpage.  Any Amended Witness List must be filed by 12:00 p.m. (noon) on the Friday before trial and emailed to FLA_Chambers@cacd.uscourts.gov in Microsoft Word format.

### 3.    Joint Exhibit List

The Joint Exhibit List must be filed twenty-eight (28) days before the FPTC.  It must be in the format specified in Local Rule 16-6 and shall include an additional column stating any objections to authenticity and/or admissibility and the reasons for the objections.  The parties should use the template posted to Judge Aenlle-Rocha's webpage.  Any Amended Joint Exhibit List must be filed by 12:00 p.m. (noon) on the Friday before trial and emailed to FLA_Chambers@cacd.uscourts.gov in Microsoft Word format.

### 4.    Jury Instructions (Jury Trial Only)

Joint agreed upon proposed jury instructions must be filed no later than fourteen (14) days prior to the FPTC.  The parties shall make every effort to agree upon jury instructions before submitting proposals to the court.  The court expects the parties to agree on the substantial majority of instructions, particularly when pattern or model jury instructions exist and provide a statement of applicable law.  The parties shall meet and confer regarding jury instructions according to the following schedule:

- Thirty-five (35) days before the FPTC:  The parties shall exchange proposed general and special jury instructions.
- Twenty-eight (28) days before the FPTC: The parties shall exchange any objections to the instructions.

/ / /

- <u>Twenty-one (21) days before the FPTC</u>:  The parties shall meet and confer with the goal of reaching agreement on one set of Joint Agreed Upon Proposed Jury Instructions.
- <u>Fourteen (14) days before FPTC</u>: The parties shall file their (1) Joint Agreed Upon Proposed Jury Instructions and their (2) Disputed Jury Instructions.

The parties shall file clean and "redline" sets of their (1) Joint Agreed Upon Proposed Jury Instructions, and (2) Disputed Jury Instructions.  The "redline" sets shall include all modifications made by the parties to pattern or model jury instructions, any disputed language, and the factual or legal basis for each party's position as to each disputed instruction.  Where appropriate, the disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially.  If there are excessive or frivolous disagreements over jury instructions, the court will order the parties to meet and confer immediately until they substantially narrow their disagreements.

<u>Sources</u>: When the *Manual of Model Jury Instructions for the Ninth Circuit* provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of the case.  Where California law applies, the parties should use the current edition of the *Judicial Council of California Civil Jury Instructions* ("CACI").  If neither applies, the parties should consult the current edition of O'Malley, *et al.*, *Federal Jury Practice and Instructions*.  The parties may submit alternatives to these instructions only if there is a reasoned argument that they do not properly state the law or are incomplete.  The court seldom gives instructions derived solely from case law.

<u>Format</u>: Each requested instruction shall: (1) cite the authority or source of the instruction, (2) be set forth in full, (3) be on a separate page, (4) be numbered, (5) cover only one subject or principle of law, and (6) not repeat principles of law contained in any other requested instruction.  Jury instructions should be modified as

necessary to fit the facts of the case (*e.g.*, inserting names of parties or witnesses to whom an instruction applies). Where language appears in brackets in the pattern or model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text.

Index: All proposed jury instructions must have a consecutively numbered joint index that lists the instructions in the order they will be given. Disputed instructions should be included in the index. The court will renumber the jury instructions once they are finalized. The joint index should include the following for each instruction, as illustrated in the example below:

- the number of the instruction;
- the title of the instruction;
- the source of the instruction and any relevant case citations; and
- the page number of the instruction.

*Example:*

| Instruction # | Title | Source | Page # |
|---|---|---|---|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

During the FPTC and at trial and before closing argument, the court will meet with the parties to settle the instructions. At that time, the parties will have an opportunity to make an oral record concerning their objections.

## 5.    Joint Verdict Forms (Jury Trial Only)

The parties shall make every effort to agree on a general verdict form before submitting proposals to the court, and shall file a proposed joint general verdict form fourteen (14) days before the FPTC. If the parties are unable to agree on a verdict form, the parties shall file one document titled "Competing Verdict Forms" which shall include: (i) the parties' respective proposed verdict form; (ii) a "redline" of any disputed language; and (iii) the factual or legal basis for each party's respective position.

**6.    Joint Statement of the Case (Jury Trial Only)**

The parties must file a Joint Statement of the Case fourteen (14) days before
the FPTC for the court to read to the prospective jurors before commencement of *voir
dire*.  The joint statement should be brief and neutral and must not be more than one
page in length.

**7.    *Voir Dire* (Jury Trial Only)**

Generally, a jury in a civil action will consist of eight (8) jurors.  In most cases,
the court will seat eight (8) prospective jurors in the jury box.  The court will conduct
the *voir dire*.  The court uses a written questionnaire that requires prospective jurors
to answer orally, a copy of which is posted on Judge Aenlle-Rocha's webpage.  The
parties may file any proposed case-specific *voir dire* questions for the court's
consideration at least fourteen (14) days before the FPTC.  If it considers the
questions proper, the court will include them in the written questionnaire.  At the
conclusion of the court's *voir dire*, the parties may suggest additional questions for
the court's consideration during a sidebar or recess outside the prospective jurors'
presence.  *See* Fed. R. Civ. P. 47.

Each side will have three (3) peremptory challenges in total regardless of the
number of parties.  All challenges for cause shall be made at side bar or otherwise
outside the prospective jurors' presence.  The court will not necessarily accept a
stipulation to a challenge for cause.  Peremptory challenges shall be made from
counsel table in the presence of the prospective jurors.  After all challenges have been
exercised or the parties accept the panel consecutively, the remaining jurors will be
the jury.

**8.    Proposed Findings of Fact and Conclusions of Law (Bench
Trial Only)**

For any trial requiring findings of fact and conclusions of law, each party shall
file and serve on the opposing party, no later than twenty-eight (28) days before the
FPTC, its Proposed Findings of Fact and Conclusions of Law in the format specified

1  in Local Rule 52-3.

2        The parties may submit Supplemental Proposed Findings of Fact and

3  Conclusions of Law during the trial.  Once trial concludes, the court may order the

4  parties to file Revised Proposed Findings of Fact and Conclusions of Law with

5  citations to the record.

6        **9.    Declarations of Direct Testimony (Bench Trial Only)**

7        When ordered by the court in a particular case, each party shall, at least

8  twenty-eight (28) days before the FPTC, file declarations containing the direct

9  testimony of each witness whom that party intends to call at trial.  If such

10  declarations are filed, each party shall file any evidentiary objections to the

11  declarations submitted by any other party at least fourteen (14) days before the FPTC.

12  Such objections shall be submitted in the following three-column format: (i) the left

13  column should contain a verbatim quote of each statement objected to (including

14  page and line number); (ii) the middle column should set forth a concise legal

15  objection (*e.g.*, hearsay, lacks foundation, *etc.*) with a citation to the corresponding

16  Federal Rule of Evidence or, where applicable, a case citation; and (iii) the right

17  column should provide space for the court's ruling on the objection.  The court

18  anticipates issuing its ruling on the objections during the FPTC.

19        **B.    Trial Exhibits**

20        Trial exhibits that consist of documents and photographs must be submitted to

21  the court in three-ring binders.  The parties shall submit to the court three (3) sets of

22  binders: one (1) original set of trial exhibits, and two (2) copies of trial exhibits.  The

23  original set of exhibits shall be for use by the jury during its deliberations, and the

24  copies are for the court.  The parties should prepare additional copies of exhibits for

25  their own use and for use by witnesses.  The parties must review the exhibit list and

26  exhibit binders with the Courtroom Deputy Clerk before the admitted exhibits will be

27  given to the jury.  In the event the exhibits are voluminous, the parties should

28  consider the use of electronic tablets for the court and the witnesses thereby avoiding

the need for binders.

All exhibits placed in three-ring binders must be indexed by exhibit number with tabs or dividers on the right side.  Exhibits shall be numbered sequentially 1, 2, 3, *etc.*, not 1.1, 1.2, *etc*.  *See* Local Rule 16-6.  Every page of a multi-page exhibit must be numbered.  Defendant's exhibit numbers shall not duplicate Plaintiff's numbers.  The spine of each binder shall indicate the volume number and the range of exhibit numbers included in the volume.

- The original exhibits shall bear the official exhibit tags (yellow tags for Plaintiff's exhibits and blue tags for Defendant's exhibits) affixed to the front upper right-hand corner of the exhibit, with the case number, case name, and exhibit number stated on each tag.  Tags may be obtained from the Clerk's Office, or the parties may print their own exhibit tags using Forms G-14A and G-14B on the "Court Forms" section of the court's website at: https://www.cacd.uscourts.gov/forms/exhibit-tags-plaintiff-g-14a-defendant-g-14b-joint-g-14c.

- The copies of exhibits must bear copies of the official exhibit tags that were placed on the original exhibits and be indexed with tabs or dividers on the right side.

The parties must also submit to the court a USB flash drive containing electronic versions of all exhibits.  Plaintiff's exhibits must be placed in a separate folder from Defendant's exhibits, and the document file names must include the exhibit number and a brief description of the document, for example: "Ex. 1 - Smith Declaration.pdf" or "Ex. 105 - Letter Dated 1-5-20.pdf."

The court provides audio/visual equipment for use during trial.  The parties are encouraged to use it.  More information is available at: http://www.cacd.uscourts.gov/clerk-services/courtroom-technology.  The court does not permit exhibits to be "published" to the jurors before they are admitted into evidence.  Once admitted, exhibits may be displayed electronically using the

equipment and screens in the courtroom.  The court ordinarily does not permit
exhibits to be handed to the jurors in the jury box.  In the event an exhibit cannot be
displayed properly via the monitors in the courtroom, counsel must secure approval
by the court before handing an exhibit to the jury.

The parties must meet and confer at least ten (10) days before trial to stipulate
as much as possible to foundation, waiver of the best evidence rule, and exhibits that
may be received into evidence at the start of the trial.  All such exhibits should be
noted as admitted on the court and Courtroom Deputy Clerk's copy of the exhibit list.

**C.    Materials to Present on First Day of Trial**

The parties must present the following materials to the Courtroom Deputy
Clerk on the first day of trial:

1.  The three sets of binders described above, with one (1) original set of
    trial exhibits for the jury, and two (2) copies of trial exhibits for the
    court.

2.  The USB flash drive containing electronic versions of all exhibits.

3.  Any excerpts of deposition transcripts to be used at trial, either as
    evidence or for impeachment.  These lodged depositions are for the
    court's use.  The parties must use their own copies during trial.

**D.    Court Reporter**

Any party requesting special court reporter services for any hearing, such as
"RealTime" transmission or daily transcripts, shall notify the court reporter at least
fourteen (14) days before the hearing date.

**E.    Jury Trial**

Trial days are generally Monday through Thursday, from 8:15 a.m. through
2:30 p.m.  On the first day of trial, the court will address initially preliminary matters
and call a jury panel only when it is satisfied the case is ready for trial.  Jury selection
usually takes a few hours.  The parties should be prepared to proceed with opening
statements and witness examination immediately after jury selection.

Rev. 10/1/24

Fridays are usually reserved for the court's calendar.  In the event the court's calendar allows trial to proceed on Friday, the court will inform the parties during the Final Pretrial Conference.  Once the trial concludes, the jury will be expected to deliberate Monday through Friday.

## III.    CONDUCT OF ATTORNEYS AND PARTIES

### A.    Meeting and Conferring Throughout Trial

The parties <u>must</u> continue to meet and confer on all issues that arise during trial.  The court will not rule on any such issue unless the parties have attempted to resolve it first.

### B.    Opening Statements, Witness Examinations, and Summation

Counsel must use the lectern.  Counsel should not consume jury time by writing out words and drawing charts or diagrams.  All such aids must be prepared in advance.  When appropriate, the court will establish and enforce time limits for all phases of trial, including opening statements, closing arguments, and the examination of witnesses.

### C.    Objections to Questions

Counsel must not make speaking objections before the jury or otherwise make speeches, restate testimony, or attempt to guide a witness.

When objecting, counsel must rise to state the objection and state only that counsel objects and the legal grounds for the objection.  If counsel desires to argue an objection further, counsel must seek permission from the court to do so.

### D.    Closing Arguments and Post-Trial Briefs (Bench Trial)

For an overview and review of the evidence presented during trial, the court will rely on the parties' closing arguments.  In delivering closing arguments, the parties shall use their respective proposed findings of fact and conclusions of law as a "checklist" and should identify the evidence that supports their proposed findings.  The court will not accept post-trial briefs unless it finds that circumstances warrant additional briefing and such briefing is specifically authorized.

**E.     General Decorum While in Session**

1.     Counsel must not approach the Courtroom Deputy Clerk, the jury box, or the witness stand without court authorization and must return to the lectern when the purpose for the approach has been accomplished.

2.     Counsel must rise when addressing the court, and when the court or the jury enters or leaves the courtroom, unless directed otherwise.

3.     Counsel must address all remarks to the court.  Counsel must not address the Courtroom Deputy Clerk, the court reporter, persons in the audience, or opposing counsel.  Any request to re-read questions or answers shall be addressed to the court.  Counsel must ask the court's permission to speak with opposing counsel.

4.     Counsel must not address or refer to witnesses or parties by first names alone, except for witnesses who are below age fourteen (14).

5.     Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

6.     Counsel must remain at counsel table throughout trial except to examine witnesses, or as otherwise needed to present evidence.  Counsel must not leave counsel table to sit in the gallery or confer with any person in the back of the courtroom without the court's permission.

7.     Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness or argument by opposing counsel.  Counsel shall instruct their clients and witnesses not to engage in such conduct.

8.     Counsel must never speak to jurors under any circumstance, and must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors.  Counsel must instruct their clients and witnesses to avoid such conduct.

/ / /

9.    Where a party has more than one lawyer, only one attorney may conduct the direct or cross-examination of a particular witness or make objections as to that witness.

10.    Bottled water is permitted in the courtroom but may not be placed on counsel table or the lectern.  Food and other beverages are not permitted.  Cell phones must be silenced or may be confiscated.

**F.    Promptness**

1.    The court expects the parties, counsel, and witnesses to be prompt.  Once the parties and their counsel are engaged in trial, the trial must be their priority.  The court will not delay progress of the trial or inconvenience jurors.

2.    If a witness was on the stand at the time of a recess or adjournment, the party that called the witness shall ensure the witness is back on the stand and ready to proceed as soon as trial resumes.

3.    The parties must notify the Courtroom Deputy Clerk in advance if any party, counsel, or witness requires a reasonable accommodation based on a disability or other reason.

4.    No presenting party may be without witnesses.  If a party's remaining witnesses are not immediately available, thereby causing an unreasonable delay, the court may deem that party to have rested.

5.    The court generally will accommodate witnesses by permitting them to be called out of sequence.  Counsel should meet and confer in advance and make every effort to resolve the matter.

**G.    Exhibits**

1.    Counsel must keep track of their exhibits and exhibit list, and record when each exhibit has been admitted into evidence.

2.    Counsel are responsible for any exhibits they secure from the Courtroom Deputy Clerk and must return them before leaving the courtroom.

/ / /

3.      Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention.  Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4.      Counsel must inform the Courtroom Deputy Clerk of any agreements reached regarding any proposed exhibits, as well as those exhibits that may be received into evidence without a motion to admit.

5.      When referring to an exhibit, counsel must refer to its exhibit number.  Counsel should instruct their witnesses to do the same.

6.      Counsel should not ask witnesses to draw charts or diagrams or ask the court's permission for a witness to do so.  All demonstrative aids must be prepared fully in advance of the day's trial session.

**H.    Depositions**

1.      In using deposition testimony for impeachment, counsel may adhere to either one of the following procedures:

a.      If counsel wish to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection.  Counsel may then read the portions of the deposition into the record.

b.      If counsel wish to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness told to read the relevant pages and lines silently.  Counsel may then either ask the witness further questions on the matter and thereafter read the quotations, or read the quotations and thereafter ask further questions.  Counsel should have available for the court and the witness extra copies of the deposition transcript for this purpose.

2.      Where a witness is absent and the witness's testimony is to be offered by deposition, counsel may (a) have an individual sit on the witness stand and

read the testimony of the witness while the examining lawyer asks the questions, or (b) have counsel read both the questions and the answers.

**I.     Using Numerous Answers to Interrogatories and Requests for Admission**

Whenever counsel expect to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy discovery responses, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted.  Copies of this new document should be given to the court and the opposing party in advance.

**J.     Advance Notice of Unusual or Difficult Issues**

If any party anticipates that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, that party <u>must</u> give the court advance notice.  The parties must notify the Courtroom Deputy Clerk immediately of any unexpected legal issue that could not have been foreseen and addressed in advance.  To the extent such issue needs to be addressed outside the jury's presence, the relevant party must inform the Courtroom Deputy Clerk before jurors are excused for the day to minimize the time jurors are kept waiting.  The court expects all parties to work diligently to minimize delays and avoid keeping jurors waiting.

**K.     Continuances of Pretrial and Trial Dates**

Requests for continuances of pretrial and trial dates must be by motion, stipulation, or application, and be accompanied by a detailed declaration setting forth the reasons for the requested relief.  The declaration should include whether any previous requests for continuances have been made and whether these requests were granted or denied by the court.  Stipulations extending dates set by the court are not effective unless approved by the court.

The court has a strong interest in keeping scheduled dates certain, and changes in dates are disfavored.  Trial dates set by the court will not readily be changed.

Therefore, a request or stipulation to continue a trial or pretrial date must be supported by a <u>detailed</u> factual showing of good cause and due diligence demonstrating the necessity for the continuance and a description of the parties' efforts, dating back to the filing of the complaint, of the steps they have taken to advance the litigation.  This detailed showing must demonstrate that the work still to be performed reasonably could not have been accomplished within the applicable deadlines.  General statements are insufficient to establish good cause.  Without such compelling factual support and showing of due diligence, requests to continue dates set by the court may be denied.

<u>Parties appearing *pro se* must comply with the Federal Rules of Civil Procedure and the Local Rules.</u>  *See* Local Rules 1-3 and 83-2.2.3.

IT IS SO ORDERED.

Dated: March 6, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge