# EXHIBIT B: PROPOSED FIRST AMENDED COMPLAINT (REDLINED VERSION)

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; DAYLIN VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; LUSSY VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; OSCAR VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; K.V., by and through her guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; A.V., by and through his guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; and JOSE VASQUEZ LOPEZ, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; SEAN STEELMON; and DOES 1 2 through 10, inclusive, | Case No. 8:24-cv-02421-FLA-JDE<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)<br>2. Fourth Amendment, Unlawful Detention and Arrest (42 U.S.C. § 1983)<br>3. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)<br>4. First and Fourteenth Amendments, Interference with Familial Relationship (42 U.S.C. § 1983)<br>5. Municipal Liability, Unconstitutional Custom or Policy (42 U.S.C. § 1983)<br>6. Municipal Liability, Failure to Train (42 U.S.C. § 1983)<br>7. Municipal Liability, Ratification (42 U.S.C. § 1983)<br>8. Battery<br>9. Negligence<br>10. Negligent Infliction of Emotional Distress, Bystander<br>11. Violation of Bane Act (Cal. Civil Code §52.1)<br><br>**DEMAND FOR JURY TRIAL** |

Defendants.

COME NOW, Plaintiffs NELSON VASQUEZ, individually and as successor-in-interest to Oscar Vasquez Lopez, deceased; DAYLIN VASQUEZ, individually and as successor-in-interest to Oscar Vasquez Lopez, deceased; LUSSY VASQUEZ, individually and as successor-in-interest to Oscar Vasquez Lopez, deceased; OSCAR VASQUEZ, individually and as successor-in-interest to Oscar Vasquez Lopez, deceased; K.V., by and through her guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Oscar Vasquez Lopez, deceased; A.V., by and through his guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Oscar Vasquez Lopez, deceased; and JOSE VASQUEZ LOPEZ, individually (collectively, "Plaintiffs"), for their Complaint against Defendants CITY OF LOS ANGELES, SEAN STEELMON, and DOES 12 through 10, inclusive (collectively, "Defendants"), and allege as follows:

## **JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and because, on information and belief, all Defendants reside in this district.

## **INTRODUCTION**

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States

FIRST AMENDED COMPLAINT FOR DAMAGES

Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' father and brother, Oscar Vasquez Lopez, on October 7, 2023.

4.    Plaintiffs allege that the death of Oscar Vasquez Lopez was a result of Defendants SEAN STEELMON and DOE OFFICERS' excessive use of deadly force, ~~Defendants'~~ failure to timely provide reasonable medical care to Oscar Vasquez Lopez despite his serious medical condition after being shot, ~~Defendants'~~ deliberate indifference to Oscar Vasquez Lopez's Constitutional rights, and ~~Defendants'~~ negligence.

5.    The policies and customs behind shootings of civilians such as Oscar Vasquez Lopez, and the failure to de-escalate the interaction and employ less-lethal weapons are fundamentally unconstitutional and have violated the civil rights of residents of the CITY, such as Plaintiffs and Oscar Vasquez Lopez. Accordingly, Plaintiffs herein seek by means of this civil rights action to hold accountable those responsible for the death of Oscar Vasquez Lopez, and to challenge the unconstitutional policies and practices of the CITY.

## PARTIES

6.    At all relevant times, Oscar Vasquez Lopez was an individual residing in the City of Los Angeles, California.

7.    Plaintiff NELSON VASQUEZ is an individual residing in the city of Fullerton, California and is the natural son of Oscar Vasquez Lopez. NELSON VASQUEZ sues in his individual capacity as the son of Oscar Vasquez Lopez and a representative capacity as successor-in-interest to Oscar Vasquez Lopez pursuant to California Code of Civil Procedure §377.60. NELSON VASQUEZ seeks both survival and wrongful death damages under federal and state law.

8.    Plaintiff DAYLIN VASQUEZ is an individual residing in the state of Florida and is the natural daughter of Oscar Vasquez Lopez. DAYLIN VASQUEZ sues in her individual capacity as the daughter of Oscar Vasquez Lopez and a representative capacity as a successor-in-interest to Oscar Vasquez Lopez pursuant to

FIRST AMENDED COMPLAINT FOR DAMAGES

California Code of Civil Procedure §377.60. DAYLIN VASQUEZ seeks both survival and wrongful death damages under federal and state law.

9.    Plaintiff LUSSY VASQUEZ is an individual residing in the country of Guatemala and is the natural daughter of Oscar Vasquez Lopez. LUSSY VASQUEZ sues in her individual capacity as the daughter of Oscar Vasquez Lopez and a representative capacity as successor-in-interest to Oscar Vasquez Lopez pursuant to California Code of Civil Procedure §377.60. LUSSY VASQUEZ seeks both survival and wrongful death damages under federal and state law.

10.    Plaintiff OSCAR VASQUEZ is a minor individual residing in the state of Florida and is the natural son of Oscar Vasquez Lopez. OSCAR VASQUEZ sues in his individual capacity as the son of Oscar Vasquez Lopez and a representative capacity as successor-in-interest to Oscar Vasquez Lopez pursuant to California Code of Civil Procedure §377.60. OSCAR VASQUEZ seeks both survival and wrongful death damages under federal and state law.

11.    Plaintiff K.V. is a minor individual residing in the country of Guatemala and is the natural daughter of Oscar Vasquez Lopez. K.V. sues in her individual capacity as the daughter of Oscar Vasquez Lopez and a representative capacity as successor-in-interest to Oscar Vasquez Lopez pursuant to California Code of Civil Procedure §377.60. K.V. seeks both survival and wrongful death damages under federal and state law.

12.    Plaintiff A.V. is a minor individual residing in the country of Guatemala and is the natural son of Oscar Vasquez Lopez. A.V. sues in his individual capacity as the son of Oscar Vasquez Lopez and a representative capacity as successor-in-interest to Oscar Vasquez Lopez pursuant to California Code of Civil Procedure §377.60. A.V. seeks both survival and wrongful death damages under federal and state law.

13.    Plaintiff JOSE VASQUEZ LOPEZ is an individual residing in the City of Fullerton, California and is the natural brother of Oscar Vasquez Lopez. JOSE

VASQUEZ LOPEZ sues in his individual capacity as the brother of Oscar Vasquez Lopez and seeks compensatory damages under state law.

14.   At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles Police Department ("LAPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CITY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of some or all of Defendants DOES 1 2-10.

15.   Defendant SEAN STEELMON ("STEELMON") is a police officer for the CITY working for the LAPD at the time of this incident. STEELMON was acting under color of law within the course and scope of his employment with the CITY and LAPD at all relevant times. STEELMON was acting with the complete authority and ratification of his principal, Defendant CITY.

14.16. Defendants DOES 1 2-10 are police officers for the CITY's Police Department ("DOE OFFICERS").  At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the Police Department; and were acting with the complete authority and ratification of their principal, Defendant CITY.

15.17. On information and belief, Defendants STEELMON and DOES 1 2-10 were residents of the City of Los Angeles, California at all relevant times.

16.18. In doing the acts, failings, and/or omissions as hereinafter described, Defendants STEELMON and DOE OFFICERS were acting on the implied and actual permission and consent of Defendant CITY.

17.19. The true names and capacities, whether individual, corporate,

5

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  association or otherwise of Defendant DOES 12-10, inclusive, are unknown to

2  Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs

3  will seek leave to amend this compliant to show the true names and capacities of

4  these Defendants when they have been ascertained. Each of the fictiously named

5  Defendants is responsible in some manner for the conduct or liabilities alleged herin.

6       18.20. Defendants DOES 12-10 are sued in their individual capacities.

7       19.21. At all times mentioned herein, each and every Defenadant, including

8  DOES 16-10, was the agent of each and every other Defendant and had the legal duty

9  to oversee and supervise the hiring, conduct, and employment of each and every

10  Defendant.

11       20.22. All of the acts complained of herein by Plaintiffs against Defendants,

12  including DOES 12-10, were done and performed by said Defendants by and through

13  their authorized agents, servants, and/or employees, all of whom at all relevant times

14  herein were acting with the course, purpose, and scope of said agency, service, and/or

15  employment capacity. Moreover, Defendants and their agents ratified all of the acts

16  complained herein.

17       21.23. On or around March 29, 2024, Plaintiffs filed comprehensive and timely

18  claims for damages with the City of Los Angeles pursuant to the applicable sections

19  of the California Government Code. Said claims were denied on May 8, 2024.

20                    **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

21       22.24. Plaintiffs repeat and reallege each and every allegation in the foregoing

22  paragraphs of this Complaint with the same force and effect as if fully set forth

23  herein.

24       23.25. On or about October 7, 2023, Oscar Vasquez Lopez was with his

25  brother, Plaintiff JOSE VASQUEZ LOPEZ, at or near 21051 Sherman Way in the

26  City of Los Angeles, California. The two brothers were asleep inside of Oscar

27  Vasquez Lopez's vehicle, which was parked and not running. JOSE VASQUEZ

28  LOPEZ was seated in the front passenger seat and Oscar Vasquez Lopez was seated

6

**FIRST AMENDED COMPLAINT FOR DAMAGES**

in the driver's seat.

24.26. Defendants STEELMON and DOE OFFICERS (collectively, "Defendant Officers") approached the vehicle. DOE 1STEELMON was armed with a shotgun and approached the front passenger-side door and opened it.

25.27. Thereafter, DOE OFFICERSthe Defendant Officers escalated the situation when, pursuant to an order given by DOE 1STEELMON, DOE OFFICERSone or more of the other Defendant Officers forcefully removed JOSE VASQUEZ LOPEZ from the vehicle and DOE 1STEELMON aimed his shotgun at Oscar Vasquez Lopez.

26.28. Oscar Vasquez Lopez raised his hands to the level of the steering wheel so that they were clearly visible. However, when Oscar Vasquez Lopez moved his hands slightly and slowly, DOE 1STEELMON immediately discharged his shotgun at Oscar Vasquez Lopez, striking him in the head/neck area.

27.29. At the time of the shooting, Oscar Vasquez Lopez posed no immediate threat of death or serious physical injury to DOE OFFICERSthe Defendant Officers, or any other person.

28.30. At the time of the shooting, Oscar Vasquez Lopez was not holding any weapon, had made no aggressive movements, had not aimed any weapon toward DOE OFFICERSthe Defendant Officers, had not moved toward DOE OFFICERSthe Defendant Officers in any manner, and did not make any furtive movements that would suggest to a reasonable officer that Oscar Vasquez Lopez was attempting or intending to inflict harm to DOE OFFICERSthe Defendant Officers or anyone else.

29.31. At no time during the encounter did Oscar Vasquez Lopez verbally threaten to harm anyone.

30.32. On information and belief, at the time of the shooting, DOE OFFICERSthe Defendant Officers had no information that Oscar Vasquez Lopez had committed any crime, had any criminal history, or had ever physically harmed anyone.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

31.33. Prior to the shooting, ~~DOE OFFICERS~~ the Defendant Officers did not issue appropriate commands to Oscar Vasquez Lopez.

32.34. ~~DOE OFFICERS~~ The Defendant Officers did not employ tactics to de-escalate the situation, failed to give Oscar Vasquez Lopez time and space to understand and accept the presence of the officers, failed to approach and speak to Oscar Vasquez Lopez in a non-threatening manner, failed to consider whether Oscar Vasquez Lopez was able to understand them, and failed to give Oscar Vasquez Lopez the opportunity to consent to and cooperate with the instructions of the officers in a manner he could understand.

33.35. Oscar Vasquez Lopez was seated in his vehicle and did not pose an immediate threat to anyone at the time ~~DOE OFFICERS~~ STEELMON shot and killed him. On information and belief, ~~DOE OFFICERS~~ the Defendant Officers had alternate means of neutralizing and/or effectuating the seizure of Oscar Vasquez Lopez available, including through any of a variety of readily available less-than-lethal means or strategies. The force used by ~~the Defendants DOE OFFICERS,~~ STEELMON was unnecessary, excessive, and unreasonable under the totality of the circumstances.

34.36. ~~DOE 1~~ STEELMON shot Oscar Vasquez Lopez even though he was not an immediate threat of death or serious bodily injury to him or anyone else and there were other less lethal options available. ~~DOE 1~~ STEELMON did not show a reverance for human life, and this was not an immediate defense of life situation.

35.37. Based on information and belief, after ~~DOE 1~~ STEELMON discharged his firearm and ~~DOE OFFICERS~~ the Defendant Officers became aware of Oscar Vasquez Lopez's deteriorating physical condition, the Defendant Officer~~s DOE OFFICERS~~ waited several minutes before summoning paramedics to render medical care, and further delayed paramedics' access to Oscar Vasquez Lopez upon arrival.

36.38. Oscar Vasquez Lopez died as a result of his injuries caused by ~~DOE OFFICERS~~ the Defendant Officers.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    37.39. Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY

2    VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. are Oscar Vasquez Lopez's

3    successors in interest as defined in Section 377.11 of the Califoria Code of Civil

4    Procedure and succeed to Oscar Vasquez Lopez's interest in this action as the natural

5    children of Oscar Vasquez Lopez.

6    **FIRST CLAIM FOR RELIEF**

7    **Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

8    **Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ,**

9    **OSCAR VASQUEZ, K.V., and A.V. against Defendants DOES 1-10 SEAN**

10   **STEELMON**

11   38.40. Plaintiffs repeat and reallege each and every allegation in the foregoing

12   paragraphs of this Complaint with the same force and effect as if fully set forth

13   herein.

14   39.41. The unreasonable use of force by Defendants DOE

15   OFFICERSSTEELMON deprived Oscar Vasquez Lopez of his right to be secure in

16   his person against unreasonable searches and seizures as guaranteed to Oscar

17   Vasquez Lopez under the Fourth Amendment to the United States Constitution and

18   applied to state actors by the Fourteenth Amendment.

19   40.42. As a result, Oscar Vasquez Lopez suffered extreme pain and suffering

20   and eventually suffered a loss of life. Plaintiffs have also been deprived of the life-

21   long love, companionship, comfort, support, society, care, and sustenance of Oscar

22   Vasquez Lopez, and will continue to be so deprived for the remainder of their natural

23   lives. Plaintiffs are also claiming funeral expenses and loss of financial support.

24   41.43. As a result of the conduct of Defendants DOE OFFICERSSTEELMON,

25   they arehe is liable for Oscar Vasquez Lopez's injuries, either because they werehe

26   was an integral participants in the use of excessive force, or because they failed to

27   intervene to prevent these violations.

28   42.44. This use of deadly force was excessive and unreasonable under the

9

circumstances, especially since Oscar Vasquez Lopez never attempted to physically injure ~~DOE OFFICERS~~the Defendant Officers or anyone else prior to being fatally shot. Further, Oscar Vasquez Lopez never verbally threatened anyone and never pointed a weapon at ~~DOE OFFICERS~~the Defendant Officers or anyone else, prior to being fatally shot. Oscar Vasquez Lopez did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting. Defendant STEELMON's[2] actions thus deprived Oscar Vasquez Lopez of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

~~43.~~45. The conduct of Defendant~~s DOE OFFICERS~~STEELMON was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Oscar Vasquez Lopez and therefore warrants the imposition of exemplary and punitive damages as to Defendant~~s DOE OFFICERS~~STEELMON.

~~44.~~46. As a direct and proximate result of the wrongful death of Oscar Vasquez Lopez, Plaintiffs suffered the loss of love, companionship, comfort, care, assistance, protection, affection, society, financial support, moral support, and guidance of Oscar Vasquez Lopez. Accordingly, ~~DOE OFFICERS~~STEELMON ~~are~~is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

~~45.~~47. Plaintiffs also bring this claim as successors-in-interest to the Oscar Vasquez Lopez and seek both survival and wrongful death damages for the violation of Oscar Vasquez Lopez's rights.

~~46.~~48. Plaintiffs also seek attorney's fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment – Unlawful Detention and Arrest (42 U.S.C. § 1983)**

**Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against Defendant~~s DOES 1-10~~SEAN STEELMON and DOES 2-10**

~~47.~~49. Plaintiffs repeat and reallege each and every allegation in the foregoing

10

1  paragraphs of this Complaint with the same force and effect as if fully set forth

2  herein.

3      48.50. When Defendant DOE 1STEELMON trained his weapon on Oscar

4  Vasquez Lopez, Oscar Vasquez Lopez was not free to leave. DOE 1STEELMON

5  struck Oscar Vasquez Lopez with a lethal round, thereby seizing him. After the

6  shooting, on information and belief, DOE OFFICERSthe Defendant Officers

7  handcuffed Oscar Vasquez Lopez. DOE OFFICERSThe Defendant Officers did not

8  observe Oscar Vasquez Lopez commit any crime, and Oscar Vasquez Lopez was not

9  engaged in any criminal activity at the time of the seizure, the use of force, or the

10  handcuffing. In addition to the detention intself being unreasonable, the scope and

11  manner of the detention was also unreasonable, because it was not necessary or

12  reasonable to perpetuate the seizure of Oscar Vasquez Lopez by shooting him with a

13  shotgun.

14      49.51. When the Defendant Officers DOE OFFICERS engaged in the foregoing

15  conduct, detaining Oscar Vasquez Lopez without reasonable suspicion that he was

16  committing or had committed a crime and then arresting him without probable cause

17  to believe same, they violated his right to be secure in his person against

18  unreasonable searches and seizures as guaranteed to him under the Fourth

19  Amendment ot the United States Constition and applied to state actors by the

20  Fourteenth Amendment.

21      50.52. The conduct of the Defendant Officers DOE OFFICERS was willful,

22  wanton, malicious, and done with reckless disregard for the rights and safety of Oscar

23  Vasquez Lopez and therefore warrants the imposition of exemplary and punitive

24  damages as to Defendants STEELMON and DOE OFFICERS.

25      51.53. At all relevant times, DOE OFFICERSthe Defendant Officers were

26  acting under color of state law.

27      52.54. As a result of their misconduct, the Defendant Officers DOE OFFICERS

28  are liable for Oscar Vasquez Lopez's injuries, either because they were integral

---

11

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  participants in the wrongful detention and arrest, or because they failed to intervene
2  to prevent these violations.

3        ~~53.~~55. As a result of the foregoing, Oscar Vasquez Lopez suffered great
4  physical pain and emotional distress up to the time of his death after the shooting, and
5  also suffered a loss of enjoyment of life, loss of life, and loss of earning capacity.

6        ~~54.~~56. Plaintiffs also bring this claim as successors-in-interest to the Oscar
7  Vasquez Lopez and seek both survival and wrongful death damages for the violation
8  of Oscar Vasquez Lopez's rights. Plaintiffs are also claiming funeral expenses and
9  loss of financial support.

10        ~~55.~~57. Plaintiffs also seek attorney's fees and costs under this claim.

11                          **THIRD CLAIM FOR RELIEF**

12        **Fourth Amendment - Denial of Medical Care (42 U.S.C. § 1983)**

13        **Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ,**

14        **OSCAR VASQUEZ, K.V., and A.V. against Defendants SEAN STEELMON**

15                          **and DOES ~~12~~-10**

16        ~~56.~~58. Plaintiffs repeat and reallege each and every allegation in the foregoing
17  paragraphs of this Complaint with the same force and effect as if fully set forth
18  herein.

19        ~~57.~~59. The denial of medical care by the Defendant Officers ~~DOE OFFICERS~~
20  deprived Oscar Vasquez Lopez of his right to be secure in his persons against
21  unreasonable searches and seizures as guaranteed to Oscar Vasquez Lopez under the
22  Fourth Amendment to the United States Constitution and applied to state actors by
23  the Fourteenth Amendment.

24        ~~58.~~60. As a result, Oscar Vasquez Lopez suffered extreme mental and physical
25  pain and eventually suffered a loss of life and earning capacity. Plaintiffs have also
26  been deprived of the life-long love, companishionship, comfort, support, society,
27  care, and sustenance of Oscar Vasquez Lopez, and will continue to be so deprived for
28  the remainder of their natural lives. Plaintiffs are also claiming funeral and burial

1  expenses and loss of financial support.

2  ~~59.~~61. ~~The~~ Defendant Officers ~~DOE OFFICERS~~ knew that failure to provide

3  timely medical treatment to Oscar Vasquez Lopez could result in further significant

4  injury or the unnecessary and wanton infliction of pain, but disregarded that serious

5  medical need, causing Oscar Vasquez Lopez's death.

6  ~~60.~~62. The conduct of ~~the~~ Defendant Officers ~~DOE OFFICERS~~ was willful,

7  wanton, malicious, and done with reckless disregard for the rights and safety of Oscar

8  Vasquez Lopez and therefore warrants the imposition of exemplary and punitive

9  damages as to ~~the~~ Defendant ~~DOE OFFICERS~~Officers.

10  ~~61.~~63. Plaintiffs also bring this claim as successors-in-interest to the Oscar

11  Vasquez Lopez and seek both survival and wrongful death damages for the violation

12  of Oscar Vasquez Lopez's rights.

13  ~~62.~~64. Plaintiffs also seek attorney's fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

**First and Fourteenth Amendments – Interference with Familial Relationship**

**(42 U.S.C. § 1983)**

**Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ,**

**OSCAR VASQUEZ, K.V., and A.V. against Defendant~~s DOES 1-10~~SEAN**

**STEELMON**

20  ~~63.~~65. Plaintiffs repeat and reallege each and every allegation in the foregoing

21  paragraphs of this Complaint with the same force and effect as if fully set forth

22  herein.

23  ~~64.~~66. NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ,

24  OSCAR VASQUEZ, K.V., and A.V. had a cognizable interest under the Due Process

25  Clause of the Fourteenth Amendment of the United States Constitution to be free

26  from state actions that deprive them of life, liberty, or property in such a manner as to

27  shock the conscience, including but not limited to, unwarranted state interference in

28  Plaintiff's familial relationship with their father, Oscar Vasquez Lopez. These

13

Plaintiffs also had a cognizable interest under the First Amendment to the United

States Constitution to be free from state actions that unreasonably interfere with their

familial relationship and association with their father, Oscar Vasquez Lopez.

65.67. As a result of the excessive force by Defendant ~~DOE OFFICERS~~STEELMON, Oscar Vasquez Lopez died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with Oscar Vasquez Lopez.

66.68. The aforementioned actions of ~~DOE OFFICERS~~STEELMON, along with any undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of the Oscar Vasquez Lopez and Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

67.69. Defendant ~~DOE OFFICERS~~STEELMON, acting under color of state law, thus violated the First and Fourteenth Amendment rights of Plaintiffs to be free from unwarranted inferference with their familial relationship and right of association with Oscar Vasquez Lopez.

68.70. Defendant~~s~~ ~~DOE OFFICERS~~STEELMON, acting under color of state law, thus violated the First and Fourteenth Amendment rights of Oscar Vasquez Lopez and Plaintiffs.

69.71. As a direct and proximate cause of the actions of ~~DOE OFFICERS~~STEELMON, Plaintiffs have suffered emotionally and have been deprived of the life-long love, companishionship, comfort, support, society, care, and sustenance of Oscar Vasquez Lopez, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

70.72. As a result of the conduct of ~~DOE OFFICERS~~STEELMON, ~~they are~~he is liable for DECEDENT'S injuries because ~~they were~~he was an integral participant~~s~~ in the denial of due process and free association rights.

71.73. The conduct of DOE OFFICERS STEELMON was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Oscar Vasquez Lopez and for the rights of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS STEELMON.

72.74. Plaintiffs bring this claim individually and seek wrongful death damages under this claim for the interference with Plaintiffs' familial relationship and right of association with Oscar Vasquez Lopez.

73.75. Plaintiffs also seek attorney's fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

**Muncipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against Defendant CITY OF LOS ANGELES**

74.76. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

75.77. On information and belief, the CITY made a formal decision that the shooting of Oscar Vasquez Lopez was found to be "within policy" of the CITY's Police Department protocols, notwithstanding that Oscar Vasquez Lopez was not an imminent threat to DOE OFFICERS when he was shot by DOE 1. This manifests a deliberate indifference to the civil rights of the residents of the CITY.

76.78. On information and Defendant CITY and CITY executives ratified, acquiesced, and condoned the shooting of Oscar Vasquez Lopez by DOE 1.

77.79. On information and belief, DOE OFFICERS, were not disciplined, and were not given additional training, after the shooting of Oscar Vasquez Lopez, which evidences ratification and acquiescence in the shooting of Oscar Vasquez Lopez by DOE 1.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

78.80. On and for some time prior to October 7, 2023, and continuing to the present date, Defendant CITY deprived Oscar Vasquez Lopez and Plaintiffs of the rights and liberties secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution, because said Defendant and its supervising and managerial employees, acted with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Oscar Vasquez Lopez, and of persons in their class, situation and comparable position in particularly, knowingly maintained, enforced, and applied an official recognized custom, policy, and practice of:

       a.    Employing and retaining as police officers and other personnel, including DOE OFFICERSthe Defendant Officers, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities of abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies.

       b.    Inadequately supervising, training, controlling, assigning, and disciplining CITY's police officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits.

       c.    Failing to adequately train officers, including DOE OFFICERSthe Defendant Officers, and failing to institute appropriate policies, regarding the use of excessive force, including deadly force; and

       d.    Having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which is also demonstrated by inadequate training regarding these subjects.;

1   e. Maintaining grossly inadequate procedures for reporting,

2    supervising, investigating, reviewing, disciplining the intentional

3    misconduct of Defendant CITY police officers, such as DOE

4    OFFICERS;

5   f. Failing to discipline CITY police officers, such as DOE

6    OFFICERS, for conduct such as unlawful detention and excessive

7    use of deadly force;

8   g. Ratifying the misconduct of Defendant CITY police officers, such

9    as DOE OFFICERS, for conduct such as excessive use of deadly

10    force;

11   h. Failing to properly investigate incidents of excessive use of

12    deadly force by Defendant CITY police officers, such as DOE

13    OFFICERS; and,

14  79. On information and belief, it is the policy, custom, and practice of

15 Defendant CITY to not objectively investigate complaints of previous incidents of

16 wrongful shootings, excessive use of deadly force, and illegal arrests, and instead, to

17 officially claim that such incidents are justified and proper.

18  80. The policies, customs, and practices of Defendant CITY do in fact

19 encourage CITY police officers such as ~~DOE OFFICERS~~the Defendant Officers, to

20 believe that wrongful shootings, excessive use of deadly force against residents, and

21 illegal arrests are permissible and will be permitted by Defendant CITY. The

22 Defendant Officers ~~DOE OFFICERS~~ were aware of the policies, customs, and

23 practices of Defendants CITY and ~~DOE OFFICERS~~the Defendant Officers used

24 excessive deadly force against Oscar Vasquez Lopez. These policies and customs of

25 the CITY were the driving force that caused ~~DOE 1~~STEELMON to shoot Oscar

26 Vasquez Lopez.

27  81. Other systemic deficiencies, policies, customs, and practices which

28 indicated, and continue to indicate, a deliberate indifference to the violations of the

17

**FIRST AMENDED COMPLAINT FOR DAMAGES**

civil rights by the CITY police officers, such as ~~DOE OFFICERS~~the Defendant Officers, that Defendant~~s~~ CITY ~~were~~ was aware of, and has condoned and ratified include:

       a.    Preparation of investigative reports designed to vindicate the use of excessive use of force, regardless of whether such force was justified;

       b.    Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the assault, battery, excessive use of force incidents and which systematically fail to credit testimony by non-police witnesses;

       c.    Issuance of public statements exonerating officers involved in such incidents prior to the completion of investigations of the excessive use of force;

       d.    Failure to objectively and independently review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence of the wrongful shooting, assault, excessive use of deadly force, or which contradict such evidence.

82.    By reason of the aforementioned policies and practices of Defendant CITY, Oscar Vasquez Lopez was severely injured and subjected to pain and suffering and lost his life.

83.    Defendant CITY, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, CITY condoned, tolerated and through actions and inactions thereby ratified such policies. CITY also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Oscar Vasquez Lopez, and other individuals similarly situated.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

84.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendant CITY acted with an intentional, reckless, and callous disregard for the rights and the life of Oscar Vasquez Lopez, and Oscar Vasquez Lopez's and Plaintiffs' constitutional rights.

85.    The following are only a few examples of cases where Los Angeles Police Department officers used excessive deadly force and were not disciplined, reprimanded, retained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the CITY routinely ratifies such behavior, fails to properly train its Officers, and maintains a practice of allowing such behavior:

      a.    In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVH (SHx), a unanimous jury awarded for Mr. Contreras after finding that the involved LAPD officers used excessive and unreasonable force when they shot Mr. Contreras, who was unarmed.

      b.    In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA, a unanimous jury awarded for plaintiffs after finding that the involved LAPD officers' use of deadly force was excessive and unreasonable.

      c.    In *Herrera, et al. v. City of Los Angeles, et al.,* case number 16-cv-02719-DSF (SHx), a unanimous jury awarded for plaintiffs where an LAPD officer used excessive force.

      d.    In *Mears, et al. v. City of Los Angeles*, et al., case number 2:15-cv-08441-JAK-AJW, a unanimous jury found *Monell* liability on the part of the City for failure to properly train its LAPD officers and found that the involved officers' use of deadly force was excessive and unreasonable.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

e.    In *Hernandez, et al. v. City of Los Angeles*, et al., case number
2:16-cv-02689, a unanimous jury found that two LAPD officers
used excessive and unreasonable force against Alex Jimenez, who
was unarmed.

f.    In *L.D., et al. v. City of Los Angeles*, case number 2:16-cv-04626-
PSG, a unanimous jury found that officers used excessive and
unreasonable force against Cesar Frias.

g.    In *Medina v. City of Los Angeles*, case number CV 06-4926-CBM
(Ex), plaintiff alleged that the involved LAPD officers used
excessive and unreasonable force when they kept the decedent
down in a prone position while he was handcuffed and hobbled
and placed weight on his back and pressure on his neck for an
extended period of time. The medical examiner in that case
confirmed that the decedent died as a result of restraint asphyxia.
A unanimous jury returned a verdict in plaintiff's favor, finding
that the use of force was excessive and unreasonable. In that case,
the involved officers were not disciplined or retrained for their
use of force, and the CITY found that the officer's conduct was
justified and did not violate any CITY policy.

h.    In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-
00333-JAK-E, the family of an unarmed man (David Martinez),
who was shot and killed by LAPD Rampart officers, alleged that
the force used by the officers was excessive and unreasonable.
Police reports confirmed that Mr. Martinez was unarmed at the
time of the shooting. In that case, the involved officers were not
disciplined or retrained for their use of deadly force, and the
CITY found that the shooting was justified and did not violate
any CITY policy.

FIRST AMENDED COMPLAINT FOR DAMAGES

i.   In *Murrillo v. City of Los Angeles*, No. 2:21-cv-08738-FMO-AGR, a unanimous jury found for plaintiffs and determined that a LAPD officer's shooting of Jesse Murrillo while he was not approaching officers and posed no immediate threat was excessive and unreasonable.

86.   Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant CITY were affirmatively linked to and were significantly influential forces behind the injuries of Oscar Vasquez Lopez and Plaintiffs.

87.   By reason of the aforementioned acts and omissions of Defendant CITY, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support of Oscar Vasquez Lopez.

88.   Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

89.    Plaintiffs bring this claim individually and as successors in interest to Oscar Vasquez Lopez and seek both survival and wrongful death damages under this claim. Plaintiffs are also claiming funeral expenses and loss of financial support.

90.    Plaintiffs also seek statutory attorney fees and costs under this claim.

90.   / / /

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

### By Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against Defendant CITY OF LOS ANGELES

91.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

21

**FIRST AMENDED COMPLAINT FOR DAMAGES**

92.    The Defendant Officers DOE OFFICERS acted under color of law. The acts of said Defendants deprived Oscar Vasquez Lopez and Plaintiffs of their particular rights under the United States Constitution.

93.    The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

94.    Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

95.    The negligent and unjustified use of force by the said Defendant Officers DOE OFFICERS was a result of the negligent training by the Defendant CITY, who failed to train CITY officers as to proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. CITY was responsible for the training of CITY officers to ensure that the actions, procedures, and practices of said Defendants complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, and proper use of deadly force.

96.    CITY negligently failed to train CITY officers to comply with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of CITY were not adequate to train its police officers to handle the usual and recurring situations with residents that said Defendants have contact with.

97.    The training policies of the CITY were deficient in the following ways:

a.    The CITY failed to properly train CITY police officers, so that officers do not escalate their interactions with members of the public and do not overreact and resort to use of deadly force when the use of force was not necessary.

1    b.    The CITY failed to properly train CITY police officers, such as
2          the Defendant Officers DOE OFFICERS, in proper police
3          tactics, such as situational awareness so that police officers do
4          not utilize negligent tactics. Because of this lack of proper
5          training by the CITY, the Defendant Officers DOE OFFICERS
6          did not use proper police tactics in handling of the contact with
7          Oscar Vasquez Lopez, and instead used defective police tactics,
8          including the lack of a situational awareness by the said
9          Defendants. These defective tactics resulted in the death of
10         Oscar Vasquez Lopez.

11   c.    The CITY failed to properly train CITY police officers, such as
12         the Defendant Officers DOE OFFICERS, in the use of effective
13         communication prior to using force. Because of the lack of
14         proper training by the CITY, said Defendants did not use
15         effective communication prior to and during the use of force
16         against Oscar Vasquez Lopez. The ineffective communication
17         of information by said Defendants prior to, and during the
18         incident, resulted in the death of Oscar Vasquez Lopez.

19   98.   The failure of Defendant CITY to provide adequate training caused the
20   deprivation of Oscar Vasquez Lopez's and Plaintiffs' rights by said Defendants; that
21   is, Defendant CITY's failure to train is so closely related to the deprivation of the
22   Oscar Vasquez Lopez's and Plaintiffs' rights as to be the moving force that caused
23   the ultimate injury.

24   99.   The following are only a few examples of continued conduct by police
25   officers working for the City of Los Angeles, which indicate the City of Los
26   Angeles's failure to properly train its police officers:

27   a.    In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-
28         SVH (SHx), a unanimous jury awarded for Mr. Contreras after

23

1    finding that the involved LAPD officers used excessive and

2    unreasonable force when they shot Mr. Contreras, who was

3    unarmed.

4    b.    In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413

5        PLA, a unanimous jury awarded for plaintiffs after finding that

6        the involved LAPD officers' use of deadly force was excessive

7        and unreasonable.

8    c.    In *Herrera, et al. v. City of Los Angeles, et al.,* case number 16-

9        cv-02719-DSF (SHx), a unanimous jury award for plaintiffs

10       where an LAPD officer used excessive force.

11   d.    In *Mears, et al. v. City of Los Angeles*, et al., case number 2:15-

12       cv-08441-JAK-AJW, a unanimous jury found *Monell* liability on

13       the part of the City for failure to properly train its LAPD officers

14       and found that the involved officers' use of deadly force was

15       excessive and unreasonable.

16   e.    In *Hernandez, et al. v. City of Los Angeles*, et al., case number

17       2:16-cv-02689, a unanimous jury found that two LAPD officers

18       used excessive and unreasonable force and restraint against Alex

19       Jimenez, who was unarmed.

20   f.    In *L.D., et al. v. City of Los Angeles*, case number 2:16-cv-04626-

21       PSG, a unanimous jury found that officers used excessive and

22       unreasonable force against Cesar Frias, including the use of tasers

23       and bean bag shotguns.

24   g.    In *Medina v. City of Los Angeles*, case number CV 06-4926-CBM

25       (Ex), plaintiff alleged that the involved LAPD officers used

26       excessive and unreasonable force when they kept the decedent

27       down in a prone position while he was handcuffed and hobbled

28       and placed weight on his back and pressure on his neck for an

FIRST AMENDED COMPLAINT FOR DAMAGES

1    extended period of time. The medical examiner in that case
2    confirmed that the decedent died as a result of restraint asphyxia.
3    A unanimous jury returned a verdict in plaintiff's favor, finding
4    that the use of force was excessive and unreasonable. In that case,
5    the involved officers were not disciplined or retrained for their
6    use of force, and the CITY found that the officer's conduct was
7    justified and did not violate any CITY policy.

8    h.    In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-
9          00333-JAK-E, the family of an unarmed man (David Martinez),
10         who was shot and killed by LAPD Rampart officers, alleged that
11         the force used by the officers was excessive and unreasonable.
12         Police reports confirmed that Mr. Martinez was unarmed at the
13         time of the shooting. In that case, the involved officers were not
14         disciplined or retrained for their use of deadly force, and the
15         CITY found that the shooting was justified and did not violate
16         any CITY policy.

17   i.    In *Murrillo v. City of Los Angeles*, No. 2:21-cv-08738-FMO-
18         AGR, a unanimous jury found for plaintiffs and determined that a
19         LAPD officer's shooting of Jesse Murrillo while he was not
20         approaching officers and posed no immediate threat was
21         excessive and unreasonable.

22   100.   By reason of the aforementioned acts and omissions of Defendants,
23   Plaintiffs were caused to incur funeral and related burial expenses, and loss of
24   financial support.

25   101.   By reason of the aforementioned acts and omissions, the Plaintiffs have
26   suffered loss of the love, companionship, affection, comfort, care, society, training,
27   guidance, and moral support of Oscar Vasquez Lopez.

28

---

25

**FIRST AMENDED COMPLAINT FOR DAMAGES**

102.   Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

103.   Plaintiffs bring this claim individually and as successors-in-interest to Oscar Vasquez Lopez and seek both survival and wrongful death damages under this claim.

104.   Plaintiffs also seek statutory attorney fees and costs under this claim.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

### By Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against Defendant CITY OF LOS ANGELES

105.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

106.   The Defendant Officers DOE OFFICERS acted under color of law.

107.   The acts of the Defendant Officers DOE OFFICERS deprived Oscar Vasquez Lopez and Plaintiffs of their particular rights under the United States Constitution.

108.   On information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of DOE OFFICERSthe Defendant Officers, ratified the Defendant OfficersDOE OFFICERS' acts and the bases for them. The final policymaker knew of and specifically approved of the Defendant OfficersDOE OFFICERS' acts.

109.   On information and belief, a final policymaker has determined that the acts of the Defendant Officers DOE OFFICERS were "within policy."

110.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered the loss of love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Oscar Vasquez Lopez. The aforementioned

26

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  acts and omissions also caused Oscar Vasquez Lopez's pain and suffering, loss of
2  enjoyment of life, and death.

3      111.   Accordingly, Defendant CITY is liable to Plaintiffs for compensatory
4  damages under 42 U.S.C. § 1983.

5      112.   Plaintiffs bring this claim individually and as successors-in-interest to
6  Oscar Vasquez Lopez and seek both survival damages, including pre-death pain and
7  suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful
8  death damages under this claim. Plaintiffs are also claiming funeral expenses and
9  loss of financial support.

10     113.   Plaintiffs also seek attorney's fees and costs under this claim.

11               **EIGHTH CLAIM FOR RELIEF**
12     **Battery (Cal. Govt. Code § 820 and California Common Law)**
13                    **(Wrongful Death)**
14   **By Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY ANELI**
15   **VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against ~~all~~ Defendants SEAN**
16       **STEELMON and CITY OF LOS ANGELES**

17     114.   Plaintiffs repeat and reallege each and every allegation in the foregoing
18  paragraphs of this Complaint with the same force and effect as if fully set forth
19  herein.

20     115.   Defendant ~~DOE 1~~ STEELMON, while working as a police officer for
21  the CITY Police Department and acting within the course and scope of his duties,
22  intentionally shot Oscar Vasquez Lopez. Defendant~~s DOE 1~~ STEELMON had no
23  legal justification for using deadly force against Oscar Vasquez Lopez, and said
24  Defendant's use of force while carrying out his police officer duties was an
25  unreasonable use of force, especially since Oscar Vasquez Lopez was not an
26  imminent threat to ~~DOE OFFICERS~~ the Defendant Officers or anyone else. The use
27  of deadly force was also unreasonable because there were less intrusive options
28  readily available.

FIRST AMENDED COMPLAINT FOR DAMAGES

116.   As a result of the actions of ~~DOE 1~~STEELMON, Oscar Vasquez Lopez suffered severe mental and physical pain and suffering, loss of enjoyment of life and ultimately died from his injuries and lost learning capacity.

117.   CITY is vicariously liable for the wrongful acts of ~~DOE OFFICERS~~STEELMON pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

118.   The conduct of ~~DOE OFFICERS~~STEELMON was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and Oscar Vasquez Lopez, entitling Plaintiffs, individually and/or as successor-in-interest to Oscar Vasquez Lopez, to an award of exemplary and punitive damages. Plaintiffs are also claiming funeral expenses and loss of financial support.

119.   Plaintiffs bring this claim individually and as successors-in-interest to Oscar Vasquez Lopez and seek both survival damages, including for pre-death pain and suffering, and wrongful death damages under this claim.

## NINTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

**(Wrongful Death)**

**By Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against all Defendants**

120.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

121.    The actions and inactions of Defendants were negligent, including but not limited to:

      a.   The failure to properly and adequately train employees including ~~DOE OFFICERS~~the Defendant Officers with regard to the use of

1  force, including deadly force;

2  b.  The failure to properly and adequately assess the need to detain,

3  arrest, and use force, including deadly force against Oscar

4  Vasquez Lopez;

5  c.  The negligent tactics and handling of the situation with Oscar

6  Vasquez Lopez, including pre-shooting negligence;

7  d.  The negligent detention, arrest, and use of force, including deadly

8  force, against Oscar Vasquez Lopez;

9  e.  The negligent failure to provide and or summon prompt medical

10  care to Oscar Vasquez Lopez;

11  f.  The failure to give a verbal warning or appropriate commands

12  prior to shooting;

13  g.  And failure to properly train and supervise employees, including

14  DOE OFFICERSthe Defendant Officers.

15  122.  As a direct and proximate result of Defendants' conduct as alleged

16  above, and other undiscovered negligent conduct, Oscar Vasquez Lopez suffered

17  extreme mental and physical pain and suffering and ultimately died and lost earning

18  capacity. Also, as a direct and proximate result of Defendants' conduct as alleged

19  above, Plaintiffs have also been deprived of the life-long love, companionship,

20  comfort, support, society, care, and sustenance of Oscar Vasquez Lopez, and will

21  continue to be so deprived for the remainder of their natural lives. Plaintiffs are also

22  claiming funeral and burial expenses and loss of financial support.

23  123.  CITY is vicariously liable for the wrongful acts of DOE OFFICERSthe

24  Defendant Officers pursuant to section 815.2(a) of the California Government Code,

25  which provides that a public entity is liable for the injuries caused by its employees

26  within the scope of the employment if the employee's act would subject him or her to

27  liability.

28

124.   Plaintiffs bring this claim individually and as successors-in-interest to Oscar Vasquez Lopez and seek both survival damages, including for pre-death pain and suffering, and wrongful death damages under this claim.

**<ins>TENTH CLAIM FOR RELIEF</ins>**

**Negligent Infliction of Emotional Distress**

**(Cal. Govt. Code § 820 and California Common Law)**

**By Plaintiff JOSE VASQUEZ LOPEZ against all Defendants**

125.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

126.   The Defendant Officers ~~DOE OFFICERS~~' negligence caused physical injury and death to Oscar Vasquez Lopez when ~~DOE 1~~STEELMON discharged his firearm at Oscar Vasquez Lopez, striking Oscar Vasquez Lopez and eventually killing him. The use of deadly force by ~~DOE OFFICERS~~STEELMON was excessive, unreasonable and ~~DOE 1~~STEELMON was negligent in discharging his firearm at Oscar Vasquez Lopez, including through his pre-shooting negligent conduct, actions, inactions and tactics.

127.   JOSE VASQUEZ LOPEZ was present at the scene when ~~DOE 1~~STEELMON fatally discharged his firearm at Oscar Vasquez Lopez and JOSE VASQUEZ LOPEZ was then aware that Oscar Vasquez Lopez was being injured.

128.   As a result of being present at the scene and perceiving his brother, Oscar Vasquez Lopez, being fatally shot by ~~DOE OFFICERS~~STEELMON, JOSE VASQUEZ LOPEZ suffered serious emotional distress, including but not limited to suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

129.   On information and belief, an ordinary reasonable person would be unable to cope with witnessing his brother being fatally shot by the police.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   130.   CITY is vicariously liable for the wrongful acts of ~~DOE OFFICERS~~the

2   Defendant Officers pursuant to section 815.2(a) of the California Government Code,

3   which provides that a public entity is liable for the injuries caused by its employees

4   within the scope of the employment if the employee's act would subject him or her to

5   liability.

6   131.   Plaintiff JOSE VASQUEZ LOPEZ brings this claim individually and

7   seeks damages under this claim as an individual.

8   **ELEVENTH CLAIM FOR RELIEF**

9   **Violation of Bane Act (Cal. Civil Code § 52.1)**

10  **By Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ,**

11  **OSCAR VASQUEZ, K.V., and A.V. against ~~all~~ Defendants SEAN STEELMON**

12  **and CITY OF LOS ANGELES**

13  132.   Plaintiffs repeat and reallege each and every allegation in the foregoing

14  paragraphs of this Complaint with the same force and effect as if fully set forth

15  herein.

16  133.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person

17  from interfering with another person's exercise or enjoyment of his constitutional

18  rights by threats, intimidation, or coercion (including by the use of unconstitutionally

19  excessive force).

20  134.   Any individual whose exercise or enjoyment of rights secured by the

21  Constitution or laws of this state, has been interfered with, as described in

22  subdivision (a), may institute and prosecute in his name and on his own behalf a civil

23  action for damages, including but not limited to, damages under Section 52,

24  injunctive relief, and other appropriate equitable relief to protect the peaceable

25  exercise or enjoyment of the rights secured, including appropriate equitable and

26  declaratory relief to eliminate a pattern or practice of conduct as described in

27  subdivision (a).

28  135.   The Bane Act, the California Constitution and California common law

FIRST AMENDED COMPLAINT FOR DAMAGES

1  prohibit the use of excessive force, wrongful detention and arrest, and denial of

2  medical care by law enforcement. California Civil Code, Section 52.1(b) authorizes a

3  private right of action and permits survival actions for such claims. Defendant~~s DOE~~

4  ~~OFFICERS~~STEELMON violated Oscar Vasquez Lopez's constitutional rights by

5  wrongfully detaining and arresting him, using excessive force against him, and

6  denying him medical care, all of which acts were done intentionally and with a

7  reckless disregard for Oscar Vasquez Lopez's constitutional rights.

8     136.   Defendant ~~DOE OFFICERS'~~STEELMON's use of deadly force was

9  excessive and unreasonable under the circumstances. Further, ~~the involved~~

10 ~~officers~~STEELMON did not give a verbal warning or any commands prior to fatally

11 shooting Oscar Vasquez Lopez, despite being feasible to do so. The conduct of

12 Defendant ~~DOE OFFICERS~~STEELMON was a substantial factor in causing the

13 harm, losses, injuries, and damages of Oscar Vasquez Lopez and Plaintiffs.

14    137.   Defendant~~s DOE OFFICERS~~STEELMON intentionally violated Oscar

15 Vasquez Lopez's constitutional rights by using excessive deadly force against Oscar

16 Vasquez Lopez, including but not limited to, shooting Oscar Vasquez Lopez without

17 warning. Further, these acts by ~~DOE OFFICERS~~STEELMON demonstrate that ~~they~~

18 he had a reckless disregard for Oscar Vasquez Lopez's constitutional rights.

19    138.   At the time of the shooting Oscar Vasquez Lopez did not pose an

20 immediate threat of death or serious bodily injury and Oscar Vasquez Lopez never

21 verbally threatened anyone prior to the shooting. There is direct and circumstantial

22 evidence that ~~DOE OFFICERS~~STEELMON intentionally violated Oscar Vasquez

23 Lopez's rights by unlawfully detaining him, by attempting to unlawfully arrest him

24 and by fatally shooting him.

25    139.   Defendant ~~DOE OFFICERS~~STEELMON, while working as a police

26 officer~~s~~ for the CITY Police Department, and acting within the course and cope of

27 ~~their~~ his duties, interfered with or attempted to interfere with the rights of Oscar

28 Vasquez Lopez to be free from unreasonable searches and seizures, and to be free

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  from state actions that shock the conscience, by threatening or committing acts

2  involving violence, threats, coercion, or intimidation.

3      140.   Oscar Vasquez Lopez was caused to suffer extreme mental and physical

4  pain and suffering and ultimately died and lost earning capacity. Plaintiffs have also

5  been deprived of the life-long love, companionship, comfort, support, society, care,

6  and sustenance of Oscar Vasquez Lopez, and will continue to be so deprived for the

7  remainder of their natural lives. Plaintiffs also claim funeral and burial expenses and

8  loss of financial support.

9      141.   The conduct of ~~DOE OFFICERS~~STEELMON was a substantial factor

10  in causing the harm, losses, injuries and damages of Oscar Vasquez Lopez and

11  Plaintiffs.

12      142.   Defendant CITY is vicariously liable for the wrongful acts of ~~DOE~~

13  ~~OFFICERS~~STEELMON pursuant to section 815.2(a) of the California Government

14  Code, which provides that a public entity is liable for the injuries caused by its

15  employees within the scope of the employment if the employee's act would subject

16  him or her to liability.

17      143.   The conduct of ~~DOE OFFICERS~~STEELMON was malicious, wanton,

18  oppressive, and accomplished with a conscious disregard for the rights of Oscar

19  Vasquez Lopez entitling Plaintiffs to an award of exemplary and punitive damages.

20      144.   Plaintiffs bring this claim individually and as successors-in-interest to

21  Oscar Vasquez Lopez and seek compensatory and survival damages, including for

22  his pre-death pain and suffering, under this claim.

23      145.   Plaintiffs also seek costs and attorney fees under this claim.

24

25  ///

26

27  ///

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    / / /

2

3    / / /

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., A.V., and JOSE VASQUEZ LOPEZ requests entry of judgment in their favor and against Defendants CITY, SEAN STEELMON, and DOES 2-10, inclusive, as follows:

A.   For compensatory damages, including both survival and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.   For other general damages in an amount according to proof at trial;

C.   For other non-economic damages in an amount according to proof at trial;

D.   For other special damages in an amount according to proof at trial;

E.   For punitive damages against the individual defendants in an amount to be proven at trial;

F.   Attorney's fees pursuant to 42 U.S.C. § 1988;

G.   Attorney's fees and costs pursuant to Cal. Civ. Code § 52.1(h)

H.   For interest;

I.   For reasonable costs of this suit; and

J.   For such further other relief as the Court may deem just, proper, and appropriate.


DATED: April 7, 2025            **LAW OFFICES OF DALE K. GALIPO**



By: _____
        DALE K. GALIPO
        BENJAMIN S. LEVINE
        Attorneys for Plaintiffs

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiffs named herein hereby demand a trial by jury.


DATED: April 7, 2025          **LAW OFFICES OF DALE K. GALIPO**


                                    By:   _____
                                          DALE K. GALIPO
                                          BENJAMIN S. LEVINE
                                          Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<span style="color:red">FIRST AMENDED</span> COMPLAINT FOR DAMAGES**