**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; DAYLIN VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; LUSSY VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; OSCAR VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; K.V., by and through her guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; A.V., by and through his guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; and JOSE VASQUEZ LOPEZ, individually, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES; SEAN STEELMON; and DOES 2 through 10, inclusive, | Case No. 8:24-cv-02421-FLA-JDE <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983) <br> 2. Fourth Amendment, Unlawful Detention and Arrest (42 U.S.C. § 1983) <br> 3. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983) <br> 4. First and Fourteenth Amendments, Interference with Familial Relationship (42 U.S.C. § 1983) <br> 5. Municipal Liability, Unconstitutional Custom or Policy (42 U.S.C. § 1983) <br> 6. Municipal Liability, Failure to Train (42 U.S.C. § 1983) <br> 7. Municipal Liability, Ratification (42 U.S.C. § 1983) <br> 8. Battery <br> 9. Negligence <br> 10. Negligent Infliction of Emotional Distress, Bystander <br> 11. Violation of Bane Act (Cal. Civil Code §52.1) <br><br> **DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Defendants.

COME NOW, Plaintiffs NELSON VASQUEZ, individually and as successor-in-interest to Oscar Vasquez Lopez, deceased; DAYLIN VASQUEZ, individually and as successor-in-interest to Oscar Vasquez Lopez, deceased; LUSSY VASQUEZ, individually and as successor-in-interest to Oscar Vasquez Lopez, deceased; OSCAR VASQUEZ, individually and as successor-in-interest to Oscar Vasquez Lopez, deceased; K.V., by and through her guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Oscar Vasquez Lopez, deceased; A.V., by and through his guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Oscar Vasquez Lopez, deceased; and JOSE VASQUEZ LOPEZ, individually (collectively, "Plaintiffs"), for their Complaint against Defendants CITY OF LOS ANGELES, SEAN STEELMON, and DOES 2 through 10, inclusive (collectively, "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and because, on information and belief, all Defendants reside in this district.

## INTRODUCTION

3.    This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States

Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' father and brother, Oscar Vasquez Lopez, on October 7, 2023.

4.      Plaintiffs allege that the death of Oscar Vasquez Lopez was a result of Defendants SEAN STEELMON and DOE OFFICERS' excessive use of deadly force, failure to timely provide reasonable medical care to Oscar Vasquez Lopez despite his serious medical condition after being shot, deliberate indifference to Oscar Vasquez Lopez's Constitutional rights, and negligence.

5.      The policies and customs behind shootings of civilians such as Oscar Vasquez Lopez, and the failure to de-escalate the interaction and employ less-lethal weapons are fundamentally unconstitutional and have violated the civil rights of residents of the CITY, such as Plaintiffs and Oscar Vasquez Lopez. Accordingly, Plaintiffs herein seek by means of this civil rights action to hold accountable those responsible for the death of Oscar Vasquez Lopez, and to challenge the unconstitutional policies and practices of the CITY.

## PARTIES

6.      At all relevant times, Oscar Vasquez Lopez was an individual residing in the City of Los Angeles, California.

7.      Plaintiff NELSON VASQUEZ is an individual residing in the city of Fullerton, California and is the natural son of Oscar Vasquez Lopez. NELSON VASQUEZ sues in his individual capacity as the son of Oscar Vasquez Lopez and a representative capacity as successor-in-interest to Oscar Vasquez Lopez pursuant to California Code of Civil Procedure §377.60. NELSON VASQUEZ seeks both survival and wrongful death damages under federal and state law.

8.      Plaintiff DAYLIN VASQUEZ is an individual residing in the state of Florida and is the natural daughter of Oscar Vasquez Lopez. DAYLIN VASQUEZ sues in her individual capacity as the daughter of Oscar Vasquez Lopez and a representative capacity as a successor-in-interest to Oscar Vasquez Lopez pursuant to California Code of Civil Procedure §377.60. DAYLIN VASQUEZ seeks both

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    survival and wrongful death damages under federal and state law.

2        9.    Plaintiff LUSSY VASQUEZ is an individual residing in the country of

3    Guatemala and is the natural daughter of Oscar Vasquez Lopez. LUSSY VASQUEZ

4    sues in her individual capacity as the daughter of Oscar Vasquez Lopez and a

5    representative capacity as successor-in-interest to Oscar Vasquez Lopez pursuant to

6    California Code of Civil Procedure §377.60. LUSSY VASQUEZ seeks both survival

7    and wrongful death damages under federal and state law.

8        10.    Plaintiff OSCAR VASQUEZ is a minor individual residing in the state

9    of Florida and is the natural son of Oscar Vasquez Lopez. OSCAR VASQUEZ sues

10   in his individual capacity as the son of Oscar Vasquez Lopez and a representative

11   capacity as successor-in-interest to Oscar Vasquez Lopez pursuant to California Code

12   of Civil Procedure §377.60. OSCAR VASQUEZ seeks both survival and wrongful

13   death damages under federal and state law.

14       11.    Plaintiff K.V. is a minor individual residing in the country of Guatemala

15   and is the natural daughter of Oscar Vasquez Lopez. K.V. sues in her individual

16   capacity as the daughter of Oscar Vasquez Lopez and a representative capacity as

17   successor-in-interest to Oscar Vasquez Lopez pursuant to California Code of Civil

18   Procedure §377.60. K.V. seeks both survival and wrongful death damages under

19   federal and state law.

20       12.    Plaintiff A.V. is a minor individual residing in the country of Guatemala

21   and is the natural son of Oscar Vasquez Lopez. A.V. sues in his individual capacity

22   as the son of Oscar Vasquez Lopez and a representative capacity as successor-in-

23   interest to Oscar Vasquez Lopez pursuant to California Code of Civil Procedure

24   §377.60. A.V. seeks both survival and wrongful death damages under federal and

25   state law.

26       13.    Plaintiff JOSE VASQUEZ LOPEZ is an individual residing in the City

27   of Fullerton, California and is the natural brother of Oscar Vasquez Lopez. JOSE

28   VASQUEZ LOPEZ sues in his individual capacity as the brother of Oscar Vasquez

1  Lopez and seeks compensatory damages under state law.

2       14.    At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is

3  and was a municipal corporation existing under the laws of the State of California.

4  CITY is a chartered subdivision of the State of California with the capacity to be

5  sued. CITY is responsible for the actions, omissions, policies, procedures, practices,

6  and customs of its various agents and agencies, including the Los Angeles Police

7  Department ("LAPD") and its agents and employees. At all relevant times, Defendant

8  CITY was responsible for assuring that the actions, omissions, policies, procedures,

9  practices, and customs of the CITY and its employees and agents complied with the

10  laws of the United States and of the State of California. At all relevant times, CITY

11  was the employer of some or all of Defendants DOES 2-10.

12       15.    Defendant SEAN STEELMON ("STEELMON") is a police officer for

13  the CITY working for the LAPD at the time of this incident. STEELMON was acting

14  under color of law within the course and scope of his employment with the CITY and

15  LAPD at all relevant times. STEELMON was acting with the complete authority and

16  ratification of his principal, Defendant CITY.

17       16.    Defendants DOES 2-10 are police officers for the CITY's Police

18  Department ("DOE OFFICERS").  At all relevant times, DOE OFFICERS were

19  acting under color of law within the course and scope of their duties as officers for

20  the Police Department; and were acting with the complete authority and ratification

21  of their principal, Defendant CITY.

22       17.    On information and belief, Defendants STEELMON and DOES 2-10

23  were residents of the City of Los Angeles, California at all relevant times.

24       18.    In doing the acts, failings, and/or omissions as hereinafter described,

25  Defendants STEELMON and DOE OFFICERS were acting on the implied and actual

26  permission and consent of Defendant CITY.

27       19.    The true names and capacities, whether individual, corporate,

28  association or otherwise of Defendant DOES 2-10, inclusive, are unknown to

Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this compliant to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictiously named Defendants is responsible in some manner for the conduct or liabilities alleged herin.

20.   Defendants DOES 2-10 are sued in their individual capacities.

21.   At all times mentioned herein, each and every Defendant, including DOES 6-10, was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

22.   All of the acts complained of herein by Plaintiffs against Defendants, including DOES 2-10, were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting with the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained herein.

23.   On or around March 29, 2024, Plaintiffs filed comprehensive and timely claims for damages with the City of Los Angeles pursuant to the applicable sections of the California Government Code. Said claims were denied on May 8, 2024.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

24.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

25.   On or about October 7, 2023, Oscar Vasquez Lopez was with his brother, Plaintiff JOSE VASQUEZ LOPEZ, at or near 21051 Sherman Way in the City of Los Angeles, California. The two brothers were asleep inside of Oscar Vasquez Lopez's vehicle, which was parked and not running. JOSE VASQUEZ LOPEZ was seated in the front passenger seat and Oscar Vasquez Lopez was seated in the driver's seat.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

26.     Defendants STEELMON and DOE OFFICERS (collectively,
"Defendant Officers") approached the vehicle. STEELMON was armed with a
shotgun and approached the front passenger-side door and opened it.

27.     Thereafter, the Defendant Officers escalated the situation when,
pursuant to an order given by STEELMON, one or more of the other Defendant
Officers forcefully removed JOSE VASQUEZ LOPEZ from the vehicle and
STEELMON aimed his shotgun at Oscar Vasquez Lopez.

28.     Oscar Vasquez Lopez raised his hands to the level of the steering wheel
so that they were clearly visible. However, when Oscar Vasquez Lopez moved his
hands slightly and slowly, STEELMON immediately discharged his shotgun at Oscar
Vasquez Lopez, striking him in the head/neck area.

29.     At the time of the shooting, Oscar Vasquez Lopez posed no immediate
threat of death or serious physical injury to the Defendant Officers or any other
person.

30.     At the time of the shooting, Oscar Vasquez Lopez was not holding any
weapon, had made no aggressive movements, had not aimed any weapon toward the
Defendant Officers, had not moved toward the Defendant Officers in any manner,
and did not make any furtive movements that would suggest to a reasonable officer
that Oscar Vasquez Lopez was attempting or intending to inflict harm to the
Defendant Officers or anyone else.

31.     At no time during the encounter did Oscar Vasquez Lopez verbally
threaten to harm anyone.

32.     On information and belief, at the time of the shooting, the Defendant
Officers had no information that Oscar Vasquez Lopez had committed any crime, had
any criminal history, or had ever physically harmed anyone.

33.     Prior to the shooting, the Defendant Officers did not issue appropriate
commands to Oscar Vasquez Lopez.

34.     The Defendant Officers did not employ tactics to de-escalate the

situation, failed to give Oscar Vasquez Lopez time and space to understand and accept the presence of the officers, failed to approach and speak to Oscar Vasquez Lopez in a non-threatening manner, failed to consider whether Oscar Vasquez Lopez was able to understand them, and failed to give Oscar Vasquez Lopez the opportunity to consent to and cooperate with the instructions of the officers in a manner he could understand.

35.    Oscar Vasquez Lopez was seated in his vehicle and did not pose an immediate threat to anyone at the time STEELMON shot and killed him. On information and belief, the Defendant Officers had alternate means of neutralizing and/or effectuating the seizure of Oscar Vasquez Lopez available, including through any of a variety of readily available less-than-lethal means or strategies. The force used by STEELMON was unnecessary, excessive, and unreasonable under the totality of the circumstances.

36.    STEELMON shot Oscar Vasquez Lopez even though he was not an immediate threat of death or serious bodily injury to him or anyone else and there were other less lethal options available. STEELMON did not show a reverance for human life, and this was not an immediate defense of life situation.

37.    Based on information and belief, after STEELMON discharged his firearm and the Defendant Officers became aware of Oscar Vasquez Lopez's deteriorating physical condition, the Defendant Officers waited several minutes before summoning paramedics to render medical care, and further delayed paramedics' access to Oscar Vasquez Lopez upon arrival.

38.    Oscar Vasquez Lopez died as a result of his injuries caused by the Defendant Officers.

39.    Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. are Oscar Vasquez Lopez's successors in interest as defined in Section 377.11 of the Califoria Code of Civil Procedure and succeed to Oscar Vasquez Lopez's interest in this action as the natural

children of Oscar Vasquez Lopez.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

**Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against Defendant SEAN STEELMON**

40.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

41.     The unreasonable use of force by Defendant STEELMON deprived Oscar Vasquez Lopez of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Oscar Vasquez Lopez under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.     As a result, Oscar Vasquez Lopez suffered extreme pain and suffering and eventually suffered a loss of life. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Oscar Vasquez Lopez, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral expenses and loss of financial support.

43.     As a result of the conduct of Defendant STEELMON, he is liable for Oscar Vasquez Lopez's injuries because he was an integral participant in the use of excessive force.

44.     This use of deadly force was excessive and unreasonable under the circumstances, especially since Oscar Vasquez Lopez never attempted to physically injure the Defendant Officers or anyone else prior to being fatally shot. Further, Oscar Vasquez Lopez never verbally threatened anyone and never pointed a weapon at the Defendant Officers or anyone else, prior to being fatally shot. Oscar Vasquez Lopez did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting. Defendant STEELMON's actions thus deprived Oscar

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Vasquez Lopez of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

45.    The conduct of Defendant STEELMON was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Oscar Vasquez Lopez and therefore warrants the imposition of exemplary and punitive damages as to Defendant STEELMON.

46.    As a direct and proximate result of the wrongful death of Oscar Vasquez Lopez, Plaintiffs suffered the loss of love, companionship, comfort, care, assistance, protection, affection, society, financial support, moral support, and guidance of Oscar Vasquez Lopez. Accordingly, STEELMON is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

47.    Plaintiffs also bring this claim as successors-in-interest to the Oscar Vasquez Lopez and seek both survival and wrongful death damages for the violation of Oscar Vasquez Lopez's rights.

48.    Plaintiffs also seek attorney's fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment – Unlawful Detention and Arrest (42 U.S.C. § 1983)**

**Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against Defendant SEAN STEELMON and DOES 2-10**

49.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

50.    When Defendant STEELMON trained his weapon on Oscar Vasquez Lopez, Oscar Vasquez Lopez was not free to leave. STEELMON struck Oscar Vasquez Lopez with a lethal round, thereby seizing him. After the shooting, on information and belief, the Defendant Officers handcuffed Oscar Vasquez Lopez. The Defendant Officers did not observe Oscar Vasquez Lopez commit any crime,

and Oscar Vasquez Lopez was not engaged in any criminal activity at the time of the seizure, the use of force, or the handcuffing. In addition to the detention intself being unreasonable, the scope and manner of the detention was also unreasonable, because it was not necessary or reasonable to perpetuate the seizure of Oscar Vasquez Lopez by shooting him with a shotgun.

51.    When the Defendant Officers engaged in the foregoing conduct, detaining Oscar Vasquez Lopez without reasonable suspicion that he was committing or had committed a crime and then arresting him without probable cause to believe same, they violated his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment ot the United States Constition and applied to state actors by the Fourteenth Amendment.

52.    The conduct of the Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Oscar Vasquez Lopez and therefore warrants the imposition of exemplary and punitive damages as to Defendants STEELMON and DOE OFFICERS.

53.    At all relevant times, the Defendant Officers were acting under color of state law.

54.    As a result of their misconduct, the Defendant Officers are liable for Oscar Vasquez Lopez's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

55.    As a result of the foregoing, Oscar Vasquez Lopez suffered great physical pain and emotional distress up to the time of his death after the shooting, and also suffered a loss of enjoyment of life, loss of life, and loss of earning capacity.

56.    Plaintiffs also bring this claim as successors-in-interest to the Oscar Vasquez Lopez and seek both survival and wrongful death damages for the violation of Oscar Vasquez Lopez's rights. Plaintiffs are also claiming funeral expenses and loss of financial support.

57.     Plaintiffs also seek attorney's fees and costs under this claim.

**THIRD CLAIM FOR RELIEF**

**Fourth Amendment - Denial of Medical Care (42 U.S.C. § 1983)**

**Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against Defendants SEAN STEELMON and DOES 2-10**

58.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59.     The denial of medical care by the Defendant Officers deprived Oscar Vasquez Lopez of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Oscar Vasquez Lopez under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

60.     As a result, Oscar Vasquez Lopez suffered extreme mental and physical pain and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love, companishionship, comfort, support, society, care, and sustenance of Oscar Vasquez Lopez, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

61.     The Defendant Officers knew that failure to provide timely medical treatment to Oscar Vasquez Lopez could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Oscar Vasquez Lopez's death.

62.     The conduct of the Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Oscar Vasquez Lopez and therefore warrants the imposition of exemplary and punitive damages as to the Defendant Officers.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

63.    Plaintiffs also bring this claim as successors-in-interest to the Oscar Vasquez Lopez and seek both survival and wrongful death damages for the violation of Oscar Vasquez Lopez's rights.

64.    Plaintiffs also seek attorney's fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

**First and Fourteenth Amendments – Interference with Familial Relationship**

**(42 U.S.C. § 1983)**

**Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against Defendant SEAN STEELMON**

65.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

66.    NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with their father, Oscar Vasquez Lopez. These Plaintiffs also had a cognizable interest under the First Amendment to the United States Constitution to be free from state actions that unreasonably interfere with their familial relationship and association with their father, Oscar Vasquez Lopez.

67.    As a result of the excessive force by Defendant STEELMON, Oscar Vasquez Lopez died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with Oscar Vasquez Lopez.

68.    The aforementioned actions of STEELMON, along with any undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of the Oscar Vasquez Lopez and Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

69.     Defendant STEELMON, acting under color of state law, thus violated the First and Fourteenth Amendment rights of Plaintiffs to be free from unwarranted inferference with their familial relationship and right of association with Oscar Vasquez Lopez.

70.     Defendant STEELMON, acting under color of state law, thus violated the First and Fourteenth Amendment rights of Oscar Vasquez Lopez and Plaintiffs.

71.     As a direct and proximate cause of the actions of STEELMON, Plaintiffs have suffered emotionally and have been deprived of the life-long love, companishionship, comfort, support, society, care, and sustenance of Oscar Vasquez Lopez, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

72.     As a result of the conduct of STEELMON, he is liable for DECEDENT'S injuries because he was an integral participant in the denial of due process and free association rights.

73.     The conduct of STEELMON was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Oscar Vasquez Lopez and for the rights of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendant STEELMON.

74.     Plaintiffs bring this claim individually and seek wrongful death damages under this claim for the interference with Plaintiffs' familial relationship and right of association with Oscar Vasquez Lopez.

75.     Plaintiffs also seek attorney's fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

**Muncipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against Defendant CITY OF LOS ANGELES**

76.     Plaintiffs repeat and reallege each and every allegation in the foregoing

paragraphs of this Complaint with the same force and effect as if fully set forth herein.

77.    On information and belief, the CITY made a formal decision that the shooting of Oscar Vasquez Lopez was found to be "within policy" of the CITY's Police Department protocols, notwithstanding that Oscar Vasquez Lopez was not an imminent threat to DOE OFFICERS when he was shot by DOE 1. This manifests a deliberate indifference to the civil rights of the residents of the CITY.

78.    On information and Defendant CITY and CITY executives ratified, acquiesced, and condoned the shooting of Oscar Vasquez Lopez by DOE 1.

79.    On information and belief, DOE OFFICERS, were not disciplined, and were not given additional training, after the shooting of Oscar Vasquez Lopez, which evidences ratification and acquiescence in the shooting of Oscar Vasquez Lopez by DOE 1.

80.    On and for some time prior to October 7, 2023, and continuing to the present date, Defendant CITY deprived Oscar Vasquez Lopez and Plaintiffs of the rights and liberties secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution, because said Defendant and its supervising and managerial employees, acted with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Oscar Vasquez Lopez, and of persons in their class, situation and comparable position in particularly, knowingly maintained, enforced, and applied an official recognized custom, policy, and practice of:

        a.    Employing and retaining as police officers and other personnel, including the Defendant Officers, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities of abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

b.   Inadequately supervising, training, controlling, assigning, and disciplining CITY's police officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits.

c.   Failing to adequately train officers, including the Defendant Officers, and failing to institute appropriate policies, regarding the use of excessive force, including deadly force; and

d.   Having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which is also demonstrated by inadequate training regarding these subjects.

e.   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining the intentional misconduct of Defendant CITY police officers, such as DOE OFFICERS;

f.   Failing to discipline CITY police officers, such as DOE OFFICERS, for conduct such as unlawful detention and excessive use of deadly force;

g.   Ratifying the misconduct of Defendant CITY police officers, such as DOE OFFICERS, for conduct such as excessive use of deadly force;

h.   Failing to properly investigate incidents of excessive use of deadly force by Defendant CITY police officers, such as DOE OFFICERS; and,

79.   On information and belief, it is the policy, custom, and practice of Defendant CITY to not objectively investigate complaints of previous incidents of wrongful shootings, excessive use of deadly force, and illegal arrests, and instead, to

16

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  officially claim that such incidents are justified and proper.

2      80.    The policies, customs, and practices of Defendant CITY do in fact

3  encourage CITY police officers such as the Defendant Officers, to believe that

4  wrongful shootings, excessive use of deadly force against residents, and illegal

5  arrests are permissible and will be permitted by Defendant CITY. The Defendant

6  Officers were aware of the policies, customs, and practices of Defendants CITY and

7  the Defendant Officers used excessive deadly force against Oscar Vasquez Lopez.

8  These policies and customs of the CITY were the driving force that caused

9  STEELMON to shoot Oscar Vasquez Lopez.

10      81.    Other systemic deficiencies, policies, customs, and practices which

11  indicated, and continue to indicate, a deliberate indifference to the violations of the

12  civil rights by the CITY police officers, such as the Defendant Officers, that

13  Defendant CITY was aware of, and has condoned and ratified include:

14          a.    Preparation of investigative reports designed to vindicate the use

15                of excessive use of force, regardless of whether such force was

16                justified;

17          b.    Preparation of investigative reports which uncritically rely solely

18                on the word of police officers involved in the assault, battery,

19                excessive use of force incidents and which systematically fail to

20                credit testimony by non-police witnesses;

21          c.    Issuance of public statements exonerating officers involved in

22                such incidents prior to the completion of investigations of the

23                excessive use of force;

24          d.    Failure to objectively and independently review investigative

25                reports by responsible superior officers for accuracy or

26                completeness and acceptance of conclusions which are

27                unwarranted by the evidence of the wrongful shooting, assault,

28                excessive use of deadly force, or which contradict such evidence.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

82.     By reason of the aforementioned policies and practices of Defendant CITY, Oscar Vasquez Lopez was severely injured and subjected to pain and suffering and lost his life.

83.     Defendant CITY, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, CITY condoned, tolerated and through actions and inactions thereby ratified such policies. CITY also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Oscar Vasquez Lopez, and other individuals similarly situated.

84.     By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendant CITY acted with an intentional, reckless, and callous disregard for the rights and the life of Oscar Vasquez Lopez, and Oscar Vasquez Lopez's and Plaintiffs' constitutional rights.

85.     The following are only a few examples of cases where Los Angeles Police Department officers used excessive deadly force and were not disciplined, reprimanded, retained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the CITY routinely ratifies such behavior, fails to properly train its Officers, and maintains a practice of allowing such behavior:

        a.     In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVH (SHx), a unanimous jury awarded for Mr. Contreras after finding that the involved LAPD officers used excessive and unreasonable force when they shot Mr. Contreras, who was unarmed.

        b.     In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA, a unanimous jury awarded for plaintiffs after finding that the involved LAPD officers' use of deadly force was excessive

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   and unreasonable.

2   c.   In *Herrera, et al. v. City of Los Angeles, et al.,* case number 16-
3        cv-02719-DSF (SHx), a unanimous jury awarded for plaintiffs
4        where an LAPD officer used excessive force.

5   d.   In *Mears, et al. v. City of Los Angeles*, et al., case number 2:15-
6        cv-08441-JAK-AJW, a unanimous jury found *Monell* liability on
7        the part of the City for failure to properly train its LAPD officers
8        and found that the involved officers' use of deadly force was
9        excessive and unreasonable.

10  e.   In *Hernandez, et al. v. City of Los Angeles*, et al., case number
11       2:16-cv-02689, a unanimous jury found that two LAPD officers
12       used excessive and unreasonable force against Alex Jimenez, who
13       was unarmed.

14  f.   In *L.D., et al. v. City of Los Angeles*, case number 2:16-cv-04626-
15       PSG, a unanimous jury found that officers used excessive and
16       unreasonable force against Cesar Frias.

17  g.   In *Medina v. City of Los Angeles*, case number CV 06-4926-CBM
18       (Ex), plaintiff alleged that the involved LAPD officers used
19       excessive and unreasonable force when they kept the decedent
20       down in a prone position while he was handcuffed and hobbled
21       and placed weight on his back and pressure on his neck for an
22       extended period of time. The medical examiner in that case
23       confirmed that the decedent died as a result of restraint asphyxia.
24       A unanimous jury returned a verdict in plaintiff's favor, finding
25       that the use of force was excessive and unreasonable. In that case,
26       the involved officers were not disciplined or retrained for their
27       use of force, and the CITY found that the officer's conduct was
28       justified and did not violate any CITY policy.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

       h.    In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-00333-JAK-E, the family of an unarmed man (David Martinez), who was shot and killed by LAPD Rampart officers, alleged that the force used by the officers was excessive and unreasonable. Police reports confirmed that Mr. Martinez was unarmed at the time of the shooting. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

       i.    In *Murrillo v. City of Los Angeles*, No. 2:21-cv-08738-FMO-AGR, a unanimous jury found for plaintiffs and determined that a LAPD officer's shooting of Jesse Murrillo while he was not approaching officers and posed no immediate threat was excessive and unreasonable.

86.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant CITY were affirmatively linked to and were significantly influential forces behind the injuries of Oscar Vasquez Lopez and Plaintiffs.

87.    By reason of the aforementioned acts and omissions of Defendant CITY, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support of Oscar Vasquez Lopez.

88.    Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

89.    Plaintiffs bring this claim individually and as successors in interest to Oscar Vasquez Lopez and seek both survival and wrongful death damages under this claim. Plaintiffs are also claiming funeral expenses and loss of financial support.

90.    Plaintiffs also seek statutory attorney fees and costs under this claim.

/ / /

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## SIXTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

**By Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against Defendant CITY OF LOS ANGELES**

91.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

92.    The Defendant Officers acted under color of law. The acts of said Defendants deprived Oscar Vasquez Lopez and Plaintiffs of their particular rights under the United States Constitution.

93.    The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

94.    Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

95.    The negligent and unjustified use of force by the said Defendant Officers was a result of the negligent training by the Defendant CITY, who failed to train CITY officers as to proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. CITY was responsible for the training of CITY officers to ensure that the actions, procedures, and practices of said Defendants complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, and proper use of deadly force.

96.    CITY negligently failed to train CITY officers to comply with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of CITY were not adequate to train its police

officers to handle the usual and recurring situations with residents that said Defendants have contact with.

97.    The training policies of the CITY were deficient in the following ways:

a.    The CITY failed to properly train CITY police officers, so that officers do not escalate their interactions with members of the public and do not overreact and resort to use of deadly force when the use of force was not necessary.

b.    The CITY failed to properly train CITY police officers, such as the Defendant Officers, in proper police tactics, such as situational awareness so that police officers do not utilize negligent tactics. Because of this lack of proper training by the CITY, the Defendant Officers did not use proper police tactics in handling of the contact with Oscar Vasquez Lopez, and instead used defective police tactics, including the lack of a situational awareness by the said Defendants. These defective tactics resulted in the death of Oscar Vasquez Lopez.

c.    The CITY failed to properly train CITY police officers, such as the Defendant Officers, in the use of effective communication prior to using force. Because of the lack of proper training by the CITY, said Defendants did not use effective communication prior to and during the use of force against Oscar Vasquez Lopez. The ineffective communication of information by said Defendants prior to, and during the incident, resulted in the death of Oscar Vasquez Lopez.

98.    The failure of Defendant CITY to provide adequate training caused the deprivation of Oscar Vasquez Lopez's and Plaintiffs' rights by said Defendants; that is, Defendant CITY's failure to train is so closely related to the deprivation of the Oscar Vasquez Lopez's and Plaintiffs' rights as to be the moving force that caused

1    the ultimate injury.

2        99.    The following are only a few examples of continued conduct by police

3    officers working for the City of Los Angeles, which indicate the City of Los

4    Angeles's failure to properly train its police officers:

5            a.    In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-

6                  SVH (SHx), a unanimous jury awarded for Mr. Contreras after

7                  finding that the involved LAPD officers used excessive and

8                  unreasonable force when they shot Mr. Contreras, who was

9                  unarmed.

10           b.    In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413

11                 PLA, a unanimous jury awarded for plaintiffs after finding that

12                 the involved LAPD officers' use of deadly force was excessive

13                 and unreasonable.

14           c.    In *Herrera, et al. v. City of Los Angeles, et al.,* case number 16-

15                 cv-02719-DSF (SHx), a unanimous jury award for plaintiffs

16                 where an LAPD officer used excessive force.

17           d.    In *Mears, et al. v. City of Los Angeles*, et al., case number 2:15-

18                 cv-08441-JAK-AJW, a unanimous jury found *Monell* liability on

19                 the part of the City for failure to properly train its LAPD officers

20                 and found that the involved officers' use of deadly force was

21                 excessive and unreasonable.

22           e.    In *Hernandez, et al. v. City of Los Angeles*, et al., case number

23                 2:16-cv-02689, a unanimous jury found that two LAPD officers

24                 used excessive and unreasonable force and restraint against Alex

25                 Jimenez, who was unarmed.

26           f.    In *L.D., et al. v. City of Los Angeles*, case number 2:16-cv-04626-

27                 PSG, a unanimous jury found that officers used excessive and

28                 unreasonable force against Cesar Frias, including the use of tasers

1    and bean bag shotguns.

2    g.    In *Medina v. City of Los Angeles*, case number CV 06-4926-CBM

3        (Ex), plaintiff alleged that the involved LAPD officers used

4        excessive and unreasonable force when they kept the decedent

5        down in a prone position while he was handcuffed and hobbled

6        and placed weight on his back and pressure on his neck for an

7        extended period of time. The medical examiner in that case

8        confirmed that the decedent died as a result of restraint asphyxia.

9        A unanimous jury returned a verdict in plaintiff's favor, finding

10        that the use of force was excessive and unreasonable. In that case,

11        the involved officers were not disciplined or retrained for their

12        use of force, and the CITY found that the officer's conduct was

13        justified and did not violate any CITY policy.

14    h.    In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-

15        00333-JAK-E, the family of an unarmed man (David Martinez),

16        who was shot and killed by LAPD Rampart officers, alleged that

17        the force used by the officers was excessive and unreasonable.

18        Police reports confirmed that Mr. Martinez was unarmed at the

19        time of the shooting. In that case, the involved officers were not

20        disciplined or retrained for their use of deadly force, and the

21        CITY found that the shooting was justified and did not violate

22        any CITY policy.

23    i.    In *Murrillo v. City of Los Angeles*, No. 2:21-cv-08738-FMO-

24        AGR, a unanimous jury found for plaintiffs and determined that a

25        LAPD officer's shooting of Jesse Murrillo while he was not

26        approaching officers and posed no immediate threat was

27        excessive and unreasonable.

28    100.    By reason of the aforementioned acts and omissions of Defendants,

24

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  Plaintiffs were caused to incur funeral and related burial expenses, and loss of
2  financial support.

3      101.   By reason of the aforementioned acts and omissions, the Plaintiffs have
4  suffered loss of the love, companionship, affection, comfort, care, society, training,
5  guidance, and moral support of Oscar Vasquez Lopez.

6      102.   Accordingly, Defendant CITY is liable to Plaintiffs for compensatory
7  damages under 42 U.S.C. § 1983.

8      103.   Plaintiffs bring this claim individually and as successors-in-interest to
9  Oscar Vasquez Lopez and seek both survival and wrongful death damages under this
10 claim.

11     104.   Plaintiffs also seek statutory attorney fees and costs under this claim.

12                    **SEVENTH CLAIM FOR RELIEF**
13        **Municipal Liability – Ratification (42 U.S.C. § 1983)**
14  **By Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ,**
15      **OSCAR VASQUEZ, K.V., and A.V. against Defendant CITY OF LOS**
16                             **ANGELES**

17     105.   Plaintiffs repeat and reallege each and every allegation in the foregoing
18 paragraphs of this Complaint with the same force and effect as if fully set forth
19 herein.

20     106.   The Defendant Officers acted under color of law.

21     107.   The acts of the Defendant Officers deprived Oscar Vasquez Lopez and
22 Plaintiffs of their particular rights under the United States Constitution.

23     108.   On information and belief, a final policymaker, acting under color of
24 law, who had final policymaking authority concerning the acts of the Defendant
25 Officers, ratified the Defendant Officers' acts and the bases for them. The final
26 policymaker knew of and specifically approved of the Defendant Officers' acts.

27     109.   On information and belief, a final policymaker has determined that the
28 acts of the Defendant Officers were "within policy."

**FIRST AMENDED COMPLAINT FOR DAMAGES**

110.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered the loss of love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Oscar Vasquez Lopez. The aforementioned acts and omissions also caused Oscar Vasquez Lopez's pain and suffering, loss of enjoyment of life, and death.

111.   Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

112.   Plaintiffs bring this claim individually and as successors-in-interest to Oscar Vasquez Lopez and seek both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim. Plaintiffs are also claiming funeral expenses and loss of financial support.

113.   Plaintiffs also seek attorney's fees and costs under this claim.

## EIGHTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

### (Wrongful Death)

### By Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY ANELI VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against Defendants SEAN STEELMON and CITY OF LOS ANGELES

114.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

115.   Defendant STEELMON, while working as a police officer for the CITY Police Department and acting within the course and scope of his duties, intentionally shot Oscar Vasquez Lopez. Defendant STEELMON had no legal justification for using deadly force against Oscar Vasquez Lopez, and said Defendant's use of force while carrying out his police officer duties was an unreasonable use of force, especially since Oscar Vasquez Lopez was not an imminent threat to the Defendant

26

1    Officers or anyone else. The use of deadly force was also unreasonable because there

2    were less intrusive options readily available.

3        116.   As a result of the actions of STEELMON, Oscar Vasquez Lopez

4    suffered severe mental and physical pain and suffering, loss of enjoyment of life and

5    ultimately died from his injuries and lost learning capacity.

6        117.   CITY is vicariously liable for the wrongful acts of STEELMON

7    pursuant to section 815.2(a) of the California Government Code, which provides that

8    a public entity is liable for the injuries caused by its employees within the scope of

9    the employment if the employee's act would subject him or her to liability.

10        118.   The conduct of STEELMON was malicious, wanton, oppressive, and

11    accomplished with a conscious disregard for the rights of Plaintiffs and Oscar

12    Vasquez Lopez, entitling Plaintiffs, individually and/or as successor-in-interest to

13    Oscar Vasquez Lopez, to an award of exemplary and punitive damages. Plaintiffs are

14    also claiming funeral expenses and loss of financial support.

15        119.   Plaintiffs bring this claim individually and as successors-in-interest to

16    Oscar Vasquez Lopez and seek both survival damages, including for pre-death pain

17    and suffering, and wrongful death damages under this claim.

18    **NINTH CLAIM FOR RELIEF**

19    **Negligence (Cal. Govt. Code § 820 and California Common Law)**

20    **(Wrongful Death)**

21    **By Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ,**

22    **OSCAR VASQUEZ, K.V., and A.V. against all Defendants**

23        120.   Plaintiffs repeat and reallege each and every allegation in the foregoing

24    paragraphs of this Complaint with the same force and effect as if fully set forth

25    herein.

26        121.   The actions and inactions of Defendants were negligent, including but

27    not limited to:

28            a.    The failure to properly and adequately train employees including

the Defendant Officers with regard to the use of force, including deadly force;

b.   The failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against Oscar Vasquez Lopez;

c.   The negligent tactics and handling of the situation with Oscar Vasquez Lopez, including pre-shooting negligence;

d.   The negligent detention, arrest, and use of force, including deadly force, against Oscar Vasquez Lopez;

e.   The negligent failure to provide and or summon prompt medical care to Oscar Vasquez Lopez;

f.   The failure to give a verbal warning or appropriate commands prior to shooting;

g.   And failure to properly train and supervise employees, including the Defendant Officers.

122.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Oscar Vasquez Lopez suffered extreme mental and physical pain and suffering and ultimately died and lost earning capacity. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Oscar Vasquez Lopez, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

123.   CITY is vicariously liable for the wrongful acts of the Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

124.   Plaintiffs bring this claim individually and as successors-in-interest to Oscar Vasquez Lopez and seek both survival damages, including for pre-death pain and suffering, and wrongful death damages under this claim.

### TENTH CLAIM FOR RELIEF

**Negligent Infliction of Emotional Distress**

**(Cal. Govt. Code § 820 and California Common Law)**

**By Plaintiff JOSE VASQUEZ LOPEZ against all Defendants**

125.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

126.   The Defendant Officers' negligence caused physical injury and death to Oscar Vasquez Lopez when STEELMON discharged his firearm at Oscar Vasquez Lopez, striking Oscar Vasquez Lopez and eventually killing him. The use of deadly force by STEELMON was excessive, unreasonable and STEELMON was negligent in discharging his firearm at Oscar Vasquez Lopez, including through his pre-shooting negligent conduct, actions, inactions and tactics.

127.   JOSE VASQUEZ LOPEZ was present at the scene when STEELMON fatally discharged his firearm at Oscar Vasquez Lopez and JOSE VASQUEZ LOPEZ was then aware that Oscar Vasquez Lopez was being injured.

128.   As a result of being present at the scene and perceiving his brother, Oscar Vasquez Lopez, being fatally shot by STEELMON, JOSE VASQUEZ LOPEZ suffered serious emotional distress, including but not limited to suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

129.   On information and belief, an ordinary reasonable person would be unable to cope with witnessing his brother being fatally shot by the police.

130.   CITY is vicariously liable for the wrongful acts of the Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within

the scope of the employment if the employee's act would subject him or her to liability.

131.   Plaintiff JOSE VASQUEZ LOPEZ brings this claim individually and seeks damages under this claim as an individual.

## ELEVENTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

**By Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., and A.V. against Defendants SEAN STEELMON and CITY OF LOS ANGELES**

132.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

133.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (including by the use of unconstitutionally excessive force).

134.   Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

135.   The Bane Act, the California Constitution and California common law prohibit the use of excessive force, wrongful detention and arrest, and denial of medical care by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. Defendant

1  STEELMON violated Oscar Vasquez Lopez's constitutional rights by wrongfully

2  detaining and arresting him, using excessive force against him, and denying him

3  medical care, all of which acts were done intentionally and with a reckless disregard

4  for Oscar Vasquez Lopez's constitutional rights.

5       136.   Defendant STEELMON's use of deadly force was excessive and

6  unreasonable under the circumstances. Further, STEELMON did not give a verbal

7  warning or any commands prior to fatally shooting Oscar Vasquez Lopez, despite

8  being feasible to do so. The conduct of Defendant STEELMON was a substantial

9  factor in causing the harm, losses, injuries, and damages of Oscar Vasquez Lopez

10 and Plaintiffs.

11      137.    Defendant STEELMON intentionally violated Oscar Vasquez Lopez's

12 constitutional rights by using excessive deadly force against Oscar Vasquez Lopez,

13 including but not limited to, shooting Oscar Vasquez Lopez without warning.

14 Further, these acts by STEELMON demonstrate that he had a reckless disregard for

15 Oscar Vasquez Lopez's constitutional rights.

16      138.   At the time of the shooting Oscar Vasquez Lopez did not pose an

17 immediate threat of death or serious bodily injury and Oscar Vasquez Lopez never

18 verbally threatened anyone prior to the shooting. There is direct and circumstantial

19 evidence that STEELMON intentionally violated Oscar Vasquez Lopez's rights by

20 unlawfully detaining him, by attempting to unlawfully arrest him and by fatally

21 shooting him.

22      139.   Defendant STEELMON, while working as a police officer for the CITY

23 Police Department, and acting within the course and cope of his duties, interfered

24 with or attempted to interfere with the rights of Oscar Vasquez Lopez to be free from

25 unreasonable searches and seizures, and to be free from state actions that shock the

26 conscience, by threatening or committing acts involving violence, threats, coercsion,

27 or intimidation.

28      140.   Oscar Vasquez Lopez was caused to suffer extreme mental and physical

**FIRST AMENDED COMPLAINT FOR DAMAGES**

pain and suffering and ultimately died and lost earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Oscar Vasquez Lopez, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also claim funeral and burial expenses and loss of financial support.

141.   The conduct of STEELMON was a substantial factor in causing the harm, losses, injuries and damages of Oscar Vasquez Lopez and Plaintiffs.

142.   Defendant CITY is vicariously liable for the wrongful acts of STEELMON pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

143.   The conduct of STEELMON was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Oscar Vasquez Lopez entitling Plaintiffs to an award of exemplary and punitive damages.

144.   Plaintiffs bring this claim individually and as successors-in-interest to Oscar Vasquez Lopez and seek compensatory and survival damages, including for his pre-death pain and suffering, under this claim.

145.   Plaintiffs also seek costs and attorney fees under this claim.

/ / /

/ / /

/ / /

/ / /

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs NELSON VASQUEZ, DAYLIN VASQUEZ, LUSSY VASQUEZ, OSCAR VASQUEZ, K.V., A.V., and JOSE VASQUEZ LOPEZ requests entry of judgment in their favor and against Defendants CITY, SEAN STEELMON, and DOES 2-10, inclusive, as follows:

A.    For compensatory damages, including both survival and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.    For other general damages in an amount according to proof at trial;

C.    For other non-economic damages in an amount according to proof at trial;

D.    For other special damages in an amount according to proof at trial;

E.    For punitive damages against the individual defendants in an amount to be proven at trial;

F.    Attorney's fees pursuant to 42 U.S.C. § 1988;

G.    Attorney's fees and costs pursuant to Cal. Civ. Code § 52.1(h)

H.    For interest;

I.    For reasonable costs of this suit; and

J.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: April 14, 2025          **LAW OFFICES OF DALE K. GALIPO**

By:   _/s/ Dale K. Galipo_
       DALE K. GALIPO
       BENJAMIN S. LEVINE
       Attorneys for Plaintiffs

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiffs named herein hereby demand a trial by jury.

DATED: April 14, 2025          **LAW OFFICES OF DALE K. GALIPO**


By:   _____*/s/ Dale K. Galipo*_____
      DALE K. GALIPO
      BENJAMIN S. LEVINE
      Attorneys for Plaintiffs

**FIRST AMENDED COMPLAINT FOR DAMAGES**