James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Denise Lynch Rocawich, SBN 232792
dlr@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for SEAN STEELMON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; DAYLIN VASQUEZ individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; LUSSY VASQUEZ, individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; OSCAR VASQUEZ, individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; K.V., by and through her Guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; A.V., by and through his Guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; and JOSE VASQUEZ LOPEZ, individually, | Case No: 8:24−cv−02421-FLA (JDE) Judge: Hon. Fernando L. Aenlle-Rocha Court Room: 6B **EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT** Date: April 3, 2026 Time: 1:30 p.m. Crtm: 6B |
| Plaintiffs, | |
| vs. | |
| CITY OF LOS ANGELES, SEAN STEELMON; and DOES 2 through 10, inclusive, | |
| Defendants. | |

- 1 -

## TABLE OF CONTENTS

| 1 | DECLARATION OF DENISE LYNCH ROCAWICH |
|---|---|
| 2 | EXHIBIT "A" – AFFIDAVIT OF CUSTODIAN OF RECORDS |
| 3 | EXHIBIT "B" – 911 CALL |
| 4 | EXHIBIT "C" – PORTIONS OF DEPOSITION OF JOSE VASQUEZ LOPEZ |
| 5 | DECLARATION OF OFFICER PHILLIP PHAN |
| 6 | EXHIBIT "D" – PHAN BWC FOOTAGE |
| 7 | DECLARATION OF DAVID MIRZOYAN |
| 8 | EXHIBIT "E" – MIRZOYAN BWC FOOTAGE |
| 9 | DECLARATION OF OFFICER SEAN STEELMON |
| 10 | EXHIBIT "F" – STEELMON BWC FOOTAGE |
| 11 | EXHIBIT "G" – TALBOT BWC FOOTAGE |
| 12 | EXHIBIT "H" – PHOTO OF DECEDENT'S HANDGUN |

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TAB 1

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

**DECLARATION OF DENISE LYNCH ROCAWICH IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT OF ISSUES**

I, Denise Lynch Rocawich, declare:

1.    I am an attorney licensed to practice law in the State of California. I am a partner in the law firm of Jones & Mayer, counsel of record for Defendant, Officer Sean Steelmon. This Declaration is submitted in support of Officer Steelmon's Motion for Summary Judgment and/or Partial Summary of Judgment of Issues. I have personal knowledge of the following facts and, if called as a witness, I would and could competently testify thereto.

2.    On or about June 13, 2025, I received, from the Los Angeles City Attorney's Office, the LAPD files, the Force Investigation Division and accompanying addenda, all relevant recordings, and all relevant photographs relating to the October 7, 2023 incident involving Decedent Oscar Vasquez Lopez. Certain taped recordings, including the October 13, 2023 911 call, are held by the LAPD Communications Division and were accompanied by an Affidavit from a Custodian of Taped Records of the LAPD Communications Division authenticating those recordings. Exhibit "A" to the Evidentiary Appendix is a true and correct copy of the Affidavit from Custodian of Taped Records received with certain taped recordings including the 911 call. Exhibit "B" to the Evidentiary Appendix is a true and correct copy of the October 13, 2023 911 call relating to the incident involving Decedent Oscar Vasquez Lopez which I received on or about June 13, 2025 from the Los Angeles City Attorney's Office.

3.    Attached hereto as Exhibit "C" are true and correct copies of relevant pages of the Deposition of Plaintiff Jose Alberto Vasquez Lopez which was taken on February 4, 2026 via Zoom in front of a certified court reporter. As of the date of this Declaration, counsel for Plaintiffs have not provided me with Vasquez Lopez's signature page.

-4-

1        I declare under penalty of perjury under the laws of the United States that the

2    foregoing is true and correct. Executed this 26th day of February, 2025, at Fullerton,

3    California.

4

5    _____

6        Denise Lynch Rocawich, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TAB 2

<u>**EXHIBIT "A" – AFFIDAVIT OF CUSTODIAN OF RECORDS**</u>

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

# LOS ANGELES POLICE DEPARTMENT

**MICHEL R. MOORE**
Chief of Police

**KAREN BASS**
Mayor

P. O. Box 30158
Los Angeles, Calif. 90030
Telephone: (213) 978-6585
TDD: (877) 275-5273
Ref #: 10.2

## AFFIDAVIT

I state that I, Jeana Costello____, Serial No. N6089__, am a duly authorized Custodian of Taped Records of Communications Division and have authority to certify the attached records.

The accompanying attachments are true copies of all records described in your request.

The records were prepared by personnel of the City of Los Angeles in the ordinary scope and course of business at or near the time of the acts or events.

I attest the above to be true under penalty of perjury.

Date: 10/10/2023

Signature

Respectfully,

MICHEL R. MOORE
Chief of Police

RAYMOND VALOIS, Captain
Commanding Officer
Communications Division

Attachments

AN EQUAL EMPLOYMENT OPPORTUNITY EMPLOYER
www.LAPDOnLine.org
www.joinLAPD.com

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TAB 3

## EXHIBIT "B" – SEE NOTICE OF LODGING

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TAB 4

**EXHIBIT "C" – PORTIONS OF DEPOSITION OF J. VASQUEZ LOPEZ**

-9-

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION



**Deposition Transcript**

Case Number: 8:24-cv-02421-FLA-JDEx
Date: February 4, 2026

In the matter of:

NELSON VASQUEZ, et al. v CITY OF LOS ANGELES, et al.

Jose Alberto Vasquez Lopez

CERTIFIED COPY

Reported by:
LEE ANN BARNES

Steno
Agency, Inc.

315 West 9th Street
Suite 807
Los Angeles, CA 90015
concierge@steno.com
(888) 707-8366
NV: Firm #108F

-10-

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

```
 1              UNITED STATES DISTRICT COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3   NELSON VASQUEZ, individually
     and as successor-in-interest to
 4   Decedent, Oscar Vasquez Lopez;
     DAYLIN VASQUEZ, individually
 5   and as successor-in-interest to
     Decedent, Oscar Vasquez Lopez;
 6   LUSSY VASQUEZ, individually and
     as successor-in-interest to Decedent,
 7   Oscar Vasquez Lopez; OSCAR
     VASQUEZ, individually and as
 8   successor-in-interest to Decedent,
     Oscar Vasquez Lopez; K.V., by and
 9   through her guardian ad litem, Daylin
     Vasquez, individually and as
10   successor-in-interest to Decedent,
     Oscar Vasquez Lopez; A.V., by and
11   through his guardian ad litem, Daylin
     Vasquez, individually and as
12   successor-in-interest to Decedent,
     Oscar Vasquez Lopez; and JOSE
13   VASQUEZ LOPEZ, individually,

14              Plaintiffs,
                                   CASE NO.
15       vs.                       8:24-cv-02421-FLA-JDEx

16   CITY OF LOS ANGELES; SEAN
     STEELMON; and DOES 2 through
17   10, inclusive,

18              Defendants.

19

20            ZOOM DEPOSITION OF
          JOSE ALBERTO VASQUEZ LOPEZ
21
             February 4, 2026
22                2:00 P.M.

23

24       Lee Ann Barnes, CCR-1852B, RPR, CRR, CRC

25
```

STENO.COM
(888) 707-8366

-11-



JOSE ALBERTO VASQUEZ LOPEZ
FEBRUARY 04, 2026

JOB NO. 2356679

```
 1                      APPEARANCES OF COUNSEL

 2                  (All appearances via Zoom)

 3

 4   On behalf of Plaintiffs:

 5        BENJAMIN S. LEVINE, ESQ.
          LAW OFFICES OF DALE K. GALIPO
 6        21800 Burbank Blvd., Suite 310
          Woodland Hills, California 91367
 7        T: (818) 347-3333
          F: (818) 347-4118
 8        blevine@galipolaw.com;

 9

10   On behalf of Defendant Sean Steelmon:

11        JAMES R. TOUCHSTONE, ESQ.
          JONES MAYER
12        3777 North Harbor Boulevard
          Fullerton, California  92835
13        T:  (714) 446-1400
          F:  (714) 446-1448
14        jrt@jones-mayer.com

15   On behalf of Defendants City of Los
     Angeles and Does 2 through 10,
16   inclusive:

17        CHRISTIAN R. BOJORQUEZ, ESQ.
          LOS ANGELES CITY ATTORNEY OFFICE
18        200 North Main Street 6th Floor
          Los Angeles, California 90012
19        T: (213) 978-7023
          F: (213) 978-8785
20        E: christian.bojorquez@lacity.org

21   Also Present:

22        Wawi Gorriz, Interpreter

23

24

25
```

STENO.COM
(888) 707-8366

Page 2

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

JOSE ALBERTO VASQUEZ LOPEZ
FEBRUARY 04, 2026

JOB NO. 2356679

1   his death?

2       A.   Every six months or so.

3       Q.   So you fall asleep in the truck.

4            What's the next thing that you remember?

5       A.   I don't remember anything.

6       Q.   Do you remember the police saying anything

7   to you before removing you from the truck?

8            INTERPRETER:  May the interpreter ask for

9       clarification?

10           THE WITNESS:  Yes, well, he -- he dragged

11      me out.

12  BY MR. TOUCHSTONE:

13      Q.   Before you were taken out of the truck by

14  a police officer, do you recall hearing them say

15  anything to you?

16      A.   No, I don't recall.

17      Q.   What is the next thing that you do recall

18  after you were taken out of the truck?

19      A.   They dragged me out and they put me in a

20  laundromat that was there.

21      Q.   What was the name of the laundromat?

22      A.   The laundromat's still there but I don't

23  recall.

24      Q.   Okay.  So you were placed in the

25  laundromat by the police.

STENO.COM
(888) 707-8366

Page 43

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

1    Is that your testimony?

2    A.   Yes.  He dragged me and they put me in

3  that laundromat.

4    Q.   And do you know how long you were in the

5  laundromat?

6    A.   About an hour, I think.

7    Q.   Were you sleeping in the laundromat?

8    A.   No.  They dragged me there.  They put me

9  there and I was sitting in a chair.  I wasn't

10  sleeping.

11    Q.   Okay.  When you say, "dragged," what do

12  you mean?

13    A.   So after they dragged me, they arrested me

14  and they put me on that chair.

15    Q.   Okay.  So you were taken by the police,

16  arrested.

17    Did they place handcuffs on you?  Is that

18  a yes?

19    A.   Yes, correct.

20    Q.   Were your hands handcuffed in front of

21  your body or behind your body?

22    A.   Behind.

23    Q.   And you were -- when you say they took you

24  over to the laundromat and placed you in a chair,

25  were you able to walk over there and you were being

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

JOSE ALBERTO VASQUEZ LOPEZ
FEBRUARY 04, 2026
JOB NO. 2356679

1    escorted by the police?

2         A.    He dragged me.  He actually dragged me

3    there and he sat me on that chair and then he took

4    the -- the handcuffs off and he just left me there

5    at the laundromat.

6         Q.    Okay.  Did you have your cell phone on

7    your person?

8         A.    Yes.

9         Q.    When did you learn that your brother had

10   passed away?

11        A.    Like I said, when I heard the shot, I knew

12   they had killed him.  But they didn't arrest me

13   right there and then so I actually went back to get

14   him.

15        Q.    Describe for me what happened.

16             MR. LEVINE:  Vague as to time.

17             You can answer.

18             MR. TOUCHSTONE:  I'll withdraw the

19        question.  That's a good objection.  Hang on.

20   BY MR. TOUCHSTONE:

21        Q.    From the time that the police first

22   arrived at your truck, describe exactly what

23   happened with respect to your brother, to the best

24   of your recollection.

25        A.    So when -- when I arrived at the truck, I

STENO.COM
(888) 707-8366

Page 45

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

JOSE ALBERTO VASQUEZ LOPEZ                                                                    JOB NO. 2356679
FEBRUARY 04, 2026

1    saw him that he was in the driver seat and he
2    doesn't drive.  So when I arrived, I saw him
3    sleeping and I said, oh, well, we'll just -- we'll
4    just stay here.  And then when the police came and
5    they dragged me out.  I could still see him.  And
6    when I heard the shots is when -- it's not like I
7    wanted to go around the truck, but I did go around
8    and I saw him and I could still hold -- and I was
9    still holding his hand and I thought he was just
10   drunk but no, he was dead.
11        Q.   So after you were taken out of the truck,
12   you went around the truck to the driver side and you
13   were holding your brother's hand; is that correct?
14        A.   Yes, I did go around and I held his hand
15   because I thought that he was drunk, but no, he was
16   already dead.
17        Q.   And when you were holding his hand, the
18   police were there?
19        A.   Yes.
20        Q.   When did you first see the pistol that
21   your brother had in his waistband that night?
22             MR. LEVINE:  Lacks foundation.  Assumes
23        evidence.  Misstates testimony.  Calls for
24        speculation.
25             You can answer.

STENO.COM
(888) 707-8366                                                                              Page 46

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION



JOSE ALBERTO VASQUEZ LOPEZ                                   JOB NO. 2356679
FEBRUARY 04, 2026

C E R T I F I C A T E

STATE OF GEORGIA:

COUNTY OF FULTON:

I hereby certify that the foregoing transcript was
taken down, as stated in the caption, and the
questions and answers thereto were reduced to
typewriting under my direction; that the foregoing
pages represent a true, complete, and correct
transcript of the evidence given upon said hearing,
and I further certify that I am not of kin or
counsel to the parties in the case; am not in the
regular employ of counsel for any of said parties;
nor am I in anywise interested in the result of said
case.

Further, that if the foregoing pertains to the
original transcript of a deposition in a Federal
Case, before completion of the proceedings, review
of the transcript was not requested.

Dated: 02.12.2026


                    *Lee Ann Barnes*
LEE ANN BARNES, CCR B-1852, RPR, CRR, CRC

STENO.COM
(888) 707-8366                                           Page 75

-17-
EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

JOSE ALBERTO VASQUEZ LOPEZ                                    JOB NO. 2356679
FEBRUARY 04, 2026

1                      COURT REPORTER DISCLOSURE

2

3      Pursuant to Article 10.B. of the Rules and
       Regulations of the Board of Court Reporting of the
4      Judicial Council of Georgia which states: "Each
       court reporter shall tender a disclosure form at the
5      time of the taking of the deposition stating the
       arrangements made for the reporting services of the
6      certified court reporter, by the certified court
       reporter, the court reporter's employer, or the
7      referral source for the deposition, with any party
       to the litigation, counsel to the parties or other
8      entity. Such form shall be attached to the
       deposition transcript," I make the following
9      disclosure:

10

11     I am a Georgia Certified Court Reporter. I am here
       as a representative of Steno. Steno was contacted to
12     provide court reporting services for the deposition.
       Steno will not be taking this deposition under any
13     contract that is prohibited by O.C.G.A. 9-11-28 (c).

14

15     Steno has no contract/agreement to provide reporting
       services with any party to the case, any counsel in
16     the case, or any reporter or reporting agency from
       whom a referral might have been made to cover this
17     deposition. Steno will charge its usual and
       customary rates to all parties in the case, and a
18     financial discount will not be given to any party to
       this litigation.

19

20     Dated: 02.12.2026

21                  *Lee Ann Barnes*

22     LEE ANN BARNES, CCR B-1852B, RPR, CRR, CRC

23

24

25

STENO.COM
(888) 707-8366                                              Page 76

-18-

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TAB 5

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

**DECLARATION OF OFFICER PHILLIP PHAN IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT**

I, Officer Phillip Phan, declare:

1.    I am a Police Officer II with the Los Angeles Police Department. I have personal knowledge of the facts sent forth herein and, if called upon as a witness, I could and would competently testify under oath thereto.

2.    On October 7, 2023, I was wearing my Department issued Axon Body Worn Camera. I activated my camera while en route to the radio call involving Decedent Oscar Vasquez Lopez and it remained activated throughout the incident including after the officer-involved shooting.

3.    Exhibit "D" to the Evidentiary Appendix is a true and correct copy of the video that was captured on my body worn camera on October 7, 2023. I have reviewed Exhibit "D", and it is a fair and accurate depiction of what my body worn camera captured during the above-described time period.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 26th day of February, 2026, in the City and County of Los Angeles, California.


#42556

Officer Phillip Phan, Declarant

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TAB 6

## EXHIBIT "D" – SEE NOTICE OF LODGING

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TAB 7

## <u>DECLARATION OF OFFICER DAVID MIRZOYAN IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT</u>

I, Officer David Mirzoyan, declare:

1.     I am a Police Officer II with the Los Angeles Police Department. I have personal knowledge of the facts sent forth herein and, if called upon as a witness, I could and would competently testify under oath thereto.

2.     On October 7, 2023, I was wearing my Department issued Axon Body Worn Camera. I activated my camera while en route to the radio call involving Decedent Oscar Vasquez Lopez and it remained activated throughout the incident including after the officer-involved shooting.

3.     Exhibit "E" to the Appendix of Evidence is a true and correct copy of the video that was captured on my body worn camera on October 7, 2023. I have reviewed Exhibit "E", and it is a fair and accurate depiction of what my body worn camera captured during the above-described time period.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 27th day of February, 2026, in the City and County of Los Angeles, California.

_____
Officer David Mirzoyan

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TAB 8

## **<u>EXHIBIT "E" – SEE NOTICE OF LODGING</u>**

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TAB 9

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

**<u>DECLARATION OF OFFICER SEAN STEELMON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT</u>**

I, Sean Steelmon, declare:

1.      I am a Police Officer III with the Los Angeles Police Department ("LAPD") assigned to the Topanga Patrol Division. At all times relevant to this Declaration, I was employed as a Police Officer III with LAPD. I have personal knowledge of the facts sent forth herein and, if called upon as a witness, I could and would competently testify under oath thereto.

2.      On October 7, 2023, at approximately 12:57 a.m., I was working uniformed patrol. I was working in a two-man unit with my partner, Police Officer II Robert Tamate. I heard a broadcast from dispatch At approximately 12:57 a.m., a radio call was broadcast, "Any Topanga Unit, 415 man with a gun, Sherman Way and Variel. Suspect is a male seated inside a dark pickup truck parked in front of CVS holding a handgun, Code-Two, Incident 207, RD 2136."

3.      The origin of the report was a 911 call made to LAPD's Communications Division. The comments of the call indicated that the 911 caller was no longer at the scene though his phone number was included in the Computer Aided Dispatch Report. I am informed and believe that the caller was later identified and interviewed.

4.      At the time I heard the broadcast, Officer Tamate and I were at a traffic collision investigation in close proximity to Sherman Way and Variel Avenue. We completed that call and responded to the man with a gun radio call. I heard Sgt. Talbot broadcast he would also respond to the call.

5.      On the way to the call, Officer Tamate and I discussed the comments of the call and discussed tactics to be used in response. Prior to October 7, 2023, we had worked together, on and off, for 13 years and had handled various incidents together. On October 7, 2023, we had a high degree of operational familiarity and understood each other's tendencies, communication styles and tactical positioning without the need for explicit

-26-

1  direction.

2      6.      Also en route to the call, I took my shotgun out of the mounted rack inside

3  the police cruiser. I chose the shotgun because the radio call involved a man with a gun

4  inside a vehicle, because I am a Slug Cadre member, a tactical shot -- Slug Shotgun

5  Cadre member and Rifle Cadre member, because I was very comfortable with the

6  weapon system and because I was more confident in returning fire should a suspect

7  engage officers from inside the vehicle.

8      7.      The Department utilizes body-worn camera systems issued to sworn

9  personnel in the regular course of its law enforcement activities. On October 7, 2023, I

10  was wearing my Department issued Axon Body Worn Camera. I activated my camera

11  when I arrived on scene to the man with a gun radio call later known to involve Decedent

12  Oscar Vasquez Lopez. Exhibit "F" to the Evidentiary Appendix is a true and correct copy

13  of the video that was captured on my body worn camera on October 7, 2023. I have

14  reviewed Exhibit "F" to the Evidentiary Appendix and it is a fair and accurate depiction

15  of what my body worn camera captured during the above-described time period.

16      8.      On October 7, 2023, Sgt. Talbot arrived on scene prior to my partner and I.

17  Exhibit "G" to the Evidentiary Appendix is a true and correct copy of the video that was

18  captured on Sgt. Talbot's body worn camera on October 7, 2023. I have reviewed Exhibit

19  "G" to the Evidentiary Appendix. Having also been on the scene, I can attest that Exhibit

20  "G" was recorded at or near the time of the events depicted and that it is a fair and

21  accurate depiction of the scene and events of October 7, 2023.

22      9.      As me and Officer Tamate turned northbound on Variel approaching the

23  scene, we observed a gray GM pickup truck with an extended cab matching the

24  description of the suspect vehicle parked in front of CVS and facing southbound. This

25  vehicle was later determined to have Decedent Oscar Vasquez Lopez and Plaintiff Jose

26  Vasquez Lopez as occupants. There were no other vehicles matching the suspect vehicle

27  description in front of the CVS.

28

-27-

10.    As we approached in our vehicle, I attempted to see into the front window to determine whether the truck had any occupants, but was unable to determine that. I informed Officer Tamate that I could not determine whether the truck had occupants so we discussed and formulated a plan of approach. We decided to approach from the rear of the pickup truck and to initiate a high risk stop.

11.    Officer Tamate positioned our police vehicle approximately 20 feet behind the pickup truck. The back window of the suspect vehicle had dark tint as did the rear extended cab windows preventing me from seeing inside those windows. Due to the call remarks stating the man was seen with a firearm, I exited the vehicle with the shotgun. Officer Tamate, Officer Pham and Officer Mirzoyan all unholstered their sidearms. Once I saw inside the vehicle, I saw two occupants both of whom appeared to be passed out.

12.    At the time I fired my weapon, I was in fear for my own life believing that Decedent was retrieving the handgun in order to fire it at me. I was also in fear for the lives of my fellow Officers on scene. My decision to shoot was made in the split-second when Decedent reached for his firearm.

13. Decedent indeed had a firearm in his waistband. After I fired, I communicated, "Gun is exposed in his waistband" to Officer Tamate. Officer Tamate acknowledged me and stated, "Yeah, I got it." Officer Tamate then recovered the loaded pistol from Decedent's waistband and placed it on top of the truck bed cover. Officer Tamate went back to Oscar's waistband and recovered an additional magazine and also placed it on the truck bed cover. Exhibit "H" to the Evidentiary Appendix is a true and correct copy of a photograph of the weapon I observed in Decedent's waistband and recovered from Decedent. Exhibit "H" fairly and accurately depicts the weapon I observed on October 7, 2023.

//

//

**<u>SIGNATURE IMMEDIATELY FOLLOWS</u>**

1        I declare under penalty of perjury under the laws of the United States that the

2    foregoing is true and correct. Executed this 26th day of February, 2023, at Los Angeles,

3    California.

4

5

6    _____
     Officer Sean Steelmon
     Los Angeles Police Department

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TAB 10

### EXHIBIT "F" – SEE NOTICE OF LODGING

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TAB 11

## EXHIBIT "G" – SEE NOTICE OF LODGING

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY
JUDGMENT AND/OR ADJUDICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TAB 12

### EXHIBIT "H" – PHOTO OF DECEDENT'S HANDGUN

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION



**(Evidence Item Nos. 1 and 4. Oscar's ghost gun and magazine)**

Oscar was armed a 9mm Luger, Polymer 80, model PF940C, semi-automatic ghost gun. The pistol did not have a serial number.

EVIDENTIARY APPENDIX IN SUPPORT OF DEFENDANT STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION