James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Denise Lynch Rocawich, SBN 232792
dlr@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for SEAN STEELMON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; DAYLIN VASQUEZ individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; LUSSY VASQUEZ, individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; OSCAR VASQUEZ, individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; K.V., by and through her Guardian ad litem, Daylin Vasquez, individually and as successor- in-interest to Decedent Oscar Vasquez Lopez; A.V., by and through his Guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; and JOSE VASQUEZ LOPEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, SEAN STEELMON; and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No: 8:24−cv−02421-FLA (JDE)<br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Court Room: 6B<br><br>**DEFENDANT SEAN STEELMON'S REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS**<br><br><br>Date: April 3, 2026<br>Time: 1:30 p.m.<br>Crtm: 6B |

-1-

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

## I.   REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 1. On October 7, 2023, at approximately 12:51 a.m., a 911 call was made to LAPD's Communications Division.<br><br>Ex. B; Declaration of Steelmon ("Decl. Steelmon") at ¶¶ 2-3 | 1. Disputed to extent it implies the officers heard the 911 call itself. 911 Calls are not broadcast to officers; instead, dispatch relays details of the call to officers via radio.<br><br>Levine Decl., Ex. 3 (Deposition of David Mirzoyan ("Mirzoyan Depo.")) at 13:16-14:15. |
| 1. Steelmon's Response<br>This fact is undisputed. It does not state or imply that officers heard the 911 call. Further, Plaintiffs have stated no objections to Def. Ex. "B". The materials cited do not establish a genuine dispute as to this fact. Fed. R. Proc. 56(c)(B). | |
| 2. The caller stated there was a man armed with a gun inside of a pickup truck parked at CVS at Sherman Way and Variel Avenue in the City of Los Angeles.<br><br>Ex. B; Decl. Steelmon at ¶¶ 2-3 | 2. Disputed to extent it implies the officers heard the 911 call itself. 911 calls are not broadcast to officers; instead, dispatch relays details of the call to officers via radio.<br><br>See supra, Dispute re Fact No. 1. |
| 2. Steelmon's Response<br>This fact is undisputed. It does not state or imply that officers heard the 911 call. Further, Plaintiffs have stated no objections to Def. Ex. "B". The materials cited do not establish a genuine dispute as to this fact. Fed. R. Proc. 56(c)(B). | |
| 3. The 911 caller was no longer at the scene when Officers arrived though his phone number was included in the Computer Aided Dispatch Report and he was later identified and interviewed. Decl. Steelmon at ¶ 3 | 3. Undisputed. |

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 4. At approximately 12:57 a.m., a radio call was broadcast, "Any Topanga Unit, 415 man with a gun, Sherman Way and Variel. Suspect is a male seated inside a dark pickup truck parked in front of CVS holding a handgun, Code-Two, Incident 207, RD 2136." <br><br> Decl. Steelmon at ¶ 2 | 4. Disputed to the extent it implies Officer Steelmon heard all of this information. Steelmon testified in deposition that the information he had prior to his arrival at the CVS parking lot was that there was a man with a gun causing a disturbance in or near a dark or gray pickup truck, but not that the man was holding a handgun. <br><br> Declaration of Benjamin S. Levine ("Levine Decl."), Ex. 1 (Deposition of Sean Steelmon ("Steelmon Depo.")) at 12:24-13:12, 44:18-23. Otherwise undisputed. |
| 4. Steelmon's Response <br> This fact is undisputed. Plaintiffs do not dispute that Fact 4 accurately states the broadcast, and Plaintiffs did not object to Steelmon's Declaration ¶ 2 wherein he states he heard the broadcast. Objection to Plaintiffs' Evidence: Misstates/ mischaracterizes Steelmon's testimony. The deposition testimony cited does not state, in any way, that Steelmon did not hear the entire broadcast including that the suspect was holding the handgun. The materials cited do not establish a genuine dispute as to this fact. Fed. R. Proc. 56(c)(B). ||
| 5. Defendant, Officer Steelmon and his partner Officer Tamate were at a traffic collision investigation in close proximity to Sherman Way and Variel Avenue when they heard the broadcast. <br><br> Decl. Steelmon at ¶ 4 | 5. Disputed to the extent it implies Officer Steelmon heard the entire broadcast. <br><br> See supra, Dispute re Fact No. 4. Otherwise undisputed. |
| 5. Steelmon's Response <br> See Steelmon's Response to Fact 4. ||
| ||

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 6. Officers Steelmon and Tamate completed their call and responded to the man with a gun radio call. Id. Sgt. John Talbot broadcast he would also respond to the call.<br><br>Decl. Steelmon at ¶ 4 | 6. Undisputed. |
| 7. On the way to the call, Officers Steelmon and Tamate discussed the comments of the call and discussed tactics to be used in response.<br><br>Decl. Steelmon at ¶ 5 | 7. Disputed as to "discussed tactics to be used in response." Officer Steelmon testified in deposition that the only tactics he and Officer Tamate discussed were contact and cover, and that all other tactical details "would be understood" based on their experience working together.<br><br>Levine Decl., Ex. 1 (Steelmon Depo.) at 23:7-24:4. Noble Decl.<br><br>Otherwise undisputed. |

7. Steelmon's Response

This fact is undisputed. Plaintiffs did not object to ¶ 5 of Steelmon's Declaration. Objection to Plaintiffs' Evidence: Misstates/ mischaracterizes Steelmon's testimony. The deposition testimony cited clearly states that the Officers discussed "what the comments of the call were" (P's Ex. 1 23:12-13) and "contact and cover" (Id. at lns. 13-14) including a discussion of what weapon would be deployed (Id. at lns. 15-20). That testimony was in response to counsel asking Steelmon "Now, you indicated that you discussed tactics to some extent, with your partner, on your way to the call?" (P's. Ex. 1 23:7-9) indicating additional uncited testimony about the tactics discussion between the Officers. Further, Steelmon also testified "We then entered the parking lot, *continually discussing tactics*, what we – where the truck is, etc." Ex. 1 19:1-5. The materials cited do not establish a genuine dispute as to this fact. Fed. R. Proc. 56(c)(B).

-4-

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 8. Prior to October 7, 2023, Officers Steelmon and Tamate had worked together, on and off, for 13 years and had handled various incidents together. On October 7, 2023, Officers Steelmon and Tamate had a high degree of operational familiarity and understood each other's tendencies, communication styles and tactical positioning without the need for explicit direction.<br><br>Decl. Steelmon at ¶ 5 | 8. Disputed as to "Officers Steelmon and Tamate … understood each other's tendencies, communication styles and tactical positioning without the need for explicit direction." Although each of these officers testified that they understood each other's tactical positioning without the need for discussion, Steelmon testified that it was understood that he would be both the contact and cover officer because he grabbed the shotgun, while Tamate testified that it was understood that he would be the contact officer because he was the one driving.<br><br>Levine Decl., Ex. 1 (Steelmon Depo.) at 31:1-3, 31:21-32:1. Levine Decl., Ex. 2 (Deposition of Robert Tamate ("Tamate Depo.")) at 29:20-30:3.<br><br>Otherwise undisputed. |

8. Steelmon's Response

This fact is undisputed. Plaintiffs did not object to ¶ 5 of Steelmon's Declaration. Objection to Plaintiffs' Evidence: Misstates/ mischaracterizes Steelmon's testimony which firmly establishes Fact 8. Steelmon testified "I would be contact. I would be the direct cover officer or DCO. Officer Tamate would handle communications. *And those roles can be reversed. Like I said, we had worked with each other for the last 13 years, and we've been in tactical situations. We've worked scenarios together. I know – I'm familiar with his reactions, he's familiar with mine, and we can kind of play off of each other.*" P's Ex. 1 23:21-24:4 The materials cited do not establish a genuine dispute as to this fact. Fed. R. Proc. 56(c)(B).

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 9. Also en route to the call, Officer Steelmon took his shotgun out of the mounted rack.<br><br>Decl. Steelmon at ¶ 6 | 9. Undisputed. |
| 10. Officer Steelmon chose the shotgun because the radio call involved a man with a gun inside a vehicle, because he is a Slug Cadre member, a tactical shot -- Slug Shotgun Cadre member and Rifle Cadre member, because he was very comfortable with the weapon system and because he was more confident in returning fire should a suspect engage officers from inside the vehicle.<br><br>Decl. Steelmon at ¶ 6 | 10. Undisputed. |
| 11. Sgt. Talbot arrived on scene first at approximately 1:00 a.m..<br><br>Ex. "G" (Talbot BWC) at 1:00:42[1] | 11. Undisputed. |
| 12. As Officers Steelmon and Tamate turned northbound on Variel approaching the scene, they observed a gray GM pickup truck with an extended cab matching the description of the suspect vehicle parked in front of CVS and facing southbound.<br><br>Decl. Steelmon at ¶ 9 | 12. Disputed as to "matching the description of the suspect vehicle," including insofar as it implies the officers knew or believed the truck was the vehicle reported in the call. Officer Steelmon testified the description he had received simply referred to "a dark or a gray pickup truck." Officer Tamate testified that the vehicle description they received from dispatch was vague, |

[1] All citations to the Officers' BWCs (Exs. "D", "E", "F", "G", and "H") are to the Hour:Minute:Second in the upper right hand corner of each recording.

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| | and Steelmon and Tamate both testified that they did not know if the truck was the vehicle referenced in the call and that it may have been unrelated to the call. Tamate also testified that he saw a number of other vehicles in the parking lot that could have been the vehicle referenced in the call or had similar descriptions.<br><br>Levine Decl., Ex. 1 (Steelmon Depo.) at 27:12-20, 37:9-14, 44:18-23, 45:1-4. Levine Decl., Ex. 2 (Tamate Depo.) at 21:9-15, 25:8-16, 33:23-34:1, 34:6-9, 69:22-23.<br><br>Otherwise undisputed. |
| 12. Steelmon's Response<br>This fact is undisputed. Plaintiffs did not object to ¶2 or ¶ 9 of Steelmon's Declaration. The materials cited do not establish a genuine dispute as to this fact. Fed. R. Proc. 56(c)(B). The call described "a dark pickup truck" "parked in front of CVS". Officers Steelmon and Tamate observed a dark pick up truck parked in front of CVS. Decedent and Plaintiff Vasquez were, in fact, inside a dark pickup truck parked in front of CVS. | |
| 13. This vehicle was later determined to have Decedent Oscar Vasquez Lopez and Plaintiff Jose Vasquez Lopez as occupants.<br><br>Decl. Steelmon at ¶ 9 | 13. Undisputed. |
| 14. There were no other vehicles matching the suspect vehicle description in front of the CVS. | 14. Disputed. Officer Tamate testified that he saw a number of other vehicles in the parking lot that could have been |

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| Decl. Steelmon at ¶ 9; Ex. "G" (Talbot BWC) at 1:02:22-1:02:35 | the vehicle referenced in the call or had similar descriptions.<br><br>Levine Decl., Ex. 2 (Tamate Depo.) at 21:9-15, 33:23-34:1. |
| 14. Steelmon's Response<br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott v. Harris, 550 U.S. 372. 378-81 (2007) [holding that when opposing parties tell two different stories, one of which is blatantly contradicted by video evidence, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment.] | |
| 15. As they approached in their vehicle, Officer Steelmon attempted to see into the front window to determine whether the truck had any occupants, but was unable to determine that.<br><br>Decl. Steelmon at ¶ 10 | 15. Disputed to extent it implies Officers Steelmon and Tamate "approached" the truck prior to parking and exiting their police vehicle. Steelmon testified that when travelling to the CVS parking lot, he and Tamate drove eastbound on Sherman Way before turning left to travel northbound on Variel Avenue, before making a right turn into the parking lot, so that they did not pass in front of the vehicle. Regarding attempting to view into the front of the vehicle, Steelmon testified that they only "tried to look from a distance" into the vehicle while still on Variel Avenue, before turning into the parking lot and parking behind the truck.<br><br>Levine Decl., Ex. 1 (Steelmon Depo.) at 18:12-19:5.<br>Otherwise undisputed. |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS
AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 15. Steelmon's Response<br>This fact is undisputed. Plaintiffs did not object to ¶ 10 of Steelmon's Declaration. Objection to Plaintiffs' Evidence: Misstates/ mischaracterizes Steelmon's testimony which firmly establishes Fact 15. Steelmon testified "We both tried to look from a distance into the suspect vehicle and look for anybody sitting inside, any hands on the wheel, any sign that the vehicle was occupied." P's Ex. 1 18:22-25. The materials cited do not establish a genuine dispute as to this fact. Fed. R. Proc. 56(c)(B). | |
| 16. Officer Steelmon informed Officer Tamate that he could not determine whether the truck had occupants so they discussed and formulated a plan of approach.<br><br>Decl. Steelmon at ¶ 10 | 16. Disputed to extent it implies Officer Steelmon made any meaningful attempt to assess whether the truck was occupied before Officer Tamate parked behind it and they exited their police vehicle.<br><br>See supra, Dispute re Fact No. 15.<br><br>Otherwise undisputed. |
| 16. Steelmon's Response<br>This fact is undisputed. Plaintiffs did not object to ¶ 10 of Steelmon's Declaration. Objections: Plaintiffs' response is argumentative. Is lacking in foundation and calls for speculation.  Fed. R. Evid. 602. Is improper opinion stated by counsel. Fed. R. Evid. 701. References matters that are irrelevant.  Fed. R. Evid. 401, 402. Does not establish an element of a claim against Defendants or affect the outcome of the action; therefore, not a material fact.  Fed. R. Civ. P. 56(c). See also Steelmon's Response to Fact 15. | |
| 17. Officers Steelmon and Tamate decided to approach from the rear of the pickup truck and to initiate a high risk stop.<br><br>Decl. Steelmon at ¶ 10 | 17. Disputed as to "high risk stop." Officers Steelmon and Tamate both testified that this did not qualify as a high risk stop, given that they did not stop the vehicle, which was already stopped; and they did not know if anyone was inside or see any indication |

-9-

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| | that the vehicle was occupied prior to approaching; and they had not confirmed or received detailed information that a gun was in fact inside. Levine Decl., Ex. 1 (Steelmon Depo.) at 26:19-27:6. Levine Decl., Ex. 2 (Tamate Depo.) at 32:13-23. Otherwise undisputed. |

15. Steelmon's Response

This fact is undisputed. Plaintiffs did not object to ¶ 10 of Steelmon's Declaration. Objection to Plaintiffs' Evidence: Misstates/ mischaracterizes Steelmon's testimony. Steelmon testified "A few moments later, another patrol unit pulled in alongside on my right hand side, in what could be termed a *'high-risk formation'*". P's Ex. 1 at 19:9-11. When asked "Had you been *previously* on high-risk felony stops with Officer Tamate?" Steelmon answered "Yeah." Id. Steelmon then testified he had been on multiple other high-risk stops with Tamate and had received training with respect to high-risk felony stops. Id. 24:12-23. When asked "And at that point, were you treating it as a high-risk felony stop? We were positioned as if in a high-risk stop. It didn't quite meet the criteria of a high risk stop...." explaining that was because the vehicle was already stopped instead of the officers pulling the vehicle over. Id. at 26:19-22. Steelmon also testified "Typically, a high risk stop, you generally call the occupants out from cover. But in this particular case, we had not stopped the vehicle. We did not know if there were occupants. We attempted to call out the occupants from cover, but we're unsuccessful." Id. at 37:19-24. The materials cited do not establish a genuine dispute as to this fact. Fed. R. Proc. 56(c)(B). As to Plaintiffs' response "They did not know if anyone was inside or see any indication that the vehicle was occupied prior to approaching; and they had not confirmed or received detailed information that a gun was in fact inside." Objections: Plaintiffs' response is argumentative. References matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Defendants or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c).

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 18. Officers Steelmon and Tamate arrived approximately a minute after Sgt. Talbot.<br><br>Ex. "F" (Steelmon BWC) at 1:01:10-1:01:28 | 18. Undisputed. |
| 19. Two additional Officers, Phan and Mirzoyan, arrived roughly a minute after Officers Steelmon and Tamate.<br><br>Ex. "F" (Steelmon BWC) at 1:02:01 | 19. Undisputed. |
| 20. Officer Tamate positioned their police vehicle approximately 20 feet behind the pickup truck.<br><br>Ex. "F" (Steelmon BWC) at 1:01:43; Decl. Steelmon at ¶ 11 | 20. Undisputed. |
| 21. The back window of the suspect vehicle had dark tint as did the rear extended cab windows preventing the Officers from seeing inside those windows.<br><br>Ex. "F" (Steelmon BWC) at 1:01:43-1:02:45; Decl. Steelmon at ¶ 11 | 21. Disputed that the officers were prevented from seeing, or unable to see, through the rear windows into the vehicle. The rear passenger window was propped open, and Officers Steelmon, Tamate, and Mirzoyan could see into that open window, shined lights inside, and were able to see an occupant in the front passenger seat who appeared to be passed out, and they relayed this information to each other at the time.<br><br>Levine Decl., Ex. 1 (Steelmon Depo.) at 39:23-40:11, 40:17-21. Levine Decl., Ex. 2 (Tamate Depo.) at 31:14-25. |

-11-

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| | Levine Decl., Ex. 3 (Mirzoyan Depo.) at 25:12-24, 26:3-11. Levine Decl., Ex. 5 (Robert Tamate Body-Worn Camera Video ("Tamate BWC")) at 01:02:39-59. Def. Ex. E (David Mirzoyan Body-Worn Camera Video ("Mirzoyan BWC")) at 1:02:40-49.<br><br>Undisputed that the rear windshield and rear side windows were tinted. |
| 21. Steelmon's Response<br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Further, Plaintiffs did not object to ¶ 11 of Steelmon's Declaration. Objection to Plaintiffs' Evidence: Misstates/ mischaracterizes Steelmon's testimony which firmly establishes Fact 21. Steelmon testified: "The rear windows were dark tint. Even with our spotlights, we were unable to see through." P's Ex. 1 27:5-6. Plaintiffs' response is argumentative. Is lacking in foundation and calls for speculation.  Fed. R. Evid. 602. References matters that are irrelevant.  Fed. R. Evid. 401, 402. Does not establish an element of a claim against Defendants or affect the outcome of the action; therefore, not a material fact.  Fed. R. Civ. P. 56(c). | |
| 22. Due to the call remarks stating the man was seen with a firearm, Officer Steelmon exited the vehicle with the shotgun, Officer Tamate unholstered his sidearm and Officers Phan and Mirzoyan both unholstered their sidearms.<br><br>Decl. Steelmon at ¶ 11; Ex. "F" (Steelmon BWC) at 1:01:43-1:02:05; Ex. "G" (Talbot BWC) at 1:02:35-1:02:42 | 22. Undisputed. |

-12-

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 23. Prior to approaching Vasquez's vehicle, the Officers decided that they would "push up and clear" the vehicle on the passenger side and that Officer Steelmon would be "point" as he was armed with the shotgun.<br><br>Ex. "E" (Mirzoyan BWC) at 1:02:26-1:02:36 | 23. Undisputed. |
| 24. Officer Steelmon was the first officer to move toward the suspects' pickup truck holding his shotgun at a low ready with his finger on the safety. Officer Mirzoyan followed behind Officer Steelmon with his pistol at a low ready.<br><br>Ex. "E" (Mirzoyan BWC) at 1:02:26-1:02:36; Ex. "G" (Talbot BWC) at 1:02:31-1:02:42 | 24. Disputed that Officer Steelmon's finger was on the safety, which is not established by the cited evidence.<br><br>Otherwise undisputed. |
| 24. Steelmon's Response<br>References matters that are irrelevant.  Fed. R. Evid. 401, 402. Does not establish an element of a claim against Defendants or affect the outcome of the action; therefore, not a material fact.  Fed. R. Civ. P. 56(c). | |
| 25. Officer Steelmon yelled at the passenger, Plaintiff Jose Vasquez Lopez, to exit the vehicle; however, there was no reaction or movement.<br><br>Ex. "E" (Mirzoyan BWC) at 1:02:47-1:02:59 | 25. Disputed to extent it implies this statement, made in English, was comprehensible to Plaintiff Jose Vasquez Lopez ("Jose") or decedent Oscar Vasquez Lopez ("Oscar"). Jose has a very limited understanding of English, and Oscar did not speak or understand English. The officers also recognized that the two men were |

-13-

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| | Hispanic and may have not spoken or understood (or likely did not speak or understand) English, and Officer Tamate testified that he knew they were in a largely Spanish-speaking part of town. |
| | Levine Decl., Ex. 1 (Steelmon Depo.) at 52:24-53:1, 53:2-54:1, 65:3-5. Levine Decl., Ex. 2 (Tamate Depo.) at 36:6-8, 59:4-9, 60:15-19, 61:20-24, 62:21-25. Def. Ex. C (Deposition of Jose Vasquez Lopez ("Jose Depo.")) at 2:21-22, 43:8-9 (deposition translated by Spanish interpreter). Def. Ex. E (Mirzoyan BWC) at 01:02:48-01:03:20 (depicting Officer Tamate issuing Spanish commands even before the officers had looked through the front passenger door of the vehicle and ascertained that the two occupants were Hispanic, and issuing commands only in Spanish thereafter). Declaration of Daylin D. Vasquez ("Daylin Decl.") ¶¶ 5-9. Further disputed to extent it implies deliberate noncompliance, as both Jose and Oscar were asleep and inebriated, which the officers recognized at the time. |
| | Levine Decl., Ex. 1 (Steelmon Depo.) at 42:6-23, 45:20-46:10, 46:19-25, 52:16-23, 72:16-23. Levine Decl., Ex. |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| | 2 (Tamate Depo.) at 35:17-36:1, 36:16-25, 37:25-40:14, 40:24-41:7. Levine Decl., Ex. 3 (Mirzoyan Depo.) at 26:3-11, 31:1-14. Levine Decl., Ex. 4 (Deposition of Phillip Phan ("Phan Decl.")) at 29:12-31:3. Def. Ex. E (Mirzoyan BWC) at 01:02:40-01:03:37. Def. Ex. F (Sean Steelmon Body-Worn Camera Video ("Steelmon BWC")) at 01:03:12-35 (depicting Officer Tamate remarking that the men were "hammered" and stating, "these guys are out"). Levine Decl., Ex. 6 (Autopsy and Toxicology Report excerpts) at 5 (showing Oscar had a blood-alcohol content between 0.367 and 0.434). Levine Decl., Ex. 7. Otherwise undisputed. |

25. Steelmon's Response

This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Further, Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c).

*As to Occupants Speaking Only Spanish*: While there are some instances in which a person is entitled to a translator when interacting with police [see e.g. United States v. Botello-Rosales, 728 F.3d 865, 867-868 (9th Cir. 2013) [suspect entitled to accurate translation of Miranda rights], there is no general guarantee of an in-person interpreter for non-custodial encounters. See Rosen v. Montgomery County, 121 F.3d 154, 158 (4th Cir. 1997) ["The police do not have to get an interpreter before they can stop and shackle a fleeing bank robber, and they do not have to do so to stop a suspected drunk driver, conduct a field sobriety test, and make an arrest."] *accord* Mayfield v. City of Mesa, 131 F.4th 1100, 1112 (9th Cir.

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|

2025 ); see also United States v. Martinez-Garcia (9th Cir. 2005) 397 F.3rd 1205 [The Fourth Amendment is not violated when the officers commence the search before the occupant can be read, in his own language, the contents of the warrant.] Moreover, only the facts available to the officer "at the moment of the seizure" are relevant during a Terry stop. Terry v. Ohio, 392 U.S. 1, 22, 88 S. Ct. 1868 (1968) [emphasis added]. In that same vein, "the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865 (1989). Here, other than simply appearing to be Hispanic, there is no evidence demonstrating Officer Steelmon knew or had reason to know that either occupant of the truck did not speak any English. T*he objective reasonableness standard, including addressing a suspect's failure to comply with commands, is not impacted by a later revelation that the suspect failure to comply with commands was because the suspect did not understand English.* See United States v. Pacheco, 841 F.3d 384, 394 (6th Cir. 2016). In that same vein, *that a suspect didn't understand or hear an officer's commands or warnings does not present a question of material fact as to whether those commands and/or warnings were actually given.* See Id.; Ford v. Childers, 855 F.2d 1271, 1276 (7th Cir. 1988); Lowry v. City of San Diego, 858 F.3d 1248, 1255-1256 (9th Cir. 2017) [suspect didn't hear warnings because they were asleep]; Blanford v. Sacramento County, 406 F.3d 1110, 1116 (9th Cir. 2005) [suspect didn't hear commands because he had headphones in]; Kisela v. Hughes, 584 U.S. 100, 110, 138 S. Ct. 1148 (2018) ["Hughes may not have heard or understood the officers' commands and may not have been aware of the officers' presence at all.]; Ybarra v. City of Chicago, 946 F.3d 975, 980 (7th Cir. 2020) [no issue of material fact where suspects did not hear commands.]

*As to Occupant's Alleged Intoxication*: The presence of "intoxication does not reduce the immediate and significant threat a suspect poses." Sok Kong Tr. for Map Kong v. City of Burnsville, 960 F.3d 985, 993 (8th Cir. 2020). To the contrary, these conditions can contribute to the unpredictability of the situation and increase the danger for all involved in a law enforcement encounter. See Marvin v. City of Taylor, 509 F.3d 234, 246 (6th Cir. 2007). "*Intoxicated suspects do not enjoy a more lax standard when analyzing excessive force claims.*" French

-16-

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| v. Pierce Cnty., 2024 U.S. Dist. LEXIS 94638, *12 (W.D. WA 2024) [emphasis added]; see also Salazar-Limon v. City of Houston, 826 F.3d 272, 275 (5th Cir. 2016) [Officer's actions were objectively reasonable considering suspect's "resistance, intoxication, his disregard for [the officer]'s orders" and his actions "leading up to the shooting (including suddenly *reaching towards his waistband*).] [emphasis in original]. Additionally, Plaintiffs' response assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. See also Officer Steelmon's Objections to Evidence filed concurrently herewith at Objections Nos. 1-7 and 25-26. | |
| 26. Officer Tamate gave commands to Plaintiff Jose Vasquez Lopez in Spanish to exit the vehicle and identified the Officers as police. Officer Tamate also hit the side of the truck with his hand, making a loud pounding sound.<br><br>Ex. "E" (Mirzoyan BWC) at 1:02:47-1:02:59 | 26. Disputed to extent it implies these commands were comprehensible to Jose or Oscar, or that any failure by them to exit the vehicle at that time was deliberate, as both were asleep and inebriated, which the officers recognized at the time.<br><br>See supra, Dispute re Fact No. 25.<br><br>Otherwise undisputed. |
| 26. Steelmon's Response<br>See Response to Fact 25. | |
| 27. Officer Steelmon moved forward positioning himself parallel to the passenger side door of the truck. Officer Steelmon used the light on his shotgun to illuminate the interior.<br><br>Ex. "E" (Mirzoyan BWC) at 1:02:57-1:03:08 | 27. Undisputed. |

-17-

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 28. Officer Mirzoyan remained second and positioned himself to Officer Steelmon's left, keeping his pistol at a low-ready.<br><br>Ex. "E" (Mirzoyan BWC) at 1:02:57-1:03:08 | 28. Undisputed. |
| 29. Officer Tamate opened the truck's passenger side door and backed away.<br><br>Ex. "E" (Mirzoyan BWC) at 1:02:57-1:03:08 | 29. Undisputed. |
| 30. Officer Steelmon saw two occupants in the vehicle and both appeared to be passed out.<br><br>Decl. Steelmon at ¶ 11 | 30. Disputed to extent "appeared to be" implies Jose and Oscar were not in fact asleep, or that there was any lack of clarity about this. Officers Steelmon, Mirzoyan, and Tamate all recognized that the two men were passed out, as Mirzoyan and Tamate repeatedly remarked at the time, which is captured on body-worn camera video.<br>See supra, Dispute re Fact No. 25.<br><br>Otherwise undisputed. |

30. Steelmon's Response

This fact is undisputed. Plaintiffs did not object to ¶ 11 of Steelmon's Declaration. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602.
See also Steelmon's Response to Fact 25.

-18-

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 31. Additional commands were given, in Spanish, to exit the vehicle and again Officer Tamate identified the Officers as police.<br><br>Ex. "E" (Mirzoyan BWC) at 1:03:18-1:03:25 | 31. Disputed to extent it implies these commands were comprehensible to Jose or Oscar, or that any failure by them to exit the vehicle at that time was deliberate, as both were asleep and inebriated, which the officers recognized at the time.<br><br>See supra, Dispute re Fact No. 25.<br><br>Otherwise undisputed. |
| 31. Steelmon's Response<br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602.<br><br>See also Steelmon's Response to Fact 25. ||
| 32. Officer Tamate grabbed Plaintiff Jose Vasquez Lopez's right wrist, shook it and gave additional commands in Spanish. Plaintiff Jose Vasquez Lopez opened his eyes but didn't respond to Officer Tamate.<br><br>Ex. "F" (Steelmon BWC) at 1:03:07-1:03:42 | 32. Disputed to extent "didn't respond" implies Jose did not react. Jose looked toward the officers and raised his hands.<br><br>Def. Ex. E (Mirzoyan BWC) at 01:03:41-49.<br>Further disputed to extent "additional commands" implies these commands were comprehensible to Jose, or that any failure by him to "respond" or exit the vehicle at that time was deliberate, |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| | as he was asleep at least until after these commands were issued and was inebriated, as the officers recognized at the time.<br><br>See supra, Dispute re Fact No. 25.<br><br>Otherwise undisputed. |
| 32. Steelmon's Response<br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602.<br><br>See also Steelmon's Response to Fact 25. | |
| 33. After attempting and failing to remove Plaintiff Jose Vasquez Lopez, Officer Tamate repositioned himself to the driver's side of the vehicle.<br><br>Ex. "E" (Mirzoyan BWC) at 1:03:22-1:03:44 | 33. Undisputed. |
| 34. As Officer Tamate was reaching for the driver door handle, Officer Steelmon spotted the gun and yelled, "Gun, gun, gun!" "Don't move!" "Put your hands up now!".<br><br>Ex. "F" (Steelmon BWC) at 1:03:22-1:03:51 | 34. Disputed to extent it implies these statements, which were made in English, were comprehensible to Oscar, who spoke and understood only Spanish, which the officers recognized may have been or was likely the case. See supra, Dispute re Fact No. 25. Otherwise undisputed. |

-20-

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 34. Steelmon's Response<br><br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602.<br><br>See also Steelmon's Response to Fact 25. | |
| 35. Decedent did not put his hands up.<br><br>Ex. "F" (Steelmon BWC) at 1:03:22-1:03:51 | 35. Disputed. Oscar repeatedly lifted his hands, which had been in his lap. Def. Ex. F (Steelmon BWC) at 01:03:46-01:04:08.<br>Further disputed to extent it implies Oscar was capable of complying with Officer Steelmon's commands, which were given in English, which Oscar did not understand, or that any alleged noncompliance was deliberate, given that Oscar was barely awake and in an intoxicated stupor, as the officers recognized at the time.<br><br>See supra, Dispute re Fact No. 25. |
| 35. Steelmon's Response<br><br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. See also Steelmon's Response to Fact 25. | |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 36. Steelmon then ordered "Hands in the air!"<br><br>Ex. "F" (Steelmon BWC) at 1:03:22-1:03:51 | 36. Disputed to extent it implies these statements, which were made in English, were comprehensible to Oscar, who spoke and understood only Spanish, which the officers recognized may have been or was likely the case.<br><br>See supra, Dispute re Fact No. 25.<br><br>Otherwise undisputed. |
| 36. Steelmon's Response<br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602.<br><br>See also Steelmon's Response to Fact 25. | |
| 37. Officer Steelmon gave directions to the team of Officers telling them "Grab him, grab passenger out, rip him out. Driver's got a gun in his waistband."<br><br>Ex. "F" (Steelmon BWC) at 1:03:53-1:03:56 | 37. Undisputed. |
| 38. Officer Tamate pulled Plaintiff Jose Vasquez Lopez out of the truck and away from the truck and handcuffed him.<br><br>Ex. "D" (Phan BWC) at 1:03:59-1:04:32 | 38. Undisputed. |

-22-

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 39. Plaintiff Jose Vasquez Lopez was completely limp as he was pulled out of the truck, pulled further from the truck and handcuffed and his eyes were closed throughout.<br><br>Ex. "D" (Phan BWC) at 1:03:59-1:04:32 | 39. Disputed that "his eyes were closed throughout," which is not established by the cited evidence. Jose's eyes are not visible for the majority of Officer Phan's body-worn camera video, which was also recorded from too far away to see Jose's features clearly during the few moments when they are visible. Further disputed to extent it implies Jose was not awake. Jose testified he recalled being dragged out of the truck and hearing Officer Steelmon fire, and video evidence from just before he was pulled out of the truck show his eyes open as he looked toward the officers.<br><br>Def. Ex. C (Jose Depo.) at 43:6-11, 45:9-12.<br>Def. Ex. E (Mirzoyan BWC) at 01:03:41-49.<br><br>Otherwise undisputed. |
| 39. Steelmon's Response<br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Plaintiff Jose's self-serving testimony is belied by the video of the incident. Id. Objections: Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. | |
| 40. Officer Steelmon gave additional commands to Decedent yelling "Don't move, don't reach for the gun. Do not reach for the gun!! I'm going to shoot you if you reach for that gun. Don't do | 40. Disputed to extent it implies these statements, which were made in English, were comprehensible to Oscar, who spoke and understood only Spanish, which the officers recognized |

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| it!" | may have been or was likely the case. |
| Ex. "F" (Steelmon BWC) at 1:04:00-1:04:30 | See supra, Dispute re Fact No. 25. Further disputed to extent it implies these commands were clear or did not conflict with other commands that were issued, even assuming Oscar understood English or that the officers should have believed he did. While Officer Steelmon was making these statements in English, Sergeant Talbot simultaneously stated, in broken Spanish, "Hey, pongos [sic] sus manos a–," which translates to "put your hands–" (with no object included), creating a likelihood for confusion as to (1) whether or not Oscar was supposed to do something with his hands and (2) if so, where he was supposed to put them. Given this statement's proximity to Steelmon's repeated use of the word "gun" (if he understood that word), this risked suggesting to Oscar—who was barely awake and in an intoxicated stupor—that he was in fact being asked to put his hands on the gun. Def. Ex. G (John Talbot Body-Worn Camera Video ("Talbot BWC")) at 01:04:10-13. Levine Decl., Ex. 2 (Tamate Depo) at 59:24-60:5. Levine Decl., Ex. 7. See also supra, Dispute re Fact No. 25. Otherwise undisputed. |

-24-

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 40. Steelmon's Response<br><br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602.<br><br>See also Steelmon's Response to Fact 25. See also Steelmon's Objections to Evidence filed concurrently herewith at Objection Nos. 25-26. | |
| 41. Decedent is seen moving his hands around and not listening to Officer Steelmon's commands.<br><br>Ex. "F" (Steelmon BWC) at 1:04:00-1:04:30 | 41. Disputed as to "not listening to Officer Steelmon's commands," which would require that Oscar could understand Steelmon's commands. They were given in English, which Oscar did not understand, as the officers recognized may have been or was likely the case.<br><br>See supra, Dispute re Fact No. 25.<br><br>Further disputed to extent "not listening to Officer Steelmon's commands" implies Oscar was capable of complying even if he understood them. Oscar was barely awake and in an intoxicated stupor, as the officers recognized.<br><br>See supra, Dispute re Fact No. 25. Levine Decl., Ex. 7. |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| | Further disputed to extent "moving his hands around" implies any significant movement. The video evidence shows that Oscar kept his hands in the same general area throughout—on or just above the middle part of the top of his thighs—while appearing to rub his hands together slightly or cup them together, and slightly lowering or raising his hands over his thighs occasionally.<br><br>Def. Ex. F (Steelmon BWC) at 01:04:00-25.<br>Levine Decl., Ex. 5 (Tamate BWC) at 01:04:22-26.<br>Levine Decl., Ex. 1 (Steelmon Depo) at 73:1-13 (testifying that Oscar was putting his hands together as if drying them in a restroom air drier, or "rolling [his] fingers").<br>Otherwise undisputed. |

41. Steelmon's Response

This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602.

See also Steelmon's Response to Fact 25. See also Steelmon's Objections to Evidence filed concurrently herewith at Objection Nos. 25-26.

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 42. Officer Steelmon again yelled at Decedent "Don't do it!"<br><br>Ex. "F" (Steelmon BWC) at 1:04:00-1:04:30 | 42. Disputed to extent it implies Oscar could understand this command, which was made in English, which Oscar did not understand, as the officers recognized may have been or was likely the case.<br><br>See supra, Dispute re Fact No. 25.<br><br>Further disputed to extent it implies this command was clear or comprehensible, given that "Don't do it" is inherently vague, and given its proximity to Sergeant Talbot's contradictory command to "pongos [sic] sus manos" ("put your hands").<br><br>See supra, Dispute re Fact No. 40.<br><br>Otherwise undisputed. |
| 42. Steelmon's Response<br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602.<br><br>See also Steelmon's Response to Fact 25. | |
| | |

-27-

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 43. Officer Steelmon then advised the team, "He has a gun in his waistband, he's not listening to commands." Ex. "F" (Steelmon BWC) at 1:04:00-1:04:30 | 43. Disputed to extent it implies Oscar could understand Officer Steelmon's commands, which were made in English, which Oscar did not understand, as the officers recognized may have been or was likely the case. <br><br> See supra, Dispute re Fact No. 25. Further disputed to extent it implies Oscar was capable of complying with commands even assuming he understood them, given that he was barely awake and in an intoxicated stupor, as the officers recognized at the time. <br><br> See supra, Dispute re Fact No. 25. |
| 43. Steelmon's Response<br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. <br><br> See also Steelmon's Response to Fact 25. | |
| 44. Decedent continued moving his hands around in front of him. <br><br> Ex. "F" (Steelmon BWC) at 1:04:00-1:04:30 | 44. Disputed to extent "moving his hands around" implies any significant movement. The video evidence shows that Oscar kept his hands in the same general area throughout—on or just above the middle part of the top of his |

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| | thighs—while appearing to rub his hands together slightly or cup them together, and slightly lowering or raising his hands over his thighs occasionally.<br><br>See supra, Dispute re Fact No. 41. |
| 44. Steelmon's Response<br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). | |
| 45. Officer Steelmon commanded again "Hands in the air!" "Put your hands on top of your head now!"<br><br>Ex. "F" (Steelmon BWC) at 1:04:00-1:04:30 | 45. Disputed to extent it implies Oscar could understand Officer Steelmon's commands, which were made in English, which Oscar did not understand, as the officers recognized may have been or was likely the case.<br><br>See supra, Dispute re Fact No. 25.<br><br>Further disputed to extent it implies Oscar was capable of complying with commands even assuming he understood them, given that he was barely awake and in an intoxicated stupor, as the officers recognized at the time.<br><br>See supra, Dispute re Fact No. 25.<br><br>Otherwise undisputed. |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS
AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 45. Steelmon's Response<br><br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. <u>See</u> <u>Scott</u>, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602.<br><br>See also Steelmon's Response to Fact 25. | |
| 46. Decedent did not comply.<br><br>Ex. "F" (Steelmon BWC) at 1:04:00-1:04:30 | 46. Disputed to extent it implies Oscar could understand Officer Steelmon's commands, which were made in English, which Oscar did not understand, as the officers recognized may have been or was likely the case.<br><br>See supra, Dispute re Fact No. 25.<br><br>Further disputed to extent it implies Oscar was capable of complying with commands even assuming he understood them, given that he was barely awake and in an intoxicated stupor, as the officers recognized at the time.<br><br>See supra, Dispute re Fact No. 25. Levine Decl., Ex. 7. |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 46. Steelmon's Response<br><br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. <u>See</u> <u>Scott</u>, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602.<br><br>See also Steelmon's Response to Fact 25. See also Steelmon's Objections to Evidence filed concurrently herewith at Objection Nos. 25-26. | |
| 47. Decedent then nodded his head once and reached his right hand towards his waistband.<br><br>Ex. "F" (Steelmon BWC) at 1:04:00-1:04:30 | 47. Disputed to extent "nodded his head" implies Oscar understood what was being said to him, including Officer Steelmon's commands issued in English, which were made in English, which Oscar did not understand, as the officers recognized may have been or was likely the case.<br><br>See supra, Dispute re Fact No. 25.<br><br>Further disputed that Oscar "reached his right hand towards his waistband." The video footage shows Oscar, in an obvious stupor, appearing to rub his hands together or cup them together, and occasionally lowering or raising them over his thighs, before his right hand lowers slightly, by no more than 1-2 inches, toward the middle part of the top of his right thigh, a few inches from his right knee, as if scratching his |

-31-

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| | thigh or relaxing the muscles in his arm momentarily.<br><br>Levine Decl., Ex. 5 (Tamate BWC) at 01:04:21-26.<br><br>Otherwise undisputed. |
| 47. Steelmon's Response<br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602.<br><br>See also Steelmon's Response to Fact 25. | |
| 48. Immediately after Decedent began reaching toward his waistband, Officer Steelmon fired a single shot at Decedent.<br><br>Ex. "F" (Steelmon BWC) at 1:04:00-1:04:30 | 48. Disputed that Oscar "reach[ed] toward his waistband."<br><br>See supra, Dispute re Fact No. 47.<br><br>Otherwise undisputed. |
| 48. Steelmon's Response<br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Objections: Plaintiffs' response references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602.<br>See also Steelmon's Response to Fact 25. | |

-32-

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 49. At the time he fired, Officer Steelmon was in fear for his life, and the lives of his fellow Officers, believing that Decedent was retrieving the handgun in order to fire it at Officer Steelmon.<br><br>Decl. Steelmon at ¶ 12 | 49. Disputed to extent it implies Oscar reached toward his waistband.<br><br>See supra, Dispute re Fact No. 47.<br><br>Further disputed to extent it implies Officer Steelmon's claimed subjective fear was supported by the actual circumstances he faced. The video evidence shows nothing to indicate Oscar was attempting to retrieve a handgun and fire it at anyone. At the time Steelmon fired from a position to the Oscar's right, Oscar was looking to Oscar's left, away from Steelmon, and was obviously in an intoxicated stupor, as video makes clear and as the officers themselves recognized. It is not even clear that Oscar recognized the officers' presence in his condition. Oscar's condition also strongly indicated that he lacked any capacity to grab the handgun, draw it, load a round into the chamber, switch off the safety if the safety was on, aim it at Steelmon—who was to Oscar's right, but backward from the direction Oscar was facing at the time—and fire, even assuming he had the apparent intent to do so. Steelmon testified that he felt he had adequate cover at the "B pillar" of the truck (which separates the front passenger doorway from the rear |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
|  | passenger doorway) and that, if Oscar had reached for the gun and attempted to use it against Steelmon, Oscar "would have to turn his entire body around to face [him]," indicating this would have been a slow and difficult endeavor in Oscar's condition, and that Steelmon would "still have that B pillar as additional cover" because he was partially behind it, which put Steelmon nearly 180 degrees behind where Oscar was facing when he was facing left. Steelmon also testified that Oscar never drew the gun, started moving it in Steelmon's direction, or pointed it at anyone. Additionally, nothing about Oscar's prior conduct or demeanor, after being woken up by yelling officers, indicates any apparent intent to draw or use the gun. California standard police officer training provides that deadly force based on a threat of harm requires that the officer be defending against an imminent threat of death or serious bodily injury to the officer or to another, and establishes that such a threat is "imminent" when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| | death or serious bodily injury to the officer or another person. Standard police training also provides that subjective fear or fear of future harm alone are insufficient to justify deadly force. See supra, Dispute re Fact No. 41, Dispute re Fact No. 47. Def. Ex. F (Steelmon BWC) at 01:04:00-27. Levine Decl., Ex. 5 (Tamate BWC) at 01:04:21-27. Levine Decl., Ex. 1 (Steelmon Depo) at 55:24-56:2, 59:19-60:3, 63:19-64:8. Noble Decl. at ¶¶ 20-29. Levine Decl., Ex. 7.<br><br>Otherwise undisputed. |

49. Steelmon's Response

This fact is undisputed. Plaintiffs did not object to Steelmon's Declaration ¶ 12. The video evidence speaks for itself and quite clearly shows that Decedent reached for his waistband where a firearm, later determined to be loaded, was located. See Scott, supra. Objections: Plaintiffs' response is argumentative. Contains legal conclusions. References matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. Contains improper opinion testimony. Fed. R. Evid. 701.

See also Steelmon's Response to Fact 25. See also Steelmon's Objections to Evidence filed concurrently herewith at Objections Nos. 8-24, 25-26.

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 50. Officer Steelmon made the split-second decision to shoot when Decedent reached for his firearm.<br><br>Decl. Steelmon at ¶ 12 | 50. Disputed that Oscar reached for the firearm.<br>See supra, Dispute re Fact No. 47.<br>Further disputed to the extent "made the split-second decision" implies the decision to shoot was required to be made in a split-second or at all.<br>See supra, Dispute re Fact No. 49. |
| 50. Steelmon's Response<br>This fact is undisputed. Plaintiffs did not object to Steelmon's Declaration ¶ 12. The video evidence speaks for itself and quite clearly shows that Decedent reached for his waistband where a firearm, later determined to be loaded, was located. See Scott, supra. Objections: Plaintiffs' response is argumentative. Contains legal conclusions. References matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. Contains improper opinion testimony. Fed. R. Evid. 701. See also Steelmon's Response to Fact 25. See also Steelmon's Objections to Evidence filed concurrently herewith at Objections Nos. 8-24. | |
| 51. Decedent indeed had a firearm in his waistband which was recovered by Officer Tamate on scene.<br><br>Decl. Steelmon at ¶ 13; Ex. "G" (Talbot BWC) at 1:04:57-1:05:13; Ex. "H" | 51. Undisputed. |
| 52. Officer Steelmon communicated, "Gun is exposed in his waistband." Officer Tamate acknowledged Steelmon and stated, "Yeah, I got it."<br>Decl. Steelmon at ¶ 13; Ex. "G" (Talbot BWC) at 1:04:57-1:05:13 | 52. Undisputed. |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 53. Officer Tamate recovered the loaded pistol from Oscar's waistband and placed it on top of the truck bed cover.<br><br>Decl. Steelmon at ¶ 13; Ex. "G" (Talbot BWC) at 1:04:57-1:05:13; Ex. "H" | 53. Disputed to extent it implies any officer knew the gun was loaded before Officer Steelmon fired. Steelmon testified that he did not know whether it was loaded.<br><br>Levine Decl., Ex. 1 (Steelmon Depo.) at 52:7-13.<br><br>Otherwise undisputed. |
| 53. Steelmon's Response<br><br>This fact is undisputed. The gun was, in fact, loaded. Nothing in fact 53 states or implies Officers' knowledge of that prior to recovery of the firearm. ||
| 54. Officer Tamate went back to Oscar's waistband and recovered an additional magazine and also placed it on the truck bed cover.<br><br>Decl. Steelmon at ¶ 13; Ex. "G" (Talbot BWC) at 1:04:57-1:05:13 | 54. Undisputed. |
| 55. Plaintiff Jose Vasquez Lopez made no movement in between the time he was handcuffed until the shot was fired and instead remained on his stomach with his eyes closed.<br><br>Ex. "D" (Phan BWC) at 1:03:59-1:04:32 | 55. Disputed that "his eyes were closed," which is not established by the cited evidence. Jose's eyes are not visible for the majority of Officer Phan's body-worn camera video, which was also recorded from too far away to see Jose's features clearly during the few moments when they are visible.<br><br>Further disputed to extent it implies Jose was not awake. Jose testified he recalled being dragged out of the truck |

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| | and hearing Officer Steelmon fire, and video evidence from just before he was pulled out of the truck show his eyes open as he looked toward the officers.<br><br>See supra, Dispute re Fact No. 39.<br><br>Otherwise undisputed. |
| 55. Steelmon's Response<br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. See Scott, supra. Plaintiff Jose's self-serving testimony is belied by the video of the incident. Id. Objections: Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. See Steelmon's Response to Fact 39. | |
| 56. Plaintiff Jose Vasquez Lopez did not have any physical reaction to the gun shot, did not move or flinch, did not open his eyes and remained in the same position as he had been since he had been handcuffed.<br><br>Ex. "D" (Phan BWC) at 1:03:59-1:04:32 | 56. Disputed. This is not established by the cited evidence. Jose's eyes are not visible for the majority of Officer Phan's body-worn camera video, which was also recorded from too far away to see Jose's features clearly during the few moments when they are visible, or any non-obvious movement or flinches.<br><br>Further disputed to extent it implies Jose was not awake. Jose testified he recalled being dragged out of the truck and hearing Officer Steelmon fire, and video evidence from just before he was pulled out of the truck show his eyes open as he looked toward the officers. See supra, Dispute re Fact No. 39. |

-38-

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS
AND ADDITIONAL MATERIAL FACTS

| STEELMON'S UNCONTROVERTED FACT AND EVIDENCE | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 56. Steelmon's Response<br><br>This fact is undisputed. The objective evidence of the video recordings speaks for itself. <u>See</u> <u>Scott</u>, supra. Plaintiff Jose's self-serving testimony is belied by the video of the incident. <u>Id.</u> Objections: Assumes facts not in evidence. Fed. R. Evid. 611. Is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. See Steelmon's Response to Fact 39. | |

## II.   REPLY TO PLAINTIFFS' ADDITONAL UNDISPUTED MATERIAL FACTS

| PLAINTIFFS' ADDITIONAL FACT | STEELMON'S RESPONSE |
|---|---|
| 57. The dispatch report did not indicate that anything had occurred involving the gun, including that it had been pointed at anyone or that any shots had been fired.<br><br>Levine Decl., Ex. 1 (Steelmon Depo) at 15:10-14. Levine Decl., Ex. 2 (Tamate Depo.) at 19:2-4, 19:10-12. Levine Decl., Ex. 4 (Phan Depo.) at 13:8-16. | 57. Undisputed though references matters that are wholly irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). |
| 58. The dispatch report did not indicate that anyone had been verbally threatened.<br><br>Levine Decl., Ex. 2 (Tamate Depo.) at 19:7-9. | 58. Undisputed though references matters that are wholly irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS AND ADDITIONAL MATERIAL FACTS

| PLAINTIFFS' ADDITIONAL FACT | STEELMON'S RESPONSE |
|---|---|
| 59. The dispatch report did not indicate that anyone was injured.<br><br>Levine Decl., Ex. 1 (Steelmon Depo) at 15:15-16. Levine Decl., Ex. 2 (Tamate Depo.) at 19:5-6. | 59. Undisputed though references matters that are wholly irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact.  Fed. R. Civ. P. 56(c). |
| 60. The dispatch report did not include any description of a suspect besides that he was male, including his name, height, weight, age, or clothing.<br><br>Levine Decl., Ex. 1 (Steelmon Depo) at 15:10-16. Levine Decl., Ex. 3 (Mirzoyan Depo.) at 15:11-16:3. | 60. Undisputed though references matters that are wholly irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact.  Fed. R. Civ. P. 56(c). |
| 61. The grey pickup truck in the parking lot was parked, turned off, had no lights on, and showed no signs it was occupied.<br><br>Levine Decl., Ex. 1 (Steelmon Depo) at 20:13-24, 27:12-20, 36:2-37:14, 38:17-39:3 Levine Decl., Ex. 2 (Tamate Depo.) at 22:7-14, 29:15. Levine Decl., Ex. 3 (Mirzoyan Depo.) at 20:7-20, 22:9-23:13. Levine Decl., Ex. 4 (Phan Depo.) at 20:1-10. | 61. Disputed as it is impossible to determine at what point in time during the entire encounter this fact references. Argumentative. References matters that are irrelevant.  Fed. R. Evid. 401, 402. References matters that do not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Lacking in foundation. Fed. R. Evid. 602. Misstates and/or mischaracterizes testimony. The testimony referenced involves observations that occurred during various times during the incident. |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS
AND ADDITIONAL MATERIAL FACTS

| PLAINTIFFS' ADDITIONAL FACT | STEELMON'S RESPONSE |
|---|---|
| 62. The officers believed the truck may not have been the one referenced in the dispatch report.<br><br>Levine Decl., Ex. 1 (Steelmon Depo) at 27:12-20, 37:9-14, 45:1-4. Levine Decl., Ex. 2 (Tamate Depo.) at 25:8-16, 33:23-24, 34:6-9, 69:22-23. Levine Decl., Ex. 3 (Mirzoyan Depo.) at 20:7-20, 28:11-18. | 62. Disputed as to conclusion. Misstates and/or mischaracterizes testimony. References matters that are irrelevant.  Fed. R. Evid. 401, 402. References matters that do not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). No report of a crime is certain until investigated. |
| 63. The officers believed the dispatch report was vague.<br><br>Levine Decl., Ex. 2 (Tamate Depo.) at 21:9-10. Levine Decl., Ex. 3 (Mirzoyan Depo.) at 14:22-15:1. Levine Decl., Ex. 4 (Phan Depo.) at 12:25-13:4. | 63. Disputed as to conclusion. Misstates and/or mischaracterizes testimony. References matters that are irrelevant.  Fed. R. Evid. 401, 402. References matters that do not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). |
| 64. Dispatch reports are often inaccurate.<br><br>Levine Decl., Ex. 2 (Tamate Depo.) at 34:2-5. | 64. Disputed as to conclusion. Argumentative. Misstates and/or mischaracterizes testimony. References matters that are irrelevant.  Fed. R. Evid. 401, 402. References matters that do not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. Improper opinion testimony. Fed. R. Evid. 701. |

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS
AND ADDITIONAL MATERIAL FACTS

| PLAINTIFFS' ADDITIONAL FACT | STEELMON'S RESPONSE |
|---|---|
| 65. The officers believed the man referenced in the dispatch report may have been elsewhere in the area.<br><br>Levine Decl., Ex. 1 (Steelmon Depo) at 27:12-20, 36:2-37:14. | 65. Disputed as to conclusion. Misstates and/or mischaracterizes testimony. References matters that are irrelevant. Fed. R. Evid. 401, 402. References matters that do not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. Improper opinion testimony. Fed. R. Evid. 701. |
| 66. The officers knew that the area was largely Spanish-speaking.<br><br>Levine Decl., Ex. 2 (Tamate Depo.) at 59:4-12, 61:22-62:25. | 66. Disputed as to conclusion. Argumentative. Misstates and/or mischaracterizes testimony. References matters that are irrelevant. Fed. R. Evid. 401, 402. References matters that do not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Is lacking in foundation and calls for speculation. Fed. R. Evid. 602. Improper opinion testimony. Fed. R. Evid. 701. See Steelmon's Response to Fact 25. |
| 67. Officer Tamate knew limited Spanish.<br><br>Levine Decl., Ex. 2 (Tamate Depo.) at 59:4-20. | 67. Undisputed though references matters that are irrelevant. Fed. R. Evid. 401, 402. References matters that do not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). See Steelmon's Response to Fact 25. |

-42-

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S  STATEMENT OF UNCONTROVERTED FACTS
AND ADDITIONAL MATERIAL FACTS

| PLAINTIFFS' ADDITIONAL FACT | STEELMON'S RESPONSE |
|---|---|
| 68. Before observing anyone inside the truck, Officer Tamate began issuing commands in Spanish.<br><br>Levine Decl., Ex. 2 (Tamate Depo.) at 27:5-17. | 68. Undisputed though references matters that are irrelevant.  Fed. R. Evid. 401, 402. References matters that do not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). |
| 69. Through a propped-open rear window, the officers observed a man in the front passenger seat who appeared to be slumped over and asleep.<br><br>Levine Decl., Ex. 1 (Steelmon Depo) at 39:23-40:11. Levine Decl., Ex. 2 (Tamate Depo.) at 31:14-25. Levine Decl., Ex. 3 (Mirzoyan Depo.) at 25:12-24, 26:3-11. Def. Ex. E (Mirzoyan BWC) at 01:02:39-50. | 69. Disputed as to conclusion. Argumentative. Misstates and/or mischaracterizes testimony. Neither Steelmon nor Tamate say anything about the passenger being slumped or asleep in the pages referenced. References matters that are irrelevant. Fed. R. Evid. 401, 402. References matters that do not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Is lacking in foundation and calls for speculation.  Fed. R. Evid. 602. Improper opinion testimony. Fed. R. Evid. 701. |
| 70. The officers looked through the window of the front passenger door, and opened that door.<br><br>Levine Decl., Ex. 1 (Steelmon Depo) at 42:6-19. Def. Ex. E (Mirzoyan BWC) at 01:02:53-01:03:05. | 70. Undisputed though repetitive of Steelmon's Fact 29. |

-43-

| PLAINTIFFS' ADDITIONAL FACT | STEELMON'S RESPONSE |
|---|---|
| 71. The officers saw two Hispanic men inside the truck.<br><br>Levine Decl., Ex. 1 (Steelmon Depo) at 53:2-4, 65:3-5. Levine Decl., Ex. 2 (Tamate Depo.) at 36:6-8. Levine Decl., Ex. 3 (Mirzoyan Depo.) at 29:17-23. Def. Ex. E (Mirzoyan BWC) at 1:03:03-14. | 71. Undisputed though repetitive of Steelmon's Fact 13. |

Dated: March 20, 2026          JONES MAYER


                               By: /s/ *Denise Lynch Rocawich*
                               JAMES R. TOUCHSTONE
                               DENISE LYNCH ROCAWICH
                               Attorneys for Officer Sean Steelmon

-44-

REPLY TO PLAINTIFFS' RESPONSE TO STEELMON'S STATEMENT OF UNCONTROVERTED FACTS
AND ADDITIONAL MATERIAL FACTS