James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Denise Lynch Rocawich, SBN 232792
dlr@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone:  (714) 446-1400
Facsimile:   (714) 446-1448

Attorneys for SEAN STEELMON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON VASQUEZ, individually and as successor-in-interest to Decedent, Oscar Vasquez Lopez; DAYLIN VASQUEZ individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; LUSSY VASQUEZ, individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; OSCAR VASQUEZ, individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; K.V., by and through her Guardian ad litem, Daylin Vasquez, individually and as successor- in-interest to Decedent Oscar Vasquez Lopez; A.V., by and through his Guardian ad litem, Daylin Vasquez, individually and as successor-in-interest to Decedent Oscar Vasquez Lopez; and JOSE VASQUEZ LOPEZ, individually,<br><br>              Plaintiffs,<br>      vs.<br><br>CITY OF LOS ANGELES, SEAN STEELMON; and DOES 2 through 10, inclusive,<br><br>              Defendants. | Case No:  8:24−cv−02421-FLA (JDE)<br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Court Room:  6B<br><br>**DEFENDANT STEELMON'S OBJECTIONS TO EVIDENCE AND DECLARATIONS IN OPPOSITION TO STEELMON'S MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT**<br><br><br>Date:      April 3, 2026<br>Time:     1:30 p.m.<br>Crtm:    6B |

-1-

Defendant, Sean Steelmon, submits the following objections to Plaintiffs' Evidence submitted in in support of Plaintiffs' Opposition to Steelmon's Motion for Summary Judgment and/or Partial Summary Judgment of Issues:

**OBJECTIONS TO DECLARATION OF DAYLIN D. VASQUEZ**

Steelmon submits the following objections to the Declaration of Daylin D. Vasquez in support of Plaintiff's Opposition to Steelmon's Motion for Summary Judgment and/or Partial Summary Judgment.

**OBJECTION NO. 1**

Steelmon objects to the Declaration of Daylin D. Vasquez in its entirety.

**GROUNDS FOR OBJECTION NO. 1**

The Declaration of Daylin D. Vasquez centers entirely on whether Decedent spoke or understood Spanish. However, that information is irrelevant. Fed. R. Evid. 401, 402. That information further does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c).

While there are some instances in which a person is entitled to a translator when interacting with police [see e.g. United States v. Botello-Rosales, 728 F.3d 865, 867-868 (9th Cir. 2013) [suspect entitled to accurate translation of Miranda rights], there is no general guarantee of an in-person interpreter for non-custodial encounters. See Rosen v. Montgomery County, 121 F.3d 154, 158 (4th Cir. 1997) ["The police do not have to get an interpreter before they can stop and shackle a fleeing bank robber, and they do not have to do so to stop a suspected drunk driver, conduct a field sobriety test, and make an arrest."] *accord* Mayfield v. City of Mesa, 131 F.4th 1100, 1112 (9th Cir. 2025 ); see also United States v. Martinez-Garcia (9th Cir. 2005) 397 F.3rd 1205 [The Fourth Amendment is *not* violated

when the officers commence the search before the occupant can be read, in his own language, the contents of the warrant.]

Moreover, only the facts available to the officer "*at the moment* of the seizure" are relevant during a Terry stop. Terry v. Ohio, 392 U.S. 1, 22, 88 S. Ct. 1868 (1968) [emphasis added]. In that same vein, "the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865 (1989). Here, other than simply appearing to be Hispanic, there is no evidence demonstrating Officer Steelmon knew or had reason to know that either occupant of the truck did not speak any English. The objective reasonableness standard, including addressing a suspect's failure to comply with commands, is not impacted by a later revelation that the suspect failure to comply with commands was because the suspect did not understand English. United States v. Pacheco, 841 F.3d 384, 394 (6th Cir. 2016).

In that same vein, that a suspect didn't understand or hear an officer's commands or warnings does not present a question of material fact as to whether those commands and/or warnings were actually given. See Id.; Ford v. Childers, 855 F.2d 1271, 1276 (7th Cir. 1988); Lowry v. City of San Diego, 858 F.3d 1248, 1255-1256 (9th Cir. 2017) [suspect didn't hear warnings because they were asleep]; Blanford v. Sacramento County, 406 F.3d 1110, 1116 (9th Cir. 2005) [suspect didn't hear commands because he had headphones in]; Kisela v. Hughes, 584 U.S. 100, 110, 138 S. Ct. 1148 (2018) ["Hughes may not have heard or understood the officers' commands and may not have been aware of the officers' presence at all.]; Ybarra v. City of Chicago, 946 F.3d 975, 980 (7th Cir. 2020) [no issue of material fact where suspects did not hear commands.]

OBJECTIONS TO EVIDENCE AND DECLARATIONS

**COURT'S RULING ON OBJECTION NO. 1**

Dated: _____          SUSTAINED     ____

                           OVERRULED     ____

**OBJECTION NO. 2**

¶ 4 "I knew Oscar my entire life and communicated with him regularly, including during periods where we lived in different places."

**GROUNDS FOR OBJECTION NO. 2**

Paragraph 4 references matters that are irrelevant. Fed. R. Evid. 401, 402. Paragraph 4 does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Paragraph 4 assumes facts not in evidence. Fed. R. Evid. 611. Steelmon also incorporates his Grounds for Objection No. 1 above.

**COURT'S RULING ON OBJECTION NO. 2**

Dated: _____          SUSTAINED     ____

                           OVERRULED     ____

**OBJECTION NO. 3**

¶ 5 "Oscar lived in Guatemala for his entire life until approximately three years prior to his death. During the approximately three years prior to his death, he lived in the United States. This period was the only period during his life when he lived in an English-speaking country."

**GROUNDS FOR OBJECTION NO. 3**

Paragraph 5 references matters that are irrelevant. Fed. R. Evid. 401, 402. Paragraph 5 does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Paragraph 5 is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. Paragraph 5 assumes facts not in evidence. Fed. R. Evid. 611. Steelmon also incorporates his Grounds for Objection No. 1 above.

**COURT'S RULING ON OBJECTION NO. 3**

Dated: _____          SUSTAINED      ____

OVERRULED      ____

**OBJECTION NO. 4**

¶ 6 "Based on my personal knowledge and lifelong interactions with him, including late in his life, Oscar did not understand or speak English.

**GROUNDS FOR OBJECTION NO. 4**

Paragraph 6 references matters that are irrelevant. Fed. R. Evid. 401, 402. Paragraph 6 does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Paragraph 6 is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. Paragraph 6 assumes facts not in evidence. Fed. R. Evid. 611. Paragraph 6 contains improper opinion testimony. Fed. R. Evid. 701. Steelmon also incorporates his Grounds for Objection No. 1 above.

OBJECTIONS TO EVIDENCE AND DECLARATIONS

**COURT'S RULING ON OBJECTION NO. 4**

Dated: _____          SUSTAINED      ____

                            OVERRULED      ____

**OBJECTION NO. 5**

¶ 7 "Oscar spoke and understood only Spanish. Throughout my life, I never witnessed Oscar speak any English, and I never witnessed him appear to understand English when he heard it spoken."

**GROUNDS FOR OBJECTION NO. 5**

Paragraph 6 references matters that are irrelevant. Fed. R. Evid. 401, 402. Paragraph 6 does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Paragraph 6 is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. Paragraph 6 assumes facts not in evidence. Fed. R. Evid. 611. Paragraph 6  contains improper opinion testimony. Fed. R. Evid. 701. Steelmon also incorporates his Grounds for Objection No. 1 above.

**COURT'S RULING ON OBJECTION NO. 5**

Dated: _____          SUSTAINED      ____

                            OVERRULED      ____

**OBJECTION NO. 6**

¶ 8 "I observed that Oscar was unable to communicate with individuals who spoke only English. For example, when ordering food at restaurants or otherwise interacting with English-speaking individuals, he required assistance from someone who spoke Spanish, or would obtain help from others who spoke both English and Spanish to translate for him."

**GROUNDS FOR OBJECTION NO. 6**

Paragraph 6 references matters that are irrelevant. Fed. R. Evid. 401, 402. Paragraph 6 does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Paragraph 6 is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. Paragraph 6 assumes facts not in evidence. Fed. R. Evid. 611. Paragraph 6 contains improper opinion testimony. Fed. R. Evid. 701. Steelmon also incorporates his Grounds for Objection No. 1 above.

**COURT'S RULING ON OBJECTION NO. 6**

Dated: _____          SUSTAINED      ____

OVERRULED      ____

**OBJECTION NO. 7**

¶ 9 "Based on these experiences and my lifelong relationship with him, I know that Oscar did not speak or understand English, and only understood and communicated in Spanish."

OBJECTIONS TO EVIDENCE AND DECLARATIONS

**GROUNDS FOR OBJECTION NO. 7**

Paragraph 6 references matters that are irrelevant. Fed. R. Evid. 401, 402. Paragraph 6 does not establish an element of a claim against Steelmon or affect the outcome of the action; therefore, is not a material fact. Fed. R. Civ. Proc. 56(c). Paragraph 6 is not based on personal knowledge, is lacking in foundation and calls for speculation. Fed. R. Evid. 602. Paragraph 6 assumes facts not in evidence. Fed. R. Evid. 611. Paragraph 6 contains improper opinion testimony. Fed. R. Evid. 701. Steelmon also incorporates his Grounds for Objection No. 1 above.

**COURT'S RULING ON OBJECTION NO. 7**

Dated: _____                SUSTAINED      ____

                                  OVERRULED      ____

**OBJECTIONS TO DECLARATION OF JEFFREY NOBLE**

**OBJECTION NO. 8**

¶ 10 "It is well-recognized that an officer's use-of-force decisions (that is, whether, when, and how to use force) are predicated to a significant degree on events that occurred prior to the use of force itself. In most incidents, including the interaction in this case, an officer's use of force is the result of "a contingent sequence of decisions and resulting behaviors—each increasing or decreasing the probability of an eventual use of . . . force." Put differently, "[a]n officer's use-of force decision . . . will almost always be affected by events that occur prior to the use of force itself, and often prior to the subject's noncompliance, resistance, or other physical actions upon which the use of force is immediately predicated." It follows that the use of force cannot be properly evaluated without considering the preceding actions of officers, subjects, or bystander."

**GROUNDS FOR OBJECTION NO. 8**

Argumentative. Legal conclusion. References matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Defendants or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Lacking in foundation. Fed. R. Evid. 602. Inadmissible hearsay. Fed. R. Evid. 801, 802. Assumes facts not in evidence. Fed. R. Evid. 611. Misstates/Mischaracterizes the law.

**COURT'S RULING ON OBJECTION NO. 8**

Dated: _____          SUSTAINED      ____

                            OVERRULED      ____

**OBJECTION NO. 9**

¶ 11 "Here, there was no need for haste. The vehicle was parked in a parking lot and there were three police vehicles and five officers present at the scene. Instead of engaging in contingency planning, Officer Steelmon simply told the other officers they would approach the vehicle from the passenger side to verify if the vehicle was occupied. Sergeant Talbot heard the plan and did not interject or offer planning assistance."

**GROUNDS FOR OBJECTION NO. 9**

Argumentative. Legal conclusion. References matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Defendants or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Lacking in foundation and calls for speculation. Fed. R. Evid. 602. Inadmissible hearsay. Fed. R. Evid. 801, 802. Assumes facts not in evidence. Fed. R. Evid. 611. Mischaracterizes/misstates objective evidence in violation of Scott v. Harris, 550 U.S. 372. 378-81 (2007).

-9-

OBJECTIONS TO EVIDENCE AND DECLARATIONS

**COURT'S RULING ON OBJECTION NO. 9**

Dated: _____          SUSTAINED          ____

                             OVERRULED          ____

**OBJECTION NO. 10**

¶ 12 "When the officers approached and saw there were two people inside the vehicle, Officer Phan suggested to Sergeant Talbot that they re-deploy but his suggestion was ignored as both Officer Steelmon and Sergeant Talbot felt they had a tactical advantage in maintaining their position. Re-deploying would have allowed the officers to take positions of cover and request additional resources such as a ballistic shield, an airship, or the Metropolitan Division. The officers could have used their lights and siren or their public address system from a position of cover to try to de-escalate the situation. While the officers should have re-deployed once they identified there were two subjects inside the vehicle, the necessity to re-deploy was significantly heightened when Officer Steelmon saw a handgun in Oscar's waistband."

**GROUNDS FOR OBJECTION NO. 10**

Argumentative. Legal conclusion. References matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Defendants or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Lacking in foundation and calls for speculation. Fed. R. Evid. 602. Inadmissible hearsay. Fed. R. Evid. 801, 802. Assumes facts not in evidence. Fed. R. Evid. 611. Mischaracterizes/misstates objective evidence in violation of Scott v. Harris, 550 U.S. 372. 378-81 (2007).

**COURT'S RULING ON OBJECTION NO. 10**

Dated: _____                    SUSTAINED     ____

                                      OVERRULED     ____

**OBJECTION NO. 11**

¶ 13 "Moreover, the officers knew both Jose and Oscar appeared unconscious when they approached the vehicle and they did not initially respond to commands. The officers said they believed both Jose and Oscar were intoxicated on alcohol. A reasonable police officer would know that waking an individual in these circumstances may result in the subject not obeying commands and more time and de-escalation tactics may assist in resolving the situation without the need for force."

**GROUNDS FOR OBJECTION NO. 11**

Argumentative. Legal conclusion. References matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Defendants or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Lacking in foundation and calls for speculation. Fed. R. Evid. 602. Inadmissible hearsay. Fed. R. Evid. 801, 802. Assumes facts not in evidence. Fed. R. Evid. 611. Mischaracterizes/misstates objective evidence in violation of Scott v. Harris, 550 U.S. 372. 378-81 (2007).

**COURT'S RULING ON OBJECTION NO. 11**

Dated: _____                    SUSTAINED     ____

                                      OVERRULED     ____

-11-

OBJECTIONS TO EVIDENCE AND DECLARATIONS

**OBJECTION NO. 12**

¶ 14 "Reverence for human life is the guiding principle when responding to crimes in progress, and deadly force should be used only as a last resort."

**GROUNDS FOR OBJECTION NO. 12**

Though the content of the statement is not necessarily contested, paragraph 14 is argumentative, states a legal conclusion and lacks foundation. Fed. R. Evid. 602. Further, is inadmissible hearsay. Fed. R. Evid. 801, 802.

**COURT'S RULING ON OBJECTION NO. 12**

Dated: _____          SUSTAINED      ____

OVERRULED      ____

**OBJECTION NO. 13**

¶ 15 "Officers are trained that no arrest is so important that the patrol officers involved should expose themselves to needless danger. In order to meet the safety challenges inherent to the situation, patrol officers must employ tactically sound procedures when effecting any high-risk vehicle pullover, for the safety of the officers and of the suspect."

**GROUNDS FOR OBJECTION NO. 13**

Though the content of the statement is not necessarily contested, paragraph 15 is argumentative and references matters that are irrelevant. Fed. R. Evid. 401, 402. Does not establish an element of a claim against Defendants or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Lacking in foundation and calls for speculation. Fed. R. Evid. 602. Inadmissible hearsay. Fed. R. Evid. 801, 802. Assumes facts not in evidence. Fed. R. Evid. 611.

Mischaracterizes/misstates objective evidence in violation of <u>Scott v. Harris</u>, 550 U.S. 372. 378-81 (2007).

**COURT'S RULING ON OBJECTION NO. 13**

Dated: _____          SUSTAINED     ____

                            OVERRULED     ____

**OBJECTION NO. 14**

¶17 "Once Officer Steelmon identified a handgun in Oscar's waistband, Officer Steelmon made no effort to seek a position of cover and instead stood in front of the open passenger door while directing Officer Tamate to remove Jose from the vehicle."

**GROUNDS FOR OBJECTION NO. 14**

Argumentative.  Legal conclusion. Lacking in foundation.  Fed. R. Evid 602. Mischaracterizes/misstates objective evidence in violation of <u>Scott v. Harris</u>, 550 U.S. 372. 378-81 (2007). Noble's self-serving declaration is belied by the video of the incident. <u>See</u> <u>Scott</u>, supra. Improper opinion testimony. Fed. R. Evid. 701. References matters that are irrelevant.  Fed. R. Evid. 401, 402. Does not establish an element of a claim against Defendants or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Lacking in foundation and calls for speculation. Fed. R. Evid. 602. Assumes facts not in evidence. Fed. R. Evid. 611.

-13-

## COURT'S RULING ON OBJECTION NO. 14

Dated: _____           SUSTAINED        ____

                             OVERRULED        ____

## OBJECTION NO. 15

¶ 18 "Officer Tamate, who had limited abilities in speaking Spanish, tried to communicate in Spanish to Jose and Oscar, and Officer Steelmon did request a Spanish speaking officer to respond but there was not enough time for a Spanish speaking officer to respond. Had the officers slowed the situation as there was no exigency and no need for haste, a Spanish speaking officer could have responded and attempted to communicate with Oscar from a position of cover."

## GROUNDS FOR OBJECTION NO. 15

Argumentative.  Lacking in foundation.  Fed. R. Evid  602. References matters that are irrelevant.  Fed. R. Evid. 401, 402. Does not establish an element of a claim against Defendants or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Lacking in foundation and calls for speculation. Fed. R. Evid. 602. Assumes facts not in evidence. Fed. R. Evid. 611.

## COURT'S RULING ON OBJECTION NO. 15

Dated: _____           SUSTAINED        ____

                             OVERRULED        ____

OBJECTIONS TO EVIDENCE AND DECLARATIONS

**OBJECTION NO. 16**

¶ 19 "Here, the officers failure to engage in reasonable planning by designating a less-lethal officer, their failure to use lights and/or a PA to attempt to call the truck's occupants out from a position of cover at their vehicles prior to approaching, their failure to move to a position of cover once Officer Steelmon identified that Oscar had a handgun and their belief that Oscar may not speak English resulting in his inability to obey commands, created the circumstances that ultimately led Officer Steelmon to use deadly force."

**GROUNDS FOR OBJECTION NO. 16**

Argumentative.  Legal conclusion. Lacking in foundation.  Fed. R. Evid 602. Mischaracterizes/misstates objective evidence in violation of <u>Scott v. Harris</u>, 550 U.S. 372. 378-81 (2007). Noble's self-serving declaration is belied by the video of the incident. <u>See</u> <u>Scott</u>, supra. Improper opinion testimony. Fed. R. Evid. 701. References matters that are irrelevant.  Fed. R. Evid. 401, 402. Does not establish an element of a claim against Defendants or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). Lacking in foundation and calls for speculation. Fed. R. Evid. 602. Assumes facts not in evidence. Fed. R. Evid. 611.

**COURT'S RULING ON OBJECTION NO. 16**

Dated: _____          SUSTAINED        ____

OVERRULED      ____

-15-

OBJECTIONS TO EVIDENCE AND DECLARATIONS

**OBJECTION NO. 17**

¶ 21 "Police officers are trained that a threat of death or serious bodily injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. The totality of the circumstances includes the officers' tactical conduct leading up to an ultimate use of deadly force."

**GROUNDS FOR OBJECTION NO. 17**

Though the content of the statement is not necessarily contested, paragraph 17 is a legal conclusion and misleading as it states the standard under California law.

**COURT'S RULING ON OBJECTION NO. 17**

Dated: _____          SUSTAINED     ____

                            OVERRULED     ____

**OBJECTION NO. 18**

¶ 23 "An officer's perception that a threat exists is reasonable when the officer has reason to believe that an individual has the ability, opportunity, and intent to cause harm. Ability means the individual's physical capability to cause an identifiable type of harm. Opportunity refers the environment and situation, specifically with regard to the individual's proximity to the potential target or targets. And demonstrable intent refers to the individual's perceived mental state, their apparent desire to cause physical harm the target or targets."

## GROUNDS FOR OBJECTION NO. 18

Paragraph 18 is a legal conclusion and misleading as it partially states the standard under California law and partially misstates the law. Paragraph 18 is also argumentative and lacking in foundation and calling for speculation . Fed. R. Evid 602.

## COURT'S RULING ON OBJECTION NO. 18

Dated: _____          SUSTAINED      ____

                            OVERRULED     ____

## OBJECTION NO. 19

¶ 24 "An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed."

## GROUNDS FOR OBJECTION NO. 19

Though the content of the statement is not necessarily contested, paragraph 24 is a legal conclusion and misleading as it states the standard under California law.

## COURT'S RULING ON OBJECTION NO. 19

Dated: _____          SUSTAINED      ____

                            OVERRULED     ____

-17-

OBJECTIONS TO EVIDENCE AND DECLARATIONS

**OBJECTION NO. 20**

¶ 25 "Here, Officer Steelmon knew that Oscar had been awakened from an unconscious state and that he believed that Oscar was drunk. Officer Steelmon knew that Oscar may not speak English and thus may not be able to follow the officers' commands either due to his inability to understand English or his impaired state. Officer Steelmon acknowledged that he did not see Oscar make any motion as though he was trying to remove the gun from his waistband that would demonstrate his intent, and Oscar did not pull out, raise, or point the gun. Indeed, Officer Steelmon said he used deadly force because, "In my mind, the next motion was the gun was coming out," identifying a possible future threat rather than his actual observations of Oscar's behavior, which is insufficient to support Officer Steelmon's use of deadly force."

**GROUNDS FOR OBJECTION NO. 20**

Argumentative.  Legal conclusion. Lacking in foundation.  Fed. R. Evid 602. Mischaracterizes/misstates objective evidence in violation of <u>Scott v. Harris</u>, 550 U.S. 372. 378-81 (2007). Noble's self-serving declaration is belied by the video of the incident. <u>See</u> <u>Scott</u>, supra. Mischaracterizes/misstates testimony. Improper opinion testimony. Fed. R. Evid. 701. Lacking in foundation and calls for speculation. Fed. R. Evid. 602. Assumes facts not in evidence. Fed. R. Evid. 611.

**COURT'S RULING ON OBJECTION NO. 20**

Dated: _____          SUSTAINED          ____

                            OVERRULED          ____

OBJECTIONS TO EVIDENCE AND DECLARATIONS

**OBJECTION NO. 21**

¶ 26 "Additionally, Officer Steelmon said when Officer Tamate opened the passenger door, he re-deployed to a position of cover near the "B" pillar of the truck, and he was at the "B" pillar when he saw the gun. Officer Steelmon said he moved when Officer Tamate removed Jose Vasquez from the vehicle, but he then returned behind the "B" pillar for cover. Officer Steelmon said if Oscar were to get the weapon, "he would have to turn his entire body to face me, and I still have that 'B' pillar as additional cover," which further supports why the use of deadly force was inappropriate."

**GROUNDS FOR OBJECTION NO. 21**

Argumentative.  Legal conclusion. Lacking in foundation.  Fed. R. Evid 602. Mischaracterizes/misstates objective evidence in violation of Scott v. Harris, 550 U.S. 372. 378-81 (2007). Mischaracterizes/misstates testimony. Improper opinion testimony. Fed. R. Evid. 701. Lacking in foundation and calls for speculation. Fed. R. Evid. 602. Assumes facts not in evidence. Fed. R. Evid. 611.

**COURT'S RULING ON OBJECTION NO. 21**

Dated: _____          SUSTAINED       ____

OVERRULED       ____

**OBJECTION NO. 22**

¶ 27 "Officer Steelmon's position of cover, a position he believed was safer than moving to the police vehicles for cover; the necessity that Oscar, whom he believed was drunk and whom he believed may not speak English, not only draw the handgun from his waistband, but also turn his body to be able to engage officer Steelmon; combined with Officer Steelmon's statement acknowledging that Oscar

-19-

never made any motion as though he was drawing the handgun undermines his claim that Oscar present an imminent threat of death or serious bodily injury."

**GROUNDS FOR OBJECTION NO. 22**

Argumentative.  Legal conclusion. Lacking in foundation.  Fed. R. Evid 602. Mischaracterizes/misstates objective evidence in violation of <u>Scott v. Harris</u>, 550 U.S. 372. 378-81 (2007). Mischaracterizes/misstates testimony. Improper opinion testimony. Fed. R. Evid. 701. Lacking in foundation and calls for speculation. Fed. R. Evid. 602. Assumes facts not in evidence. Fed. R. Evid. 611.

**COURT'S RULING ON OBJECTION NO. 22**

Dated: _____          SUSTAINED      ____

OVERRULED      ____

**OBJECTION NO. 23**

¶ 28 "The foregoing details indicate that at the time officer Stillman fired, Oscar lacked the present ability, opportunity, or a parent intent to immediately cause death or serious bodily injury."

**GROUNDS FOR OBJECTION NO. 23**

Argumentative.  Legal conclusion. Lacking in foundation.  Fed. R. Evid 602. Mischaracterizes/misstates objective evidence in violation of <u>Scott v. Harris</u>, 550 U.S. 372. 378-81 (2007). Mischaracterizes/misstates testimony. Improper opinion testimony. Fed. R. Evid. 701. Lacking in foundation and calls for speculation. Fed. R. Evid. 602. Assumes facts not in evidence. Fed. R. Evid. 611.

OBJECTIONS TO EVIDENCE AND DECLARATIONS

**COURT'S RULING ON OBJECTION NO. 23**

Dated: _____          SUSTAINED      ____

                                              OVERRULED     ____

**OBJECTION NO. 24**

¶ 29 "Officer Steelmon's use of deadly force based on his perception of the possibility of a future harm rather than an immediate threat of death or serious bodily injury was inconsistent with generally accepted police practices and violated law enforcement standards and training."

**GROUNDS FOR OBJECTION NO. 24**

Argumentative. Legal conclusion. Lacking in foundation. Fed. R. Evid 602. Mischaracterizes/misstates objective evidence in violation of Scott v. Harris, 550 U.S. 372. 378-81 (2007). Mischaracterizes/misstates testimony. Misstates/mischaracterizes the law. Improper opinion testimony. Fed. R. Evid. 701. Lacking in foundation and calls for speculation. Fed. R. Evid. 602. Assumes facts not in evidence. Fed. R. Evid. 611.

**COURT'S RULING ON OBJECTION NO. 24**

Dated: _____          SUSTAINED      ____

                                              OVERRULED     ____

-21-

OBJECTIONS TO EVIDENCE AND DECLARATIONS

**OBJECTIONS TO DECLARATION OF BENJAMIN LEVINE**

**OBJECTIONS TO EXHIBIT "6" TO DECLARATION OF LEVINE AUTOPSY AND TOXICOLOGY REPORTS**

**OBJECTION NO. 25**

Steelmon objects to Exhibit "6" in its entirety.

**GROUNDS FOR OBJECTION NO. 25**

Exhibit 6 is wholly irrelevant as it contains information not known to Officer Steelmon at the time force was used against Decedent. Fed. R. Evid. 401, 402. Exhibit 6 does not establish an element of a claim against Steelmon or affect the outcome of the action. Fed. R. Civ. P. 56(c). Exhibit 6 contains multiple levels of hearsay not subject to any exception. Fed. R. Evid. 801, 802. Exhibit 6 lacks foundation and calls for speculation. Fed. R. Evid. 602. Exhibit 6 is not properly authenticated. FED. R. EVID. 901. Exhibit 6 contains improper opinion testimony. Fed. R. Evid. 701. Exhibit 6 assumes facts not in evidence. Fed. R. Evid. 611.

The presence of "intoxication does not reduce the immediate and significant threat a suspect poses." Sok Kong Tr. for Map Kong v. City of Burnsville, 960 F.3d 985, 993 (8th Cir. 2020). To the contrary, these conditions can contribute to the unpredictability of the situation and increase the danger for all involved in a law enforcement encounter. See Marvin v. City of Taylor, 509 F.3d 234, 246 (6th Cir. 2007). "Intoxicated suspects do not enjoy a more lax standard when analyzing excessive force claims." French v. Pierce Cnty., 2024 U.S. Dist. LEXIS 94638, *12 (W.D. WA 2024); see also Salazar-Limon v. City of Houston, 826 F.3d 272, 275 (5th Cir. 2016) [Officer's actions were objectively reasonable considering suspect's "resistance, intoxication, his disregard for [the officer]'s orders" and his

actions "leading up to the shooting (including suddenly *reaching towards his waistband*).] [emphasis in original].

Moreover, Steelmon could not have possibly known Decedent's toxicology results at the time of the shooting. "Thus, under <u>Hayes</u> and <u>Glenn</u>—the latest word from the Ninth Circuit—the Court must exclude this information as irrelevant to the reasonableness of Officer [Steelmon's] conduct." <u>Ruvalcaba v. City of L.A.</u>, 2014 U.S. Dist. LEXIS 126162, *4-5 (C.D. Cal. 2014) *citing* <u>Hayes v. Cnty. of San Diego</u>, 736 F.3d 1223, 1232-33 (9th Cir. 2013) and <u>Glenn v. Wash. Cnty.</u>, 673 F.3d 864, 873 n.8 (9th Cir. 2011).

**COURT'S RULING ON OBJECTION NO. 25**

Dated: _____          SUSTAINED      ____

                             OVERRULED      ____

**OBJECTIONS TO EXHIBIT "7" TO DECLARATION OF LEVINE BOPC AUTOPSY AND TOXICOLOGY REPORTS**

**OBJECTION NO. 26**

Steelmon objects to Exhibit "7" in its entirety.

**GROUNDS FOR OBJECTION NO. 26**

Argumentative. Exhibit 7 does not establish an element of a claim against Steelmon or affect the outcome of the action. Fed. R. Civ. P. 56(c). Exhibit 7 contains multiple levels of hearsay not subject to any exception. Fed. R. Evid. 801, 802. Exhibit 7 lacks foundation and calls for speculation. Fed. R. Evid. 602. Exhibit 7 is not properly authenticated. FED. R. EVID. 901. Exhibit 7 contains improper opinion testimony. Fed. R. Evid. 701. Exhibit 7 assumes facts not in

-23-

evidence. Fed. R. Evid. 611. Does not establish an element of a claim or defense or affect the outcome of the action; therefore, not a material fact. Fed. R. Civ. P. 56(c). A policy violation alone insufficient to create a triable issue of fact as to any claim against Steelmon.

Most importantly, Exhibit 7 is wholly irrelevant. Fed. R. Evid. 401, 402. The correspondence and BOPC findings referenced in Exhibit 7 were not final and, in fact, were overturned on appeal to the LAPD Board of Rights. See Exhibit "J" to Declaration of Rocawich in Support of Reply.

**COURT'S RULING ON OBJECTION NO. 26**

Dated: _____          SUSTAINED      ____

                            OVERRULED      ____


Dated:    March 20, 2025          Respectfully submitted,

                                  JONES MAYER



                                  By:/s/ *Denise Lynch Rocawich*
                                       JAMES R. TOUCHSTONE
                                       DENISE LYNCH ROCAWICH
                                       Attorneys for Sean Steelmon

OBJECTIONS TO EVIDENCE AND DECLARATIONS